**4**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtor(s)
David E Sims

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

IN THE MATTER OF:                    CASE NO. 18-25756-B-13J

SIMS, DAVID E.                       DOCKET CONTROL #:PGM-1
  SS#XXX-XX-2801                     DATE:  OCTOBER 9, 2018
                                     TIME:  1:00 P.M.
                                     DEPT#: B – COURTROOM 32
                                     HONORABLE JUDGE JAIME
_____DEBTOR_____/

**MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO**
**11 U.S.C. 362(c)(3)(B) AS TO ALL CREDITORS**

Debtor, David E Sims, by and through his attorney of record,

Peter G. Macaluso, respectfully moves this court for an Order

Extending the Automatic Stay pursuant to 11 U.S.C. 362(c)(3)(B),

as to all creditors in the above captioned case.

This motion is made pursuant to 11 U.S.C. 362(c)(3)(B) and

Local Bankruptcy Rule 9014-1(f)(2) and based on these moving

papers, the Debtor's declaration, the records and pleadings on

file herein, and upon such other oral and documentary evidence as

may be presented at the hearing on this motion.

//

-1-

**I.    PROCEDURAL HISTORY**

1.    Debtor filed a previous Chapter 13 case, Case #17-20765 on February 7, 2017, which was dismissed on or about July 17, 2018.

2.    The current Chapter 13 case was filed on September 12, 2018.  The instant motion to extend the automatic stay is schedule to be heard before the expiration of the initial 30 day automatic stay, as required by statute (see In re Taylor, 334 B.R. 660 (Bank. D.Minn. 2005)).

3.    The instant motion is being filed within 30 days of the filing of the instant chapter 13 case (see In re Thomas, B.R. 2006 WL 278544).

4.    The Debtor filed a Chapter 13 Plan on September 12, 2018, which plan is confirmable and very likely to successfully complete given the Debtor's income and expenses.  Refer to Exhibit "A" and Exhibit "B" filed herewith.

5.    The current plan provides for Franklin Credit Management Corp. / BOSCO (2nd DOT on Debtor's real property) as a Class 2 claim and Ocwen Loan Servicing (1st DOT on Debtor's real property) as a Class 4 claim.  The payments required are set at $2,200.00 per month for 18 months, a lump sum payment of $205,000.00 from refinance of real property (or amount necessary to pay the claim in full), then $150.00 for 17 months.

**II.    ARGUMENT**

11 U.S.C. 362(c)(3)(A) limits the automatic stay to thirty (30) days after the filing of the later case when the Debtor has

filed one prior case that has been dismissed without prejudice
within the past year.  The Code also allows for the extension of
the automatic stay upon motion fo a party in interest within
thirty (30) days of filing of the most recently filed case.  11
U.S.C. 362(c)(3)(B).  The Code section goes on to explain the
moving party must demonstrate that the most recently filed case
has been filed in good faith.  Id.

In re Sarafoglou, 345 B.R. 19 (Bankr. D. Mass. 2006), sets
out a concise formula to evaluate whether a second bankruptcy
filing was filed in bad faith and therefore not subject to the
extension of the automatic stay.  The factors the Court were to
consider are: (1) whether the case was filed to "obtain
legitimate bankruptcy law protection;" (2) whether the debtor "is
eligible for such protection and relief; (3) whether the debtor
"is pursuing such protection and relief honestly;" and (4)
whether the debtor "has sufficient resources to render the
pursuit meaningfully."

Good cause exists for the granting of the Motion to Extend
Automatic Stay as to all creditors in this case.  The extension
is necessary to protect the Debtor's assets, absent the instant
filing as the Debtor's current case overcomes any presumption of
bad faith.

Based on the aforementioned elements, the instant case was
filed in order to save Debtor's home from foreclosure actions.
The Debtor is a building inspector for the City of El Cerito, has
been employed for more than 2.5 months, has a current gross

-3-

monthly income of $5,766.37, deductions of $2,298.12, and a net monthly income of $3,468.25. The Debtor also receives rent income from his son in the amount of $1,350.00. This results in a combined monthly income of $4,818.25.

Further, Debtor's Schedule I and B22C reflect that he is earning enough wages and money to cover all their necessary obligations in addition to the proposed Chapter 13 plan.  The Debtor reflects reasonable and necessary expenses of approximately $2,618.25, allowing for a monthly plan payment of $2,200.00, the ability to fund the current plan, and obtain a discharge (See <u>In re Charles</u>, 334 B.R. 207, 219 (Bank. S.D.Tex. 2005)).

Lastly, there is no indication that the Debtor engaged in any type of scheme or other operation to abuse the bankruptcy process.

### **III. CONCLUSION**

Although the dismissal of the Debtor's previous case raises the presumption of bad faith, the Debtor asserts that he has satisfactorily shown that the instant case was filed in good faith, and that there is sufficient justification to extend the automatic stay as to all creditors.

WHEREFORE, Debtor prays that this Court issue its Order Extending the Automatic Stay as to all creditors in the above captioned case.

Date: September 24, 2018       **/s/ Peter G. Macaluso**
                            Peter G. Macaluso, Attorney at Law

-4-