Kristin Zilberstein, Esq. (200041)
Jennifer R. Bergh, Esq. (305219)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010
Fax:  (949) 427-2732
Email: jbergh@ghidottilaw.com

Attorneys for Creditor
Bosco Credit II, LLC, its successors and assigns

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.:  18-21661 |
| Gerardo Yanez Lara and  Norma Lydia Camarena | Chapter 13 |
| Debtors. | OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED PLAN |
| | 341(a) Hearing |
| | DATE:  May 9, 2018 |
| | TIME:  11:30 a.m. |
| | Confirmation Hearing |
| | DATE:  June 5, 2018 |
| | TIME:  10:00 a.m. |
| | CTRM: 34 |
| | PLACE: U.S. Bankruptcy Court |
| | 501 I Street |
| | Sacramento, CA 95814 |
| | Property: 2712 Espana Lane |
| | Modesto, California  95355 |
| | Honorable Robert S. Bardwil |

/ / /

1

TO THE HONORABLE ROBERT S. BARDWIL, UNITED STATES BANKRUPTCY JUDGE,

THE DEBTORS, THEIR ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE,

RUSSELL D. GREER:

Bosco Credit II, LLC, ("**Creditor**"), a secured creditor of Gerardo Yanez Lara and

Norma Lydia Camarena (the "**Debtors**"), hereby objects to the confirmation of Debtors' Chapter

13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter

13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a deed of trust on the Debtors' real  property commonly

described as 2712 Espana Lane, Modesto, CA 95355 (the "**Property**"), which is Debtors'

principal residence.

**I**

**STATEMENT OF FACTS**

1.   On or about March 12, 2007,  Debtors, for valuable consideration, made, executed and

delivered to Decision One Mortgage Company, LLC, a Note (the "**Note**") with an original

principal balance in the amount of 107,367.00, and a maturity date of March 20, 2022 (the

"**Loan**").

2.   Said Note is secured by a Deed of Trust ("**Deed of Trust**"), which encumbers

the Property dated March 12, 2007 and recorded on March 16, 2007, as Document No.:

2007-0034546-00 in the Official Records of Stanislaus County, California, in favor of Decision

One Mortgage Company, LLC, as the Beneficiary.

3.   Thereafter all beneficial interests in the Deed of Trust were assigned by Assignment of

Deed of Trust to Creditor.

4.   Creditor holds all right, title and interest in the Note and Deed of Trust.

5.  On or about March 22, 2018, Debtors filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of California, Case No.: 18-21661 (the "**Instant Petition**").

6.  On March 22, 2018, Debtor filed a Chapter 13 Plan in which Debtor provides for Creditor as a Class 4 Claim.  Debtor proposes to cure Creditor's arrears in the amount of $84,000.00 and maintain the post-petition monthly mortgage payment.

7.  Creditor's Loan matures on March 20, 2022.

8.  The total amount owed to Creditor as of the Petition date is no less than approximately $175,476.66 as is reflected on Creditor's Proof of Claim, attached hereto as **Exhibit "A"**.

## II

### ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court.  Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A. IMPERMISSIBLY MODIFIES CREDITOR'S RIGHTS**
11 U.S.C. §1322(b)(2)

The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is Debtor's principal residence in violation of 11U.S.C. §1322(b)(2) by modifying Creditor's Contract by extending the maturity date of the loan past the maturity date. Creditor's loan matures on March 20, 2002, which is less than sixty (60) months after the Plan payments commence.  Debtor purports a Plan in which Debtor will cure Creditor's Arrears in the amount of $84,000.00 and will maintain the current post petition payment.  This will result in payments to Creditor in the amount of $84,000.00 in addition to approximately $55,773.60 in post-petition payments.  This is insufficient to cure the total claim of Creditor through the

Chapter 13 Plan. The failure to cure the entire claim is a modification of Creditor's debt by extending the maturity date, beyond that which is permitted by the Bankruptcy Code.   Debtor's must treat Creditor's claim as a total debt claim and begin making the total debt payment instantly.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

      a.     The Plan be denied confirmation and the case be dismissed.

DATED:  April 23, 2018          THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Kristin Zilberstein, Esq.
        Kristin Zilberstein, Esq.
        Attorneys for Creditor: Bosco Credit II, LLC

# EXHIBIT "A"

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Gerardo Yanez Lara |
| Debtor 2 (Spouse, if filing) | Norma Lydia Camarena |
| United States Bankruptcy Court for the: | Eastern District of California |
| Case number | 18-21661 |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes.  From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Franklin Credit Management Corporation <br> Name <br><br> PO Box 2301 <br> Number          Street <br><br> Jersey City          NJ          07303-2301 <br> City          State          ZIP Code <br><br> Contact phone 800-255-5897 <br><br> Contact email bk.info@franklincredit.com | **Where should payments to the creditor be sent?** (if different) <br><br> Franklin Credit Management Corporation <br> Name <br><br> PO Box 829629 <br> Number          Street <br><br> Philadelphia          PA          19182-9629 <br> City          State          ZIP Code <br><br> Contact phone 800-255-5897 <br><br> Contact email bk.info@franklincredit.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

| 4. Does this claim amend one already filed? | ☐ No <br> ☑ Yes.  Claim number on court claims registry (if known) __2__     Filed on 04/18/2018 <br> MM / DD / YYYY |
|---|---|
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 6  0  7  2

---

**7. How much is the claim?**    $ _____175,476.66_   **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle

    ☐ Other. Describe:    2712 Espana Lane, Modesto, CA 95355

    **Basis for perfection:**    Recorded Deed of Trust

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**    $ _____

    **Amount of the claim that is secured:**    $ ___175,476.66_

    **Amount of the claim that is unsecured:**    $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**    $ _____175,476.66_

    **Annual Interest Rate** (when case was filed) 9.840 %

    ☑ Fixed

    ☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ _____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it.
FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/24/2018
　　　　　　　　　　 MM / DD / YYYY

/s/ Kristin A. Zilberstein
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Kristin A. Zilberstein, Esq. |
| | First name          Middle name          Last name |
| Title | Authorized Agent for Creditor |
| Company | The Law Offices of Michelle Ghidotti |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 1920 Old Tustin Ave. |
| | Number          Street |
| | Santa Ana          CA          92705 |
| | City          State          ZIP Code |
| Contact phone | 949-427-2010 |
| Email | kzilberstein@ghidottilaw.com |

## Mortgage Proof of Claim Attachment

**(12/15)**

If you claim a secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | | Part 3: Arrearages as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|
| Case number: 18-21661 | Principal balance: | $104,044.80 | Principal & interest due: | $170,648.06 | Principal & interest: | **Full Balance Claim** |
| Debtor 1: Gerardo Yanez Lara | Interest due: | $66,603.26 | Prepetition fees due: | $4,828.60 | Monthly escrow: | |
| Debtor 2: Norma Lydia Camarena | Fees, costs due: | $4,828.60 | Escrow deficiency for funds | | Private mortgage | |
| Last 4 digits to Identify: 6072 | Escrow deficiency for | | advanced: | $0.00 | insurance: | |
| Creditor: Deutsche Bank National Trust Company, … | funds advanced: | $0.00 | Projected escrow shortage: | $0.00 | Total monthly | |
| Servicer: Franklin Credit Management Corporation | Less total funds on hand: | $0.00 | Less funds on hand: | $0.00 | payment: | $0.00 |
| | Total Debt: | $175,476.66 | Total prepetition arrearage: | $175,476.66 | | |
| Fixed accrual/daily simple interest/other:   Fixed accrual | | | | | | |

### Part 5: Loan Payment History from First Date of Default

| | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual Payment Amount | **C.** Funds Received | **D.** Amount Incurred | **E.** Description | **F.** Contractual Due Date | **G.** Prin, int & Esc past due balance | **H.** Amount to principal | **I.** Amount to Interest | **J.** Amount to escrow | **K.** Amount to fees or charges | **L.** Unapplied funds | **M.** Principal balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees/ Charges balance | **Q.** Unapplied funds balance |
| 6/20/11 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $929.56 | | | | | | $104,344.21 | | | $55.77 | |
| 7/1/11 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $111.54 | |
| 7/20/11 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $1,859.12 | | | | | | $104,344.21 | | | | |
| 8/2/11 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $167.31 | |
| 8/20/11 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $2,788.68 | | | | | | $104,344.21 | | | | |
| 8/31/11 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $223.08 | |
| 9/20/11 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $3,718.24 | | | | | | $104,344.21 | | | | |
| 10/3/11 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $278.85 | |
| 10/20/11 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $4,647.80 | | | | | | $104,344.21 | | | | |
| 11/1/11 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $334.62 | |
| 11/20/11 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $5,577.36 | | | | | | $104,344.21 | | | | |
| 12/1/11 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $390.39 | |
| 12/20/11 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $6,506.92 | | | | | | $104,344.21 | | | | |
| 1/2/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $446.16 | |
| 1/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $7,436.48 | | | | | | $104,344.21 | | | | |
| 1/31/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $501.93 | |
| 2/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $8,366.04 | | | | | | $104,344.21 | | | | |
| 3/2/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $557.70 | |
| 3/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $9,295.60 | | | | | | $104,344.21 | | | | |
| 4/2/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $613.47 | |
| 4/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $10,225.16 | | | | | | $104,344.21 | | | | |
| 5/1/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $669.24 | |
| 5/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $11,154.72 | | | | | | $104,344.21 | | | | |
| 5/31/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $725.01 | |
| 6/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $12,084.28 | | | | | | $104,344.21 | | | | |
| 7/3/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $780.78 | |
| 7/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $13,013.84 | | | | | | $104,344.21 | | | | |
| 7/31/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | | | | $104,344.21 | | | $836.55 | |

| Date | Amt | Amt | Type Amt | Type | Date | Amount | | | Balance | Far Right |
|---|---|---|---|---|---|---|---|---|---|---|
| 8/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $13,943.40 | | | $104,344.21 | |
| 8/31/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | $104,344.21 | $892.32 |
| 9/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $14,872.96 | | | $104,344.21 | |
| 10/2/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | $104,344.21 | $948.09 |
| 10/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 6/20/11 | $15,802.52 | | | $104,344.21 | |
| 10/31/12 | $929.56 | | $55.77 | Late Charge | 6/20/11 | | | | $104,344.21 | $1,003.86 |
| 11/15/12 | $929.56 | $929.56 | | Pmt Received | 6/20/11 | $14,872.96 | $73.94 | $855.62 | $104,270.27 | |
| 11/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 7/20/11 | $15,802.52 | | | $104,270.27 | |
| 11/15/12 | $929.56 | | $55.77 | Late Charge | 7/20/11 | | | | $104,270.27 | $1,059.63 |
| 12/20/12 | $929.56 | | $929.56 | Mortgage Pmt | 7/20/11 | $16,732.08 | | | $104,270.27 | |
| 12/27/12 | $929.56 | $929.56 | | Pmt Received | 7/20/11 | $15,802.52 | $74.54 | $855.02 | $104,195.73 | |
| 1/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 8/20/11 | $16,732.08 | | | $104,195.73 | |
| 1/31/13 | $929.56 | | $55.77 | Late Charge | 8/20/11 | | | | $104,195.73 | $1,115.40 |
| 2/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 8/20/11 | $17,661.64 | | | $104,195.73 | |
| 3/5/13 | $929.56 | | $55.77 | Late Charge | 8/20/11 | | | | $104,195.73 | $1,171.17 |
| 3/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 8/20/11 | $18,591.20 | | | $104,195.73 | |
| 4/2/13 | $929.56 | | $55.77 | Late Charge | 8/20/11 | | | | $104,195.73 | $1,226.94 |
| 4/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 8/20/11 | $19,520.76 | | | $104,195.73 | |
| 5/1/13 | $929.56 | | $55.77 | Late Charge | 8/20/11 | | | | $104,195.73 | $1,282.71 |
| 5/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 8/20/11 | $20,450.32 | | | $104,195.73 | |
| 5/21/13 | $929.56 | $929.56 | | Pmt Received | 8/20/11 | $19,520.76 | $75.16 | $854.40 | $104,120.57 | |
| 6/6/13 | $929.56 | $929.56 | | Pmt Received | 9/20/11 | $18,591.20 | $75.77 | $853.79 | $104,044.80 | |
| 6/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $19,520.76 | | | $104,044.80 | |
| 7/2/13 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,338.48 |
| 7/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $20,450.32 | | | $104,044.80 | |
| 7/31/13 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,394.25 |
| 8/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $21,379.88 | | | $104,044.80 | |
| 9/2/13 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,450.02 |
| 9/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $22,309.44 | | | $104,044.80 | |
| 10/1/13 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,505.79 |
| 10/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $23,239.00 | | | $104,044.80 | |
| 10/31/13 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,561.56 |
| 11/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $24,168.56 | | | $104,044.80 | |
| 12/3/13 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,617.33 |
| 12/20/13 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $25,098.12 | | | $104,044.80 | |
| 12/31/13 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,673.10 |
| 1/20/14 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $26,027.68 | | | $104,044.80 | |
| 1/31/14 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,728.87 |
| 2/20/14 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $26,957.24 | | | $104,044.80 | |
| 3/4/14 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,784.64 |
| 3/20/14 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $27,886.80 | | | $104,044.80 | |
| 4/1/14 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,840.41 |
| 4/20/14 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $28,816.36 | | | $104,044.80 | |
| 5/1/14 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,896.18 |
| 5/20/14 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $29,745.92 | | | $104,044.80 | |
| 6/2/14 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $1,951.95 |
| 6/20/14 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $30,675.48 | | | $104,044.80 | |
| 7/1/14 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $2,007.72 |
| 7/20/14 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $31,605.04 | | | $104,044.80 | |
| 7/31/14 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | $104,044.80 | $2,063.49 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/20/14 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $32,534.60 | | | | | $104,044.80 | | |
| 9/2/14 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,119.26 |
| 9/20/14 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $33,464.16 | | | | | $104,044.80 | | |
| 10/1/14 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,175.03 |
| 10/20/14 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $34,393.72 | | | | | $104,044.80 | | |
| 10/31/14 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,230.80 |
| 11/20/14 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $35,323.28 | | | | | $104,044.80 | | |
| 12/2/14 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,286.57 |
| 12/20/14 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $36,252.84 | | | | | $104,044.80 | | |
| 12/31/14 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,342.34 |
| 1/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $37,182.40 | | | | | $104,044.80 | | |
| 2/2/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,398.11 |
| 2/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $38,111.96 | | | | | $104,044.80 | | |
| 3/3/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,453.88 |
| 3/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $39,041.52 | | | | | $104,044.80 | | |
| 3/31/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,509.65 |
| 4/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $39,971.08 | | | | | $104,044.80 | | |
| 5/1/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,565.42 |
| 5/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $40,900.64 | | | | | $104,044.80 | | |
| 6/2/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,621.19 |
| 6/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $41,830.20 | | | | | $104,044.80 | | |
| 7/1/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,676.96 |
| 7/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $42,759.76 | | | | | $104,044.80 | | |
| 7/31/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,732.73 |
| 8/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $43,689.32 | | | | | $104,044.80 | | |
| 9/1/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,788.50 |
| 9/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $44,618.88 | | | | | $104,044.80 | | |
| 10/1/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,844.27 |
| 10/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $45,548.44 | | | | | $104,044.80 | | |
| 11/2/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,900.04 |
| 11/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $46,478.00 | | | | | $104,044.80 | | |
| 12/1/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $2,955.81 |
| 12/20/15 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $47,407.56 | | | | | $104,044.80 | | |
| 12/31/15 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,011.58 |
| 1/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $48,337.12 | | | | | $104,044.80 | | |
| 2/2/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,067.35 |
| 2/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $49,266.68 | | | | | $104,044.80 | | |
| 3/2/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,123.12 |
| 3/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $50,196.24 | | | | | $104,044.80 | | |
| 3/31/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,178.89 |
| 4/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $51,125.80 | | | | | $104,044.80 | | |
| 5/3/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,234.66 |
| 5/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $52,055.36 | | | | | $104,044.80 | | |
| 5/31/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,290.43 |
| 6/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $52,984.92 | | | | | $104,044.80 | | |
| 7/1/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $346.20 |
| 7/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $53,914.48 | | | | | $104,044.80 | | |
| 8/2/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,401.97 |
| 8/20/16 | $929.56 | | $929.56 Mortgage Pmt | 10/20/11 | $54,844.04 | | | | | $104,044.80 | | |
| 8/31/16 | $929.56 | | $55.77 Late Charge | 10/20/11 | | | | | | $104,044.80 | | $3,457.74 |

| Date | Amount | | Amount | Desc | Date | Amount | | | | | | Amount | | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/20/16 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $55,773.60 | | | | | | $104,044.80 | | |
| 10/3/16 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,513.51 |
| 10/20/16 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $56,703.16 | | | | | | $104,044.80 | | |
| 11/1/16 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,569.28 |
| 11/20/16 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $57,632.72 | | | | | | $104,044.80 | | |
| 12/1/16 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,625.05 |
| 12/20/16 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $58,562.28 | | | | | | $104,044.80 | | |
| 1/2/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,680.82 |
| 1/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $59,491.84 | | | | | | $104,044.80 | | |
| 1/31/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,736.59 |
| 2/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $60,421.40 | | | | | | $104,044.80 | | |
| 3/3/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,792.36 |
| 3/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $61,350.96 | | | | | | $104,044.80 | | |
| 3/31/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,848.13 |
| 4/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $62,280.52 | | | | | | $104,044.80 | | |
| 5/2/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,903.90 |
| 5/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $63,210.08 | | | | | | $104,044.80 | | |
| 5/31/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $3,959.67 |
| 6/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $64,139.64 | | | | | | $104,044.80 | | |
| 7/3/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,015.44 |
| 7/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $65,069.20 | | | | | | $104,044.80 | | |
| 8/1/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,071.21 |
| 8/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $65,998.76 | | | | | | $104,044.80 | | |
| 8/31/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,126.98 |
| 9/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $66,928.32 | | | | | | $104,044.80 | | |
| 10/3/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,182.75 |
| 10/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $67,857.88 | | | | | | $104,044.80 | | |
| 10/31/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,238.52 |
| 11/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $68,787.44 | | | | | | $104,044.80 | | |
| 12/1/17 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,294.29 |
| 12/20/17 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $69,717.00 | | | | | | $104,044.80 | | |
| 1/2/18 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,350.06 |
| 1/20/18 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $70,646.56 | | | | | | $104,044.80 | | |
| 1/31/18 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,405.83 |
| 2/20/18 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $71,576.12 | | | | | | $104,044.80 | | |
| 2/22/18 | $929.56 | | $367.00 | FCL Legal Fee | 10/20/11 | | | | | | | $104,044.80 | | $4,772.83 |
| 3/5/18 | $929.56 | | $55.77 | Late Charge | 10/20/11 | | | | | | | $104,044.80 | | $4,828.60 |
| 3/20/18 | $929.56 | | $929.56 | Mortgage Pmt | 10/20/11 | $72,505.68 | | | | | | $104,044.80 | | |

# NOTE

Loan Number REDACTED

MARCH 12, 2007 .................                    MODESTO ........................., California
                                                                    *City*

2712 ESPANA LANE, MODESTO, CALIFORNIA 95355 ....................................................
*Property Address*                                   *City*                          *State*                  *Zip Code*

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$107,367.00** (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **Decision One Mortgage Company, LLC.** I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of **9.84%**.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. **$929.56**.

I will make my monthly payments on the **20TH** day of each month beginning on **APRIL 20, 2007**. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on **MARCH 20, 2022**, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at **3023 HSBC Way, Fort Mill, South Carolina 29715** or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of **TEN** calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be **6.0 %** of my overdue payment, but not less than U.S.$**5.00** and not more than U.S.$ **N/A** . I will pay this late charge only once on any late payment.

### (B) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

### (C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

**CALIFORNIA --Second Mortgage--FNMA UNIFORM INSTRUMENT**                    **Form 3905 6/84** *(page 1 of 2 pages)*




I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payments of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note, will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) ia also obligated to keep all of the promises made in this Note.

### NOTICE TO BORROWER

**Do not sign this Note if it contains blank spaces.**
**All spaces should be completed before you sign.**

...Norma Camarena...............(Seal)
**NORMA CAMARENA**                                     -Borrower

.....................................................(Seal)
**GERARDO LARA**                                        -Borrower

.....................................................(Seal)
                                                       -Borrower

.....................................................(Seal)
                                                       -Borrower
                                         *[Sign Original Only]*

PAY TO THE ORDER OF

WITHOUT RECOURSE

DECISION ONE MORTGAGE COMPANY, LLC

BY:

Keisha Ferguson
Asst. Secretary

Form 3905  6/84  *(page 2 of 2 pages)*

# PREPAYMENT RIDER TO NOTE

THIS PREPAYMENT RIDER is made this    **12TH**    day of    **MARCH**   , **2007**  , and is incorporated into and shall be deemed to amend and supplement the Note of the same date given by the undersigned (the "Borrower") in favor of **Decision One Mortgage Company, LLC** (the "Lender").

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a partial prepayment without paying any prepayment charge. If I make a full prepayment within 2 year(s) of the date of this Note, I agree to pay a prepayment charge of 6 months advance interest on the amount prepaid in excess of 20% of the original loan amount. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Prepayment Rider.

_____ (Seal)
**NORMA CAMARENA**      -Borrower

_____ (Seal)
**GERARDO LARA**      -Borrower

_____ (Seal)
     -Borrower

X

CALIFORNIA PREPAYMENT RIDER - FIXED RATE, SECOND MORTGAGE

REDACTED

## BALLOON PAYMENT RIDER TO NOTE

THIS BALLOON PAYMENT RIDER ("Rider") is made this **12TH** day of **MARCH, 2007**, and amends a Note in the amount of **$107,367.00** (the "Note") made by the person(s) who sign below ("Borrower") to **DECISION ONE MORTGAGE COMPANY, LLC** ("Lender").

**"THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER."**

At least ninety (90) but not more than one hundred twenty (120) days prior to the Maturity Date, Lender must send Borrower a notice which states the Maturity Date and the amount of the "balloon payment" (which is the entire unpaid principal balance of loan and interest then due) which will be due on the Maturity Date (assuming all scheduled payments due between the date of the notice and the Maturity Date are made on time.)

_____　　　_Norma Camarena_____(Seal)
Witness　　　　　　　　　　　　**NORMA CAMARENA**　　　　　-Borrower

_____　　　_____(Seal)
Witness　　　　　　　　　　　　**GERARDO LARA**　　　　　　-Borrower

_____　　　_____(Seal)
Witness　　　　　　　　　　　　　　　　　　　　　　　　-Borrower





Stanislaus, County Recorder
Lee Lundrigan Co Recorder Office
**DOC- 2007-0034546-00**
Acct 403-Mail Documents
Friday, MAR 16, 2007 09:42:51
Ttl Pd   $30.00          Nbr-0002291774
                                   OAW/R3/1-8

When Recorded Mail To:
Decision One Mortgage Company, LLC
3023 HSBC Way
Fort Mill, South Carolina  29715

——————————— [Space Above This Line For Recording Data] ———————————

## DEED OF TRUST  REDACTED

THIS DEED OF TRUST is made this ....**12TH**............ day of .................**MARCH, 2007**                ,
among the Trustor **NORMA CAMARENA, and GERARDO LARA, WIFE AND HUSBAND** (herein
"Borrower"), **COMMERCE TITLE, 2828 N. HARWOOD STREET, DALLAS, TEXAS 75201** (herein
"Trustee"), and the Beneficiary, **Mortgage Electronic Registration Systems, Inc.** (herein "MERS"). MERS
is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.
MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O.
Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. The Lender is **Decision One Mortgage Company,
LLC,** a corporation organized and existing under the laws of **NORTH CAROLINA,** whose address is **3023
HSBC WAY, FORT MILL, SOUTH CAROLINA 29715** (herein "Lender").

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's
successors and assigns) and the successors and assigns of MERS. Borrower, in consideration of the
indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in
trust, with power of sale, the following described property located in the County of **STANISLAUS**, State
of California:

**SEE ATTACHED SCHEDULE "A"**

which has the address of  **2712 ESPANA LANE, MODESTO,**

California  **95355**   [Zip Code]  (herein "Property Address");              [Street, City] ,

TOGETHER with all the improvements now or hereafter erected on the property, and all easements,
rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to
collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered
by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this



**CALIFORNIA**-SECOND MORTGAGE- 1/80-**FNMA/FHLMC UNIFORM INSTRUMENT**          **Form 3805**
*(page 1 of 7 pages)*



Deed of Trust is on a leasehold) are hereinafter referred to as the "Property"; Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **MARCH 12, 2007** and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. **$107,367.00** with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **MARCH 20, 2022**; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performances of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**Form 3805**   *(page 2 of 7 pages)*



**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**Form 3805**    *(page 3 of 7 pages)*



**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**



If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in such county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**Form 3805**     *(page 5 of 7 pages)*



**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligation.** Lender may collect a fee not to exceed $60 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGE OR DEEDS OF TRUST**

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded _____, _____, in Book _____, Page _____, records of **STANISLAUS** County, (or filed for record with recorder's serial number _____, **STANISLAUS** County, California, executed by **NORMA CAMARENA, and GERARDO LARA, WIFE AND HUSBAND** as trustor (or mortgagor) in which **Decision One Mortgage Company, LLC** is named as beneficiary (or mortgagee) and **COMMERCE TITLE, 2828 N. HARWOOD STREET, DALLAS, TEXAS 75201** as trustee be mailed to **DECISION ONE MORTGAGE COMPANY, LLC at 3023 HSBC WAY, FORT MILL, SOUTH CAROLINA 29715.**

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

Signature: _Norma Camarena_
NORMA CAMARENA

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_Norma Camarena_
**NORMA CAMARENA**     -Borrower

**GERARDO LARA**     -Borrower

      -Borrower       -Borrower

**Form 3805**  *(page 6 of 7 pages)*



STATE OF CALIFORNIA,                County ss: _Stanislaus_

On ___03/12/07___ before me _Alison M Hartsgrove, Notary Public_
personally appeared **NORMA CAMARENA, and GERARDO LARA, WIFE AND HUSBAND,** personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



Signature _____

_Alison M Hartsgrove_
Name (type or printed)

My Commission expires: _01/07/10_

## REQUEST FOR RECONVEYANCE

TO TRUSTEE:
     The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes,
together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby
directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey,
without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally
entitled thereto.

Dated:_____          _____

**Form 3805**   *(page 7 of 7 pages)*



## Exhibit "A"

Lot 29 in Block 11089 of Hacienda Del Sol Unit No. 2 according to the Official Map thereof, filed in the Office of the Recorder of Stanislaus County, California on November 5, 2005, in Volume 42 of Maps at Page 79.

Exhibit "A" Page1

APN: 077-064-024
Recording requested by:

**First American Mortgage Solutions**

When recorded mail to:

Franklin Credit
Bosco Credit LLC
c/o Franklin Credit Management Corp
101 Hudson St., 25th Floor
Jersey City, NJ 07302

REDACTED

Stanislaus, County Recorder
Lee Lundrigan Co Recorder Office
**DOC- 2017-0075984-00**
Acct 403-Mail Documents
Monday, OCT 16, 2017 08:39:32
Ttl Pd    $17.00    Rcpt # 0004035409
               OJC/R3/1-1

Space above this line for recorders use

## Assignment of Deed of Trust

For value received, the undersigned hereby grants, assigns, and transfers to **Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1**

All beneficial interest and all rights accrued or to accrue under that certain Deed of Trust dated **3/12/2007** executed by **NORMA CAMARENA AND GERARDO LARA, WIFE AND HUSBAND**, as Trustor(s) to **COMMERCE TITLE**, as Trustee and recorded as Instrument No. **2007-0034546-00**, on **3/16/2007**, of Official Records in the office of the County Recorder of **STANISLAUS** County, **CA**, that secures the underlying promissory note.

Dated: 10/9/2017

                               MORTGAGE ELECTRONIC
                               REGISTRATION SYSTEMS, INC. (MERS) AS
                               NOMINEE FOR DECISION ONE MORTGAGE
                               COMPANY, LLC ITS SUCCESSORS AND
                               ASSIGNS

State of:   NJ          )
                        ) ss     By: Glenn Murphy
County of:   HUDSON    )      Its: Assistant Secretary

On 10/9/2017 before me, **MELISSA OLIVERA** the undersigned Notary Public, personally appeared **GLENN MURPHY, ASST. SEC** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _____ (Seal)



                  **MELISSA OLIVERA**
                    NOTARY PUBLIC
                  STATE OF NEW JERSEY
                    ID # 50020649
         MY COMMISSION EXPIRES AUG. 4, 2020

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
Kristin A. Zilberstein (SBN 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottilaw.com

Attorney for Creditor
Deutsche Bank National Trust Company, as Certificate
Trustee on Behalf of Bosco Credit II Trust Series 2010-1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | ) CASE NO.: 18-21661 |
| | ) |
| Gerardo Yanez Lara and Norma Lydia Camarena, | ) CHAPTER 13 |
| | ) |
| Debtors. | ) **CERTIFICATE OF SERVICE** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

be deposited with the United States Postal Service the same day of deposit in the ordinary

course of business.

On April 24, 2018 I served the following documents described as:

- **AMENDED PROOF OF CLAIM**

on the interested parties in this action by placing a true and correct copy thereof in a sealed

envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Chapter 13 Trustee** |
|---|---|
| Gerardo Yanez Lara | Russell D. Greer |
| 2712 Espana Lane | PO Box 3051 |
| Modesto, CA 95355 | Modesto, CA 95353-3051 |
| **Joint Debtor** | **U.S. Trustee** |
| Norma Lydia Camarena | Office of the U.S. Trustee |
| 2712 Espana Lane | Robert T Matsui United States Courthouse |
| Modesto, CA 95355 | 501 I Street, Room 7-500 |
|  | Sacramento, CA 95814 |
| **Debtor's Counsel** |  |
| Charles L. Hastings |  |
| 4568 Feather River Dr #A |  |
| Stockton, CA 95219 |  |

_xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on April 24, 2018 at Santa Ana, California

_/s / Jeremy Romero_
Jeremy Romero

CERTIFICATE OF SERVICE