# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

---

**Case Title:** John Anthony Crisco      **Case No.:** 18-10884 - A - 7
                                         **Docket Control No.** MRG-1
                                         **Date:** 06/27/2018
                                         **Time:** 9:00 AM

**Matter:** [14] - Motion for Relief from Automatic Stay [MRG-1] Filed by Creditor Grow Financial Federal Credit Union (Fee Paid $181) (eFilingID: 6288486) (mpem)

**Judge:** Fredrick E. Clement
**Courtroom Deputy:** Lisamarie Tristan
**Reporter:** Not Recorded
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

### CIVIL MINUTES

**Motion:** Stay Relief
**Notice:** LBR 9014-1(f)(1); written opposition required
**Disposition:** Granted in part, denied in part as moot
**Order:** Civil minute order

**Subject:** 2015 Kia Cadenza

Unopposed motions are subject to the rules of default. Fed. R. Civ. P. 55, *incorporated by* Fed. R. Bankr. P. 7055, 9014(c). Written opposition to this motion was required not less than 14 days before the hearing on this motion. LBR 9014-1(f)(1)(B). None has been filed. The default of the responding party is entered. The court considers the record, accepting well-pleaded facts as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**AS TO DEBTOR**

The motion will be denied in part as moot to the extent it seeks stay relief as to the debtor. The stay that protects the debtor terminates at the entry of discharge. 11 U.S.C. § 362(c)(2). In this case,

discharge has been entered. As a result, the motion will be denied in part as moot as to the debtor.

**AS TO ESTATE**

Section 362(d)(2) authorizes stay relief if the debtor lacks equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Chapter 7 is a mechanism for liquidation, not reorganization, and, therefore, property of the estate is never necessary for reorganization. *In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66 (B.A.P. 9th Cir. 1982). In this case, the aggregate amount due all liens exceeds the value of the collateral and the debtor has no equity in the property. The motion will be granted, and the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) will be waived. No other relief will be awarded.