KRISTIN ZILBERSTEIN, ESQ. SBN 200041
JENNIFER R. BERGH, ESQ. SBN 305219
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
Email: Kzilberstein@ghidottilaw.com

Attorneys for Respondent
Bridgecrest Credit Company, LLC, its successors and assigns

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Shannon Stacie Williams and Ty Allen Williams | CASE NO.: 18-13805<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF DEBTORS' PLAN<br><br>Hearing Date: December 13, 2018<br>Hearing Time: 9:00 a.m.<br>Place: US Bankruptcy Court<br>     510 19th Street<br>     Bakersfield, CA 93301 |

/ / /

/ / /

1

## OBJECTION TO CHAPTER 13 PLAN

TO THE HONORABLE JUDGE RENE LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, MICHAEL H. MEYER:

Bridgecrest Credit Company, LLC, ("**Creditor**"), a secured creditor of the above-named Debtor hereby objects to the confirmation of Debtors' Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a purchase money security interest in a 2015 Volkswagen Jetta bearing the VIN: 3VW4T7AJ8FM349161 (the "**Vehicle**").

## I

## STATEMENT OF FACTS

1. On or about February 17, 2017, Ty Allen Williams (the "**Debtor**") entered into the Contract With Creditor. The proceeds of the Contract were used to purchase the Vehicle. The Vehicle was purchased for personal use less than 910 days before the Instant Petition was filed and the vehicle is not subject to cram down.

2. The Contract is secured by a Lien on a vehicle described as a 2015 Volkswagen Jetta bearing the VIN: 3VW4T7AJ8FM349161 (the "**Vehicle**"). A true and correct copy of the Contract is attached hereto as **Exhibit "A"** and is incorporated herein. A true and correct copy of the Lien and Title Information Report is attached to the Motion as **Exhibit "B".**

3. On September 19, 2018, Ty Allen Williams and Shannon Stacie Williams (the

"**Debtors**") filed a Chapter 13 Petition in the Eastern District of California, Petition No.: 18-13805 (the "**Instant Petition**").

4. The Vehicle was purchased, for personal use, on February 17, 2017, less than 910 days before the Instant Petition was filed.

5. The total owed to Creditor totals no less than $22,085.37.

6. Debtor intends to cram Creditor's Claim down to $21,377.25.

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A. CREDITOR'S CLAIM IS A 910-DAY CLAIM**:

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor. Even if the Vehicle were part of the Bankruptcy Estate, pursuant to Section 1325(b)(5), a claim secured by a purchase money security interest in a motor vehicle and incurred within 910 days of the commencement of the bankruptcy case is classified as a 910-day claim. Debtor purchased the Vehicle on February 17, 2017, less than 910 days before the Instant Petition was filed and thus Creditor's Claim is not subject to cram down. The Debtor's Vehicle was purchased for personal use pursuant to the

Contract attached as **<u>Exhibit A</u>**. Therefore, Creditor's Claim is no subject to cram down.

Creditor is entitled to full payment of its claim in the amount of $22,085.37.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

    a.    The Plan be denied confirmation and the case be dismissed.

DATED: November 19, 2018    THE LAW OFFICES OF MICHELLE GHIDOTTI

By: <u>/s/ Jennifer R. Bergh Esq.</u>
    Jennifer R. Bergh, Esq.
    Attorney for Creditor Bridgecrest Credit Company, LLC

# EXHIBIT "A"

**REPRINT DATE:** 02/17/2018
**SALES DATE:** 02/17/2018

## CONDITIONAL SALE CONTRACT AND SECURITY AGREEMENT

| Buyer (and Co-Buyer) Name and Address | Dealer/Creditor Name and Address |
|---|---|
| Ty Allen Williams<br><br>725 shop street<br><br>Olancha, CA 93549- | DRIVETIME CARSALES COMPANY LLC<br>BAKERSFIELD<br>3737 MING AVE<br>BAKERSFIELD, CA 93309-5001 |

You, the Buyer (and Co-Buyer, if any) shown above, agree to buy the motor vehicle described below (the "Vehicle") on credit subject to the terms and conditions of this contract and security agreement (the "Contract"). By signing below, you represent that you have been quoted only one cash price for the Vehicle. "We", "us" and "our" refer to the Dealer shown above.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2015 Volkswagen | Jetta | 3VW4T7AJ8FM349161 | [X] Personal  [ ] Agricultural<br>[ ] Business |
| Trade-In: | Year | Make | | Model |

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,000.00 |
|---|---|---|---|---|
| 9.034 % | $ 6,580.32 | $ 22,035.95 | $ 28,616.27 | $ 29,616.27 |

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due | |
|---|---|---|---|
| 71 | $397.46 | Monthly beginning | 03/17/2018 |
| 1 | $396.61 | Ending | 02/17/2024 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is 5% of the unpaid amount of the payment due.
**Security Interest:** You are giving a security interest in the Vehicle being purchased.
Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.

## ITEMIZATION OF AMOUNT FINANCED

1. **Cash Price Itemization**   $18,897.00   (A)
   A. Cash Price (excluding items 1.B to K.2)
      (1) Cash Price of Vehicle   $18,897.00
      (2) Cash Price Accessories   $ N/A
   B. Document Processing Charge (not a governmental fee)   $79.00   (B)
   C. Smog Fee Paid to Seller   $29.75   (C)
   D. (Optional) Theft Deterrent Device paid to
              N/A   $ N/A   (D)
   E. (Optional) Surface Protection Product paid to
              N/A   $ N/A   (E)
   F. Sales Tax (on taxable items A through E)   $1,472.95   (D)
   G. (Optional) DMV Electronic Filing Fee (not a government fee)   $ N/A   (E)
   H. Service Contract (Optional)   $1,595.00   (H)
   I. Prior Credit or Lease Balance paid by Seller to:   N/A
      (see downpayment and trade-in calculation)   $ N/A   (I)
   J. Other (to whom paid)   DriveTime
      For Optional Debt Cancellation Agreement   $595.00   (H)
   K.1 (Optional) Used Vehicle Contract Cancellation Option Agreement   $ N/A   (K1)
   K.2 Other (to whom paid)*  DriveTime
          for  GPS   $0   (K2)
   Total Cash Price (A through K.2)   $22668.7   **(1)**

2. **Amounts Paid to Public Officials**
   A. License Fees   $344.00   (A)
   B. Registration / Transfer / Titling Fees   $15.00   (B)
   C. California Tire Fees*   $ N/A   (C)
   Total Official Fees (A through D)   $359.00   **(2)**

3. **Amount Paid to Insurance Companies (Total Premiums)**   $ N/A   **(3)**

4. **Smog Certification, Noncompliance, Exemption, or Waiver Fee Paid to State**   $8.25   **(4)**

5. **Subtotal (1 through 4)**   $23035.95   **(5)**

6. **Total Down Payment**
   A. Agreed Trade-In Allowance  Yr _____  Make _____   $0   (A)
      Model _____  Odom _____  VIN _____
   B. Less Prior Credit or Lease Balance   $0.00   (B)
   C. Net Trade-In (A less B) (indicate if negative number)   $0.00   (C)
   D. Deferred Downpayment   $ N/A   (D)
   E. Manufacturer's Rebate   $ N/A   (E)
   F. Other _____ N/A   $ N/A   (F)
   G. Cash   $1000   (G)
   Total Downpayment (C through G)   $ 1,000.00   **(6)**

7. **Prepaid Finance Charge  GPS**   $0   **(7)**

8. **Amount Financed (5 less 6)**   $ 22,035.95   **(8)**

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
**WARNING:**
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED.  IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER.  HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S x  *Ty Williams*  Retail Sales Contract          x          Retail Sales Contract
       ——DocuSigned by: 0A96B32F85FD484...

If you have a complaint concerning this sale, you should try to resolve it with the seller.  Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or any investigator for the Department of Motor Vehicles, or any combination thereof.  After this Contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change.  You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

*Ty Williams*  Retail Sales Contract                     Retail Sales Contract
——DocuSigned by: 0A96B32F85FD484...

**Buyer Signs**                                          **Co-Buyer Signs**

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Feb 19, 2018 02:22:53 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.
DocuSign Envelope ID: 83A86836-91B9-442A-9E93-AC951D44CAE5
Filed 11/19/18    Case 18-13805    Doc 30

| STATEMENT OF INSURANCE ||
|---|---|
| **NOTICE:** No person is required as a condition precedent to financing the purchase of an automobile that any insurance be negotiated or purchased through a particular insurance agent or broker. | UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT. |
| You must insure the Vehicle and other property securing this Contract. See the "Vehicle Insurance" section of this Contract. You are not required to provide any other insurance | You may buy the required Property Insurance from any company reasonable acceptable to us.<br><br>Buyer: *Ty Williams* <br> ─0A96B32F85FD484...<br><br>Co-Buyer:_____<br><br>Seller: *Jon Ehlinger* |

### NOTICES REQUIRED BY FEDERAL LAW

Used motor vehicle Buyers Guide. If you are buying a used vehicle with this Contract, federal regulations may require a special Buyers Guide to be displayed on the window of the Vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Promise to Pay and Payment Terms:** You promise to pay us the Amount Financed, plus Finance Charges accruing on the unpaid balance at the rate of 9.034% per year (the "Contract Rate") from today's date until paid in full. Finance charges accrue on a daily simple interest basis. As outlined above in the Truth In Lending Disclosures you agree to pay this Contract according to the payment schedule by paying the amount stated in the Total of Payments box, or a greater amount. You also agree to pay the late charge shown above and any additional amounts according to the terms and conditions of this Contract.

**General Terms; Payments:** You have been given the opportunity to purchase the Vehicle and any other products and services identified in this Contract for the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any other products or services – plus the Finance Charges if you buy them over time. You agreed to purchase the items over time. The Total Sale Price in the TRUTH IN LENDING DISCLOSURES assumes that you will make all payments as scheduled. The actual amount you will pay may be more or less depending on your payment record. You may prepay this Contract at any time without penalty.

**Security Interest**: To secure your obligations, you give us a "first priority" security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also agree to give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You agree a "first priority" security interest is a security interest before any other party's lien, claim, interest or right in or to the Vehicle. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent. We reserve our right to setoff insurance proceeds or excess amounts of estimated official fees and taxes that we may receive against the principal amount of what you owe us under the Contract to the extent not prohibited by applicable law.

**Finance Charges:** This is a simple interest Contract. The finance charges you pay will depend on how you make your payments. Your actual finance charges may be more than the disclosed Finance Charges if you make your payments late or in less than the scheduled amount. We will apply payments to late charges, finance charges and to the unpaid balance of the Contract in any manner we choose unless we are required by law to apply payments in a particular order. Finance charges are earned by applying the Contract Rate to the unpaid balance of the Contract for the time such balance is owed, subject to the finance charge free period, if any, described on the first page of this Contract.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You must keep the Vehicle in your possession at the Buyer's address shown above, unless we approve another address in writing. You may not sell or transfer any rights in the Vehicle without our prior written consent. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, **the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose**. This provision does not affect any warranties covering the vehicle or parts thereof that the Vehicle manufacturer or parts supplier may provide. Only the manufacturer or supplier shall be liable for performance under their warranties. If the Seller has sold you a certified used Vehicle, the warranty of merchantability is not disclaimed.

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Feb 19, 2018 02:22:53 AM.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name. You must maintain comprehensive fire, theft and collision coverage, insuring the Vehicle in an amount acceptable to us, name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance that you obtain. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. If you do not maintain the required insurance, we may buy substantially similar coverage at your expense. We may add the cost of such insurance to your obligations due under this Contract and/or collect those costs separately from you. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Contract Rate, if we elect to apply a finance charge. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. **Insurance we buy may cost substantially more than insurance you buy.** We will cancel the insurance we buy if you give us satisfactory proof of insurance reasonably acceptable to us. **Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.**

You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Returned Check Charge:** If you make any payment required by this Contract with a check that is returned or dishonored you agree to pay a charge equal to $15. If the fee is not paid when due, we may add this fee to the unpaid balance of this Contract.

**Default:** You will be in default if any one of the following occurs (except as may be prohibited by law):
1. You fail to make any payment due under this Contract, including any down payment, in full when such payment is due.
2. We are unable to obtain a first priority security interest in the Vehicle.
3. You give another person a security interest in the Vehicle without our consent.
4. You fail to obtain or maintain insurance on the Vehicle as required by this Contract.
5. You gave us false or misleading information on your application relating to this Contract, if we cannot verify any information that you have provided us, if any information you provided to us is false, if we discover a material adverse change in such information during the review process, or if you do not cooperate in the verification and review process described below.
6. You fail to keep any other agreement or promise you made in this Contract.
7. You die, become incompetent, generally fail to pay your debts when they become due or if you file a bankruptcy petition or if one is filed against you.
8. The Vehicle is lost, **damaged beyond repair, or destroyed** or any other event occurs that causes us to believe that our prospects for payment or realization upon the Vehicle are impaired.

If you are in default, we may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract (the entire unpaid balance). If as a consequence of your default we require that you pay the entire unpaid balance, we will charge you interest at the Contract Rate on the entire unpaid balance from the date of our notice to you demanding payment of the entire unpaid balance. Additionally, we may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If, after providing you with notice of our intent to dispose of such personal property as required by law and after allowing you time to claim the property as required by applicable law you do not claim your personal property, we will dispose of the personal property in a commercially reasonable manner.

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. You agree to pay any attorneys' fees we incur at any time in collecting amounts you owe under this Contract, including during any bankruptcy proceedings or upon any appeal.

If we take back the Vehicle, we will sell it unless you exercise any right to cure or redeem the Vehicle that you may have under state law. The sale proceeds, less the actual amounts we pay for retaking, holding, preparing for disposition, processing and disposing of the Vehicle, and less our attorneys' fees and legal costs to the extent such costs, fees and expenses are permitted by applicable law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, and we have complied with the applicable notice requirements, you will be obligated to pay us what is still owed (the deficiency).

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). You also expressly waive demand for payment, notice of non-payment, presentment, notice of dishonor, protest, notice of protest, notice of intent to accelerate and notice of acceleration.

**Assignment:** You may not assign your rights under this Contract without our permission. We may sell or assign our rights in this Contract without your permission. We may sell or assign this Contract for an amount that is more than or less than the Amount Financed.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Dealer's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good. You promise you have given a true payoff amount on any vehicle traded in. If that payoff is more than the amount shown in 6.B in the Itemization of the Amount Financed on the second page of this Contract, you must pay us the excess upon demand.

CALIFORNIAANCILLARYRCV01 (12-2017)                                                                                                                    Page 4 of 6

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Feb 19, 2018 02:22:53 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**Waiver of California Vehicle Code Section 1808.21:** You waive the provisions of California Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**After-Sale Review and Verification Process:** The Vehicle sold to you is subject to an after-sale review and verification of the information you have provided to us. You have agreed to cooperate with the after-sale review and verification process.

**References/Credit Reports:** We may contact your employer or your references to verify the information you provided to us in your application or in connection with this Contract. We may also contact your employer or your references if we are unable to locate you. The servicer of this Contract may also do so. Federal or state law may limit these contacts. You also consent to us or a servicer, obtaining a credit report(s) in connection with the servicing of the Contract.

**Odometer (mileage):** Each of your and our representations regarding odometer readings are subject to information provided by others, including government agencies. We each understand that this information is not always accurate. As permitted by applicable law, neither of us is responsible for any inaccuracies in this information to the extent it is not the party's fault.

**Liability Insurance Required:** You understand that state law requires you to purchase and maintain liability insurance. We do not provide liability insurance for you and it is not included in your Contract. You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Record Retention:** You agree that we may maintain documents and records related to the Vehicle and the Contract electronically, including, but not limited to, documents and record images, and that we may dispose of original documents. You agree that a copy of any such electronic records may be used and shall be deemed to be the same as an original in any arbitration, judicial, or non-judicial or regulatory proceeding relating to the Vehicle.

**Assignment of Dealer:** For value received, Dealer hereby transfers to BRIDGECREST ACCEPTANCE CORPORATION ("Assignee") all of its right, title, and interest in the Contract and the Vehicle. This transfer and assignment is made pursuant to and is subject to any Agreement between Dealer and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Dealer.

**Arbitration Agreement:** The arbitration agreement entered into between you and Dealer is incorporated by reference into and is a part of this Contract.

**GPS System:** If applicable, the Buyer Disclosure Statement and Agreement for Installation of a GPS System becomes incorporated into and is a part of this retail installment contract.

**Communication Consent:** You agree that we may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. By providing the number of your land line, cell phone or other wireless device and your email address, you expressly consent and agree that we may call you, using an automatic telephone dialing system or otherwise, leave you a voice, prerecorded, or artificial voice message, or send you a text, e-mail, or other electronic message for any purpose related to the servicing or collection of any account that you may establish with us or for other informational purposes related to your account (each a "Communication"). You agree that we may send you a Communication at any land line, cell phone, or email address publically available and associated with you and that you agree we may contact you at now or in the future. You also agree that we may include your personal information in a Communication. You understand email and text are not secure means of communication and that there is a possibility a third party may see our email or text to you. We will not charge you for a Communication, but your service provider may. You acknowledge and confirm that you have the authority to provide this consent because you are either the subscriber of the telephone number(s) and email address(es) or you are the non-subscriber customary user who has authority to provide this consent. If you change your telephone number(s) or email address, you agree to contact us immediately to advise us of any such change. In addition, you understand and agree we may always communicate with you in any manner permissible by law that does not require your prior consent.

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

**THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this Contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this Contract with the agreement of the seller or for legal cause, such as fraud.

However, California law does require a seller to offer a two day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT. YOU ALSO ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF ALL PAGES OF THE CONTRACT AT THE TIME YOU SIGN IT.

X  **Retail Sales Contract**
**Buyer Signs**

X **Retail Sales Contract**
**Co-Buyer Signs**

By signing below, the Dealer/Creditor accepts this Contract

X <u>DriveTime</u>           X            X <u>Dealer</u>
**Dealer Creditor**              **By**                              **Title:**

Copy of Original

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Feb 19, 2018 02:22:53 AM.

# EXHIBIT "B"



# Lien and Title Information Report

2880-Bridgecrest Acceptance Corp

| | | | |
|---|---|---|---|
| **Account No.** | | **VIN** | 3VW4T7AJ8FM349161 |
| **Loan No.** | | **Branch** | |
| **Loan Suffix** | | | |
| **Customer** | Ty Allen Williams | | |
| **Organization ID** | 2880 | **Organization Name** | Bridgecrest Acceptance Corp |
| **Lien Start** | 02/17/2018 | **Lien End** | |
| **Lien Type** | Retail | **Dealer ID** | |

### Last ELT Transactions

Received On
2018-03-07 02:59:37.0      Add Record - Perfection of Lien

### Borrower / Lesee Details

| | |
|---|---|
| **Name** | Ty Allen Williams |
| **Address** | 725 shop street,Olancha CA,93549 |

### Vehicle Information

| | | | |
|---|---|---|---|
| **Vehicle Type** | Auto | **Make** | VOLKSWAGEN |
| **Model** | JETTA | **Year** | 2015 |
| **Mileage** | 0 | | |

### Title Information

| | | | |
|---|---|---|---|
| **Title Number** | 8CKV463 | **Title State** | CA |
| **Tag Number** | 8CKV463 | **VIN** | 3VW4T7AJ8FM349161 |
| **Status** | MATCHED | **Match Date** | 03/07/2018 |
| **Lien Expiration Date** | | **Media Type** | Electronic |

### State Information

| | | | |
|---|---|---|---|
| **Name** | WILLIAMS,TY ALLEN | **Lessee** | |
| **Address** | PO BOX 183,OLANCHA CA,93549 | | |
| **Vehicle Type** | | **Make** | VOLK |
| **Model** | 4D | **Year** | 2015 |
| **Mileage** | 27457 | | |
| **Title State** | CA | **Title Number** | 8CKV463 |
| **Brands** | 68 CA: ACTUAL MILEAGE | | |