**7.**

RAFFI KHATCHADOURIAN - SBN 193165
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436-2829
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
File No. 4488-20180383-RK

Attorneys for Movant/Secured Creditor,
BMO HARRIS BANK N.A.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>GERARDO YANEZ LARA AND NORMA LYDIA CAMARENA,<br><br>         Debtor. | ) Case No. 18-21661-D13<br>)<br>) Chapter 13<br>)<br>) R.S. No.: HRH-1<br>)<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN SUPPORT OF MOTION FOR<br>) RELIEF FROM STAY<br><br>[Pursuant to 9014-1(f)(2)]<br><br>Hearing:<br>Date:         September 4, 2018<br>Time:        10:00 a.m.<br>Department:  D<br>Courtroom:   34<br>Floor:        6th Floor<br>Judge:       Hon. Robert S. Bardwil<br>Address:    501 I Street<br>                Sacramento, CA |

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant hereby submits the following memorandum of points and authorities in support of its Motion for relief from the automatic stay.

## I.        PRELIMINARY STATEMENT

**The Agreement No. 1:**

On or about February 3, 2016, Debtors' corporation, LARA'S TRUCKING, entered into a Loan and Security Agreement (the "Agreement No. 1") with Movant to finance the purchase of the

following trailers:

     2012 Utility 53' Refrigerated Trailer, VIN 1UYVS2532CU343535,

          with 2011 Carrier 2100A Refrigeration Unit, Serial Number NAL91264792

     2012 Utility 53' Refrigerated Trailer, VIN 1UYVS2536CU247603

          with 2011 Carrier 2500A Refrigeration Unit, Serial Number NAF91232530

     2009 Utility 53' Refrigerated Trailer, VIN 1UYVS25379U632905,

          with 2015 Carrier 7300 X4Refrigeration Unit, Serial Number RAT91449743

(the "2012 and 2009 Utility"), as more fully set forth on the Agreement No. 1.

Movant perfected its interest in the 2012 and 2009 Utility by obtaining Certificates of Title from the State of Utah Department of Motor Vehicles.

To induce Movant to enter into the Agreement No. 1, on or about February 3, 2016, Debtor GERARDO YANEZ LARA executed a Continuing Guaranty of all of LARA'S TRUCKING's liabilities in favor of Movant pursuant to the Agreement No. 1 (the "Guaranty No. 1").

Debtors have not listed the 2012 and 2009 Utility in their Schedules or their Plan.

As of June 1, 2018, there was due, owing and unpaid to Movant the total sum of $35,986.83 pursuant to the Agreement No. 1, representing the principal balance thereunder.

**The Agreement No. 2:**

On or about March 22, 2016, Debtors' corporation, LARA'S TRUCKING, entered into a second Loan and Security Agreement (the "Agreement No. 2") with Movant to finance the purchase of the following trailer:

     2012 Utility 53' Refrigerated Trailer, VIN 1UYVS2532CU247601,

          with 2011 Carrier 2500A Refrigeration Unit, Serial Number NAF91232528

(the "2012 Utility"), as more fully set forth on the Agreement No. 2.

Movant perfected its interest in the 2012 Utility by obtaining a Certificate of Title from the State of Utah Department of Motor Vehicles.

To induce Movant to enter into the Agreement No. 2, on or about March 22, 2016, Debtor GERARDO YANEZ LARA executed a Continuing Guaranty of all of LARA'S TRUCKING's liabilities in favor of Movant pursuant to the Agreement No. 2 (the "Guaranty No. 2").

1   Debtors have not listed the 2012 Utility in their Schedules or their Plan.

2   As of June 1, 2018, there was due, owing and unpaid to Movant the total sum of $16,232.73

3   pursuant to the Agreement No. 2, consisting of principal in the amount of $16,179.98 and late

4   charges in the amount of $52.75.

5   The Agreement is in arrears in the amount of $52.75.

6   **The Agreement No. 3:**

7   On or about October 31, 2017, Debtors' corporation, LARA'S TRUCKING, entered into a

8   third Loan and Security Agreement (the "Agreement No. 3") with Movant to finance the purchase of

9   the following trailer2:

10   2018 Utility 53' Refrigerated Trailer, VIN 1UYVS2534J2262304,

11   with 2017 Thermo-King S-600 Refrigeration Unit, Serial Number 6001243836

12   2018 Utility 53' Refrigerated Trailer, VIN 1UYVS2536J2262305,

13   with 2017 Thermo-King S-600 Refrigeration Unit, Serial Number 6001246886

14   (the "2018 Utility"), as more fully set forth on the Agreement No. 3.

15   Movant perfected its interest in the 2018 Utility by obtaining Certificates of Title from the

16   State of Utah Department of Motor Vehicles.

17   To induce Movant to enter into the Agreement No. 3, on or about October 31, 2017, Debtor

18   GERARDO YANEZ LARA executed a Continuing Guaranty of all of LARA'S TRUCKING's

19   liabilities in favor of Movant pursuant to the Agreement No. 3 (the "Guaranty No. 3").

20   Debtors have not listed the 2018 Utility in their Schedules or their Plan.

21   As of June 1, 2018, there was due, owing and unpaid to Movant the total sum of

22   $125,141.65, representing the principal due thereunder.

23   **The Agreement No. 4:**

24   On or about March 24, 2018, <u>following the filing of their instant case</u>, and without Court

25   order and without notice to Movant, Debtors' corporation, LARA'S TRUCKING, entered into a

26   fourth Loan and Security Agreement (the "Agreement No. 4") with Movant to finance the purchase

27   of the following truck:  2015 Kenworth T680-series Tractor Truck, VIN 1XKYD49X5FJ408600

28   (the "2015 Kenworth"), as more fully set forth on the Agreement No. 4.

Movant perfected its interest in the 2015 Kenworth by obtaining a Certificate of Title from the State of California Department of Motor Vehicles.

To induce Movant to enter into the Agreement No. 3, on or about March 24, 2018, Debtor GERARDO YANEZ LARA executed a Continuing Guaranty of all of LARA'S TRUCKING's liabilities in favor of Movant pursuant to the Agreement No. 4 (the "Guaranty No. 4").

Debtors have not listed the 2015 Kenworth in their Schedules or their Plan.

As of June 1, 2018, there was due, owing and unpaid to Movant the principal sum of $76,927.43 pursuant to the Agreement No. 4.

**The Agreement No. 5:**

On or about May 18, 2018, <u>following the filing of the instant case</u>, and without Court order and without notice to Movant, Debtor GERARDO Y. LARA dba LARA'S TRUCKING entered into a Loan and Security Agreement (the "Agreement No. 5") with Movant to finance the purchase of the following trailers:

2019 Great Dane 53' Refrigerated Trailer, VIN 1GRAA0624KW136390,

with Thermo King S600 refrigeration unit, Serial Number 6001263866

2019 Great Dane 53' Refrigerated Trailer, VIN 1GRAA0625KW136396,

with Thermo King S600 refrigeration unit, Serial Number 6001263865

(the "2019 Great Dane"), as more fully set forth on the Agreement No. 5.

Movant perfected its interest in the 2019 Great Dane by submitting applications to register them with the State of California Department of Motor Vehicles.

Debtors have not listed the 2019 Great Dane in their Schedules or their Plan.

As of July 16, 2018, there was due, owing and unpaid to Movant the sum of $157,311.40 pursuant to the Agreement No. 5, consisting of principal in the amount of $155,974.88, accrued interest in the amount of $1,169.81 and late charges in the amount of $166.71.

Movant did not have knowledge of the Debtors' instant Bankruptcy case until after it had entered into the Agreement No. 4 and Agreement No. 5.

\\\

\\\

II.     **MOVANT SHOULD BE GRANTED RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(A) TO EXERCISE ITS RIGHTS REGARDING THE COLLATERAL**

Section 362(d) of the Bankruptcy Code states that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> (2) with respect to a stay of an act against property under subsection(a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization."

The facts of this case demonstrate that the automatic stay should be lifted "for cause." The Bankruptcy Code mandates that secured creditors must, at a minimum, be afforded a reasonable assurance that the value of their security interests in the subject property is and will continue to be "adequately protected" by the Debtor. Metropolitan Life Ins. v. Murel Holding Corp., 75 F.2d 941 (2nd Cir. 1935). The Debtor bears the burden of proving that the creditor's interest in the property is adequately protected. Guavin v. Wagner, 24 B.R. 578, 580 (9th Cir. BAP 1982). If the Debtor fails to meet this burden, the Creditor is entitled to relief under §362(d)(1). In re Winslow Center Associates, 32 B.R. 685, 687 (Bankr. E.D. Pa. 1983).

Debtors cannot deny that all of the Collateral, except the 2019 Great Dane, are not titled in their name, but rather in the name of their corporation, LARA'S TRUCKING. At best, Debtors have a possible right of redemption, but nothing more. The Collateral, except the 2019 Great Dane, are not property of the Estate.

All legal and equitable interests in property owned by a Debtor at the commencement of the case are included in the bankruptcy Estate. *Clark v. Rameker*, 134 S. Ct. 2242, 2244 (2014). The Estate has no greater rights than the Debtor had pre-petition. *In re Coupon Clearing Services, Inc.*, 113 F. 3d 1091, 1099 (9th Cir. 1997). Debtor GERARDO LARA guaranteed payment and performance of the Agreements No. 1 through No. 4 between Movant and Debtors' business, LARA'S TRUCKING. On the petition date, Debtor GERARDO LARA was the guarantor of defaulted obligations with the right to redeem as determined by state law. *Butner v. United States*,

440 U.S. 48, 55 (1979); *Sec. Mortgage Co. v. Powers*, 278 U.S. 149, 157 (1928) [property rights existing before bankruptcy in persons other than the debtor had to be recognized and respected in bankruptcy].

Moreover, the right to redeem does not automatically extend the automatic stay to non-debtor parties. Neither non-debtor parties or their property, nor "actions against guarantors, sureties, corporate affiliates, or other nondebtor parties liable on the debts of the debtor" are protected by the automatic stay. *Boucher v. Shaw*, 572 F. 3d 1087, 1092 (9th Cir. 2009); *Advanced Ribbons & Office Prods. v. U.S.*, 125 B.R. 259, 263 (9th Cir. BAP 1991). LARA'S TRUCKING, which holds title to most of the Collateral, is an affiliate of Debtors and is not protected by the automatic stay. The Debtors' right of redemption, if any, is protected.

California Commercial Code §9623, provides, in relevant part, as follows:

"(a) A debtor, any secondary obligor, or any other secured party or lienholder may redeem collateral.
(b) To redeem collateral, a person shall tender both of the following:
 (1) Fulfillment of all obligations secured by the collateral.
 (2) The reasonable expenses and attorney's fees described in paragraph (1) of subdivision (a) of Section 9615." [Emphasis added]

If Debtors wish to exercise any purported redemption right, they must tender all of the amounts owing pursuant to the Agreements, not just the arrears - which they cannot afford to do based on their Schedules. *See Clark Equipment Co. v. Mastelotto, Inc*. (App. 5 Dist. 1978) 150 Cal.Rptr. 797, 87 Cal. App.3d 88; *Bell v. Bank of Cal*. (1908) 153 Cal. 234, 94 P. 889.

In *In re Bialac* (712 F.2d 426), the Ninth Circuit held that "[r]edemption can be had only by satisfying 'all' obligations, which clearly implicates the obligations of co-debtors." Debtors simply cannot fulfill all of the obligations required to exercise a right of redemption, if any exists, based on their Schedules.

Lastly, waiver of the 14-day stay provided by FRBP 4001(a)(3) is proper in light of Debtors' lack of equity and title in the Collateral, their failure to list the Collateral, their failure to provide for Movant's Claim in their Plan along with their failure to obtain a Court Order prior to entering into the Agreement No. 4 and No. 5 post-petition.

\\\

1  III.    **<u>CONCLUSION</u>**

2        Based upon the foregoing, Movant respectfully requests that this Court grant the motion for

3  relief from the automatic stay.

4  Dated: August 9, 2018          HEMAR, ROUSSO & HEALD, LLP

5

6                     /s/ *Raffi Khatchadourian*
         By:_____

7           RAFFI KHATCHADOURIAN
         Attorneys for Movant/Secured Creditor,
         BMO HARRIS BANK N.A.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28