UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

**Case Title:** Tena H. Robinson

**Case No.:** 18-23365 - E - 13
**Docket Control No.** JB-1
**Date:** 11/20/2018
**Time:** 3:00 PM

**Matter:** [29] - Motion/Application to Value Collateral of Bosco Credit, LLC [JB-1] Filed by Debtor Tena H. Robinson (shbs)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Janet Larson**
**Reporter: Diamond Reporters**
**Department: E**

**APPEARANCES for:**
**Movant(s):**
Debtor's Attorney - Jason Borg
**Respondent(s):**
Trustee's Attorney - Talvinder Bambhra; (by phone) Creditor's Attorney - Kristin A. Zilberstein

**CIVIL MINUTES**

Motion Granted

See Findings of fact and conclusions of law below

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided.  The Proof of Service states that the Motion and supporting pleadings were served on Chapter 13 Trustee, Creditor, creditors, and Office of the United States Trustee on July 19, 2018.

　　　　The Motion to Value has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1).  Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v.*

*Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a party's failure to file opposition as consent to grant a motion). The defaults of the non-responding parties and other parties in interest are entered.

**The Motion to Value Collateral is granted and the secured claim is determined to have a value of $0.00, with the balance of Creditor's allowed claim an unsecured claim.**

The Motion to Value filed by Tena Robinson ("Debtor") to value the secured claim of Bosco Credit LLC ("Creditor") is accompanied by Debtor's declaration. Debtor is the owner of the subject real property commonly known as 5611 34th Avenue, California ("Property"). Debtor seeks to value the Property at a fair market value of $237,000.00 as of the petition filing date. As the owner, Debtor's opinion of value is evidence of the asset's value. *See* Fed. R. Evid. 701; *see also Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1173 (9th Cir. 2004).

Debtor offers her own Declaration, stating that after personal research she determined the value of her home to be $237,000.00.

The valuation of property that secures a claim is the first step, not the end result of this Motion brought pursuant to 11 U.S.C. § 506(a). The ultimate relief is the valuation of a specific creditor's secured claim.

11 U.S.C. § 506(a) instructs the court and parties in the methodology for determining the value of a secured claim.

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a) (emphasis added). For the court to determine that creditor's secured claim (rights and interest in collateral), that creditor must be a party who has been served and is before the court. U.S. Constitution Article III, Sec. 2 (case or controversy requirement for the parties seeking relief from a federal court).

**TRUSTEE'S RESPONSE**

Chapter 13 Trustee, David Cusick ("Trustee") filed a Response to the Motion on August 3, 2018. Dckt. 51. Trustee states the Property is included on Debtor's Schedule A/B with a value of $237,000.00; Debtor has claimed an exemption of $1.00 on Schedule C on the Property; Creditor is included in Debtor's Schedule D with a secured claim of $153,184.89; and the

Creditor is listed in Section 2C item 2 of the proposed Plan to be valued at $0.00.

**CREDITOR'S OPPOSITION**

Bosco Credit LLC ("Creditor") filed an Opposition to Debtor's Motion on August 7, 2018. Dckt. 60. Creditor asserts that Debtor has improperly based her valuation on her own research. *Id.* at 2:17-21. Creditor also argues that the Senior mortgage holder entered into a loan modification with Debtor that prejudicially added to the principal of the senior lien in the amount of $51,000.00, the amount of which should therefore be treated as junior to Creditor's Second Deed of Trust. *Id.* at 3:28-4:13. After the prejudicial amount is treated as a junior lien, there is sufficient equity in the Property such that Creditor's claim should not be wholly unsecured. *Id.* at 4:13-16.

Creditor concludes that Debtor's Motion should be denied in its entirety as the existence of equity prevents valuation or avoidance in any way. *Id*. at 5:13-15. Creditor requests in the alternative that an appraisal should be obtained to ensure an accurate valuation. *Id.* at 5:17-18. FN. 1

------------------------------------------------

FN. 1. As discussed below, Creditor advances the argument that a dispute exists as to the validity, extent, and priority as between itself and the creditor who is the beneficiary under the senior deed of trust. As Creditor and its counsel are well aware, such determinations must be made through an adversary proceeding. Fed. R. Bankr. P. 7001(2). In light of Creditor asserting its rights to have a portion of the claim of the senior lien creditor subordinated to its junior lien, it is for Creditor to commence that necessary adversary proceeding (if it intends to prosecute any such asserted subordination rights). As of the court's November 3, 2018 review of this court's files, no such adversary proceeding has been commenced by Creditor to prosecute its asserted right of subordination.

------------------------------------------------

**DEBTOR'S REPLY**

**TO CREDITOR'S OPPOSITION**

Debtor filed a Reply to Creditor's Opposition on August 16, 2018. Dckt. 64. Debtor asserts that her Declaration is based on her personal knowledge, which she obtained from personal research. *Id.* at 1:23-26. Debtor argues further that the senior lienholder only received through modification what it was entitled to as interest payments that Debtor had not been making. *Id.* at 2:4-8. Debtor adds that the modification reduced the interest rate to 2% for the first 5 years, 3% in year 6, and 3.375% from years 7-22, whereas the original interest rate was and adjustable 5.99% to 12.99% rate. *Id.* at 2:8-12. Debtor concludes that Creditor is not in a worse position, may be in a better position because the modification prevented a foreclosure that would have left Creditor's claim largely unsecured, and therefore the Motion should be granted. *Id.* at 2:12-17.

**AUGUST 21, 2018 HEARING**

At the August 21, 2018 hearing, the court decided to continue the hearing to allow Creditor the opportunity to obtain an appraisal. Dckt. 66. The court made clear to Creditor that the sole purpose for continuing the hearing was to allow the introduction of evidence as to the value of the Property. The court noted during the hearing several deficiencies in Creditor's opposing arguments, and did not grant a continuance for the purpose of allowing Creditor to relitigate issues already before the court.

The court's Order stated explicitly:

**IT IS ORDERED** that the hearing on the Motion pursuant to 11 U.S.C. § 506(a) to value the secured claim of Bosco Credit LLC ("Creditor"), a second in priority deed of trust, is continued to 3:00 p.m. on November 6, 2018. On or before October 16, 2018, **Creditor shall file and serve its evidence of value**, and Replies, if any, filed and served on or before October 30, 2018. **No other or further supplemental pleadings are authorized in this contested matter.**

Order, Dckt. 72 (emphasis added).

## CREDITOR'S SUPPLEMENTAL OPPOSITION

## AND EVIDENCE OF VALUE

Creditor filed supplemental pleadings on September 21, 2018. Dckts. 81-83. The first is the Declaration of Appraiser Robb Roberts. Dckt. 83. Attached as Exhibit 1 to the Declaration is a 36 page appraisal report. FN. 2

------------------------------------------------

FN.2. Under the Local Bankruptcy Rules, a motion, opposition, each declaration, and the exhibits (which may be combined into one exhibit document) are to be filed as separate documents. L.B.R. 9004-1, 9004-2. The court is confident that future pleadings will be in compliance with these Rules.

------------------------------------------------

Creditor also filed other/further supplemental pleadings, including a request for judicial notice of Proof of Claim, No. 1 (Dckt. 82) and a Supplemental Opposition. This was filed notwithstanding the court expressly ordering Creditor to file and serve its evidence of value and expressly ordering:

**No other or further supplemental pleadings are authorized in this contested matter.**

Order, Dckt. 72. Notwithstanding the court's expressly order, Creditor has apparently "overruled" the court and issued its own authorization to file further supplemental pleadings. FN. 3

------------------------------------------------

FN. 3. Any issues and corrective action to be taken relating to the violation of this court's order will be addressed in separate proceedings.

---------------------------------------------

In large part, the Supplemental Opposition that Creditor authorized itself to file notwithstanding the court's order merely rehashes what has already been argued in the Opposition. Some of the arguments include:

1.      Creditor's valuation should stand over Debtor's because evidence from an expert is more weighty than that of a Debtor. Dckt. 81 at 3:1-5.

2.      Debtor obtained a modification in 2012 with respect to the senior lien on the Property. *Id*. at 13.5-14.5. When the terms included in the modification are applied to the five factors used to determine if a modification is prejudicial, Specialized's modification is prejudicial to Respondent. Even though many of the changes in the modification executed by the senior lienholder are not considered "prejudicial", the remaining terms are. Now, the bulk of the loan is due at maturity. $233,927.11. *Id*. at 4:20-24.

3.      If the senior lienholder's claim is subordinated due to prejudice of the modification, between $51,000.00 and $233,927.11 of the senior lienholder's claim would be subordinate to that of Respondent, thereby rendering all or part of Creditor's claim secured.  *Id*. at 5:1-2.

4.      Based on the foregoing, Creditor respectfully requests that the Court value the subject property at $245,000.00. Further, Creditor respectfully requests that all or a portion of the senior lienholder's claim be determined to be subordinate to Creditor. *Id*. at 5:5-7.

As show in the rehashing of the prior arguments, Creditor prevailing will in large part (given senior lien creditor's Proof of Claim No. 1 being filed in the amount of $241,164.68) turn on Creditor filing and successfully prosecuting an adversary proceeding subordinating a significant part of senior lien creditor's claim.

**DEBTOR'S REPLY TO CREDITOR'S**

**SUPPLEMENTAL OPPOSITION**

Debtor filed a Supplemental Reply on October 30, 2018. Dckt. 90. As a part of its Reply, Debtor filed the Declaration of appraiser Wesley Clesi (Dckt. 91) and his appraisal report identified as Exhibit A. Dckt. 92. Debtor's new evidence asserts the Property had a value of $195,000.00 as of the date of filing.

The Debtor's Supplemental Reply argues Creditor's claim, under either Debtor's personal or expert valuations, is completely unsecured. Debtor's Supplemental Reply argues further that the modification obtained in 2012 was not prejudicial to the Creditor, as the loan modification did not give the senior lienholder any more money than what was originally owed and actually provided for lower interest.

**NOVEMBER 6, 2018 HEARING**

At the November 6, 2018 hearing on the Motion, the court continued the hearing to November 20, 2018, so the judge presiding over the case then to-date could again hear the matter. In continuing the matter, the court issued an Order requiring the appearance of Kristin A Zilberstein, Esq. And Jennifer R. Bergh, Esq., counsel for Creditor in this Contested Matter, and Jason Borg, Esq., and each of them at the November 20, 2018 – No Telephonic Appearances Permitted. Order, Dckt. 97. The court further suspended the application of Federal Rule of Civil Procedure 41(a)(1)(A)(I). *Id.*

**PROPOSED STIPULATION**

On November 13, 2018, the parties filed a Stipulation proposing to resolve this Contested Matter. Dckt. 99. The Stipulation values Creditor's secured claim at $0.00, and unsecured claim at $153,184.89.

In agreeing to the Stipulation, the parties cite the cost of litigation, and a desire to amicably resolve the dispute.

However, the parties do not address the very significant and substantial arguments and rights (all subject to Federal Rule of Bankruptcy Procedure 9011 certifications) advanced by Creditors and how such significant and substantial rights have disappeared.

**DISCUSSION**

**Proposed Stipulation**

Creditor now seeks to resolve its Opposition to the Motion through Stipulation. The "compromise" agreed to by Creditor is that it's significant and substantial rights asserted in the opposition have a value of $0.00. As discussed above, Creditor advanced the position that it could have the court adjudicate the lien rights of the creditor holding the earlier recorded deed of trust in this Contested Matter only between Creditor and Debtor.

While the parties cite rising litigation costs and a desire to resolve the matter amicably as the impetus for Stipulation, the court notes the Creditor's counsel was ordered by the court to appear in person at the continued hearing in part to address its choice to ignore an Order of this court disallowing further supplemental pleadings. It could appear that Creditor's desire to stipulate to its asserted rights being worthless has less to do with the "newly appreciated lack of merits of its contentions," and more to do with the court not blindly allowing Creditor to indirectly litigate rights of a third party.

The Stipulation by Creditor that the rights and interests it asserted are valueless does not resolve the court's prior Order requiring the appearance of counsel at the November 20, 2018 hearing on the Motion.

**Review of Motion and Prior Pleadings Filed**

**Opposition to Motion to Value**

　　　　Creditor improperly seeks to litigate asserted subordination rights against a ghost party–HSBC Bank USA, N.A. not being a party to a motion to value the secured claim of Creditor. The court must have the real party in interest whose rights are being adjudicated before it.

　　　　To adjudicate the claim lien priority dispute between HSBC Bank USA, N.A. and Creditor (which are a core, plan confirmation and claim matters), there must be an adversary proceeding that has the real parties in interest - HSBC Bank USA N.A. and Creditor - before the court having their respective rights as creditors having interests in property of the bankruptcy estate adjudicated.

　　　　Absent such an adjudication, the record deeds of trust show HSBC Bank USA, N.A. having the senior lien claim on the property securing the two claims.

**No Evidence as to Debtor's Primary Residence**

　　　　Creditor argued in its initial Opposition that Debtor cannot bifurcate a claim secured by a deed of trust in Debtor's primary residence, and therefore Creditor's secured claim cannot be valued if there is any equity. *See, Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 327 (1993). Creditor's argument is well-taken.

　　　　However, as Creditor states, this proposition requires that the Property is Debtor's primary residence. On Debtor's Petition, she identifies her residence as 3350 Y Street, Sacramento, California (the "Y Street Property"). Dckt. 1. In its own proof of service for its Opposition, Creditor provides notice to Debtor at the Y Street Property. Dckt. 61. Creditor has not offered any evidence (and in its supplemental pleadings has not addressed the issue) to show that the Property and not the Y Street Property is Debtor's primary residence. From the only evidence available to the court, it appears Debtor's principal residence is the Y Street Property. Therefore, Debtor is permitted under 11 U.S.C. § 506(a) to bifurcate the unsecured and unsecured portions of Creditor's claim.

**Impaired Exemption Calculation**

　　　　While this Motion is not for lien avoidance, Creditor still felt compelled in its initial Opposition to address the issue. Creditor concludes that the existence of any equity prevents its claims from being valued or avoided in any way. Dckt. 60 at 5:14-15. Creditor's conclusion seems to muddy valuation with avoidance of judicial liens under 11 U.S.C. § 522(f)(1). That formula requires adding all liens, the Debtor's exemptions, and the judicial lien to determine whether the judicial lien impairs the exemption FN.4. . 11 U.S.C. § 522(f)(2)(A). Proof of Claim 1–1 filed by HSBC indicates a First deed of trust for $241,164.68, and Proof of Claim 2–1 filed by Bosco Credit LLC Second deed of trust for $153,184.89. These liens total $394,349.57. For purposes of an impaired exemption analysis, it is unclear how Creditor is perceiving its "judicial lien" for $79,227.45 is not wholly unsecured.

--------------------------------------------------

FN.4.　The court notes again the Creditor does not have a judicial lien, and the avoidance analysis is entirely inapplicable to Creditor's consensual lien. The analysis provided is for the

benefit of Creditor's counsel.

-------------------------------------------------

**Conclusion**

The various values asserted for the Property now include $237,000.00 (Debtor's personal valuation), $195,000.00 (Debtor's appraisal), and $245,000.00 (Creditor's appraisal). HSBC Bank USA, N.A. Trustee's senior lien amounts to $241,164.68. If the court were to average only Debtor's original valuation with Creditor's valuation, the Property would have a value of $241,000.00. Creditor's claim is entirely unsecured in all but the most deferential valuation.

At the November 20, 2018, hearing the Parties reported they have settled the matter, with Creditor now accepting that its secured claim has a value of $0.00. Stipulation, Dckt. 99. Creditor no longer pursuing its contention that it has a secured claim for which there is value in the collateral, the court grants the motion.

**Separate Proceedings Due to Counsel's Failure**

**to Comply With Orders of the Court and Rule 9011**

Counsel for Creditor in this case has now failed to comply with two orders of the court. The first was in filing supplemental points and authorities in violation of this court's August 24, 2018 Order (Dckt. 72).

In the court's November 7, 2018 Order setting the November 20, 2018 hearing, it expressly required the appearance of the two attorneys whose names are listed on the pleadings filed in this contested matter. The exact language stated in the order is:

**IT IS FURTHER ORDERED** that Kristin A Zilberstein, Esq. And Jennifer R. Bergh, Esq., counsel for Creditor in this Contested Matter, and Jason Borg, Esq., and each of them shall appear at the November 20, 2018 – **Telephonic Appearances Permitted**. Counsel for Creditor shall report on the status of the filing of a Complaint and the prosecution of any asserted rights of subordination that it will prosecute against any senior lien holders.

Order, Dckt. 97.

As referenced in the Order, Creditor's counsel had asserted and advocated (subject to the certifications under Fed. R. Bankr. P. 9011) that the senior in time lien of Specialized Loan Servicing was subordinated to Creditor's lien due a modification of the obligation held by the senior in time lien holder.

In the initial Opposition, Dckt. 60, Creditor provides extensive citations and factual allegations as to why Creditor now holds the senior lien. Then, in a second (and not authorized) supplemental points and authorities Creditor's attorneys provide extensive legal citations and factual allegations for the contention that it holds the senior lien based on Creditor's alleged rights that the senior in time lien being subordinated.

While clearly having the right to seek to assert and have adjudicated its rights concerning subordination (subject to the certifications of Fed. R. Bankr. P. 9011), Creditor's counsel was attempting to have the court subordinate the real property rights of Specialized Loan Servicing in absentia - attempting to litigate those rights against the Debtor only.

At the November 20, 2018 hearing only Kristin A Zilberstein, Esq., one of the two Creditor attorneys ordered to appear, made a telephonic appearance. Jennifer R. Bergh, Esq. failed to appear. When the court questioned Ms. Zilberstein about the absence of Ms. Bergh, she advised the court that since Ms. Zilberstein did the work on this file, they decided that Ms. Bergh did not need to appear (or as the court would state it, comply with the court's order) at the November 20, 2018 hearing.

Though the opportunity existed, Ms. Zilberstein did not request the court briefly trail the matter so that Ms. Bergh could come down into Ms. Zilberstein's office to appear as ordered. Ms. Zilberstein did not request a short delay so that, if Ms. Bergh was out of the office, to add Ms. Bergh via conference call or have Ms. Bergh join via CourtCall. Ms. Zilberstein stood on the proposition that since she and Ms. Bergh determined that Ms. Bergh did not need to be there, the order then would not require Ms. Bergh to be there. The court disabused Ms. Zilberstein of the conclusion that she and Ms. Bergh made that compliance with a federal judge's order was optional.

When the court posited the question to Ms. Zilberstein about how Bosco Credit LLC's claim went from being fully secured and this Creditor having a right to subordinate the senior lien creditor (based on the extensive citations, legal argument, and factual allegations (subject to Fed. R. Bankr. P. 9011 certifications) to being worthless, Ms. Zilberstein could not present a creditable response.

First, she stated that it was given the court's valuation. But the court had not valued the secured claim or the underlying collateral. Such valuation was at issue for the November 20, 2018 hearing.

Then Ms. Zilberstein stated that "Bosco Credit LLC told us to assert the subordination." The direction from a client does not absolve the attorney of the Rule 9011 certifications. Further, Ms. Zilberstein made it appear that this is "SOP" for Bosco Credit, LLC to assert such subordination rights against a debtor seeking to value the secured claim.

A review of the California State Bar website discloses that Ms. Zilberstein has been a licensed attorney since 1998 and Ms. Bergh has been a licensed attorney since December 2015. While Ms. Bergh may be a newer attorney, she should understand that an order is a required act. For Ms. Zilberstein, now having twenty years experience as an attorney, there is no excuse.

Kristin A Zilberstein and Jennifer R. Bergh are attorneys with the Law Office of Michelle Ghidotti. That law office website include the following statement:

We are a Boutique Mortgage Banking Law Firm specializing in all areas of real estate law in

California, Arizona, Washington and Texas representing large institutional lenders, banks, loan servicing companies, title companies, hedge funds, asset management companies, hard money lenders, investment firms, and foreclosure trustee companies.

http://www.ghidottilaw.com/.

Michelle R. Ghidotti-Gonsalves, Esq. is identified as the Managing Partner for the Law Offices of Michelle Ghidotti.  The Law Firm's website identifies Ms. Ghidotti-Gonsalves as having "considerable experience representing financial institutions and related entities in a broad range of real estate, real estate finance, and bankruptcy related matters."
http://www.ghidottilaw.com/about/managing-partner/.

Thus, it does not appear that counsel for Creditor are mere novices or inexperienced in the law of creditor rights.

The court shall address the double failure to comply with orders of the court and the attempted litigation of a third-party's rights by using the Debtor as a proxy (and then immediately folding the represented winning subordination hand when the court enforced the basic real party in interest requirement of federal court litigation), by separate Order to Show Cause.

**The court will issue an order.**