# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

Name of Debtor:    **Sheldon Irving Hirsch**         Case No.    **14-25618**
                    **Melanie Meilan Hirsch**

Last four digits of Soc. Sec. No.:    **xxx-xx-4009**
Last four digits of Soc. Sec. No.:    **xxx-xx-6997**

## CHAPTER 13 PLAN - SECOND AMENDED

YOU WILL BE NOTIFIED OF THE DATE, TIME, AND LOCATION OF A HEARING TO CONFIRM THIS PLAN AND OF THE DEADLINE TO OBJECT TO ITS CONFIRMATION. IN THE ABSENCE OF A TIMELY WRITTEN OBJECTION, THE PLAN MAY BE CONFIRMED WITHOUT A HEARING. IT WILL BE EFFECTIVE UPON ITS CONFIRMATION.

### Section 1. Plan Payments and Commitment Period

    **1.01**    **Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $ __**1,250.00**__ * from future earnings. This monthly plan payment is subject to adjustment pursuant to section 2.08(b)(4) below and it must be received by Trustee not later than the 25th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all post-petition charges due on Class 1 secured claims and adequate protection payments due on Class 2 secured claims.

    **1.02.**    **Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: __**Debtor's wages and social security income**__ .

    **1.03.**    **Duration of payments.** The monthly plan payments will continue for __**60**__ months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event shall monthly payments continue for more than 60 months.

### Section 2. Claims and Expenses

A. Proofs of Claim

    **2.01.**    With the exception of the payments required by sections 2.02, 2.03, 2.11, and 3.01, a claim will not be paid pursuant to this plan unless a timely proof of claim is filed by or on behalf of a creditor, including a secured creditor.

    **2.02.**    Monthly contract installments and other charges falling due after the filing of the case shall be paid to Class 1 and 4 claim holders and to the nondebtor party to assumed executory contracts/unexpired leases whether or not the plan is confirmed or proofs of claim have been filed.

    **2.03.**    Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

    **2.04.**    The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, or lien avoidance motion affects the amount or classification of the claim.

B. Administrative Expenses

    **2.05.**    **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments on Class 4 claims.

    **2.06.**    **Debtor's attorney's fees.** Debtor's attorney of record was paid $ __**719.00**__ prior to the filing of the case. Subject to prior court approval, additional fees of $ __**4,500.00**__ shall be paid through this plan. Debtors' attorney will seek

the court's approval by [*choose one*]: ☒ complying with Local Bankruptcy Rule 2016-1(c); or ☐ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017.

**2.07. Administrative expenses.** In accordance with sections 4.02 and 4.03 below, $**98.00** of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved additional attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

C. Secured Claims

**2.08. Class 1 includes all delinquent secured claims that mature after the completion of this plan.**

**(a) Cure of arrears.** All arrears on Class 1 claims shall be paid in full by Trustee. The cure will be paid in the equal monthly installments specified in the table below as the "arrearage dividend."

**(1)** The cure shall include interest unless a "0%" rate is specified below. If the provision for interest is left blank, interest will accrue at the rate of 10%.

**(2)** The arrearage dividend must be applied by the Class 1 creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

**(b) Post-petition charges.** Trustee shall maintain all payments falling due after the filing of the case to the holder of each Class 1 claim.

**(1)** If Debtor makes a partial plan payment that is insufficient to satisfy such post-petition payments, distributions will be made in the order such claims are listed below.

**(2)** Trustee will not make a partial distribution on account of a post-petition payment.

**(3)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition payment, Debtor's cure of this default shall include any late charge.

**(4)** The automatic stay is modified to permit the holders of Class 1 claims to send statements, impound, and escrow notices, and notices concerning interest rate adjustments or the assessment of fees and costs to Debtor. However, Trustee will not make post-petition payment adjustments or pay post-petition fees, charges, or assessments until they are demanded in accordance with Fed. R. Bankr. P. 3002.1.

**(i)** If the holder of a Class 1 claim gives Debtor and Trustee notice of a payment change in accordance with Fed. R. Bankr. P. 3002.1(b), Debtor shall adjust the plan payment accordingly.

**(ii)** If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges in accordance with Fed. R. Bankr. P. 3002.1(c), Debtor shall modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

**(5)** Post-petition payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim were current and no arrearage existed on the date the case was filed.

**(c) No claim modification.** Each Class 1 creditor shall retain its lien. Other than to cure of any arrearage, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Arrearage Dividend | Monthly Contract Installment Amount |
|---|---|---|---|---|
| -NONE- | | | | |
| | | | Totals: $0.00 | $0.00 |

**2.09. Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

**(a) Payment of claim.** Trustee shall pay each Class 2 claim the equal monthly amount specified below as the monthly dividend. Subject to section 2.09(c), Class 2 claims will be paid in full. The payment of a Class 2 claim shall include interest unless a "0%" rate is specified below. If no rate is specified, a 10% rate will be imputed.

**(b) Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment if required by section 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with his customary month-end disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

**(c) Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, subject to the two limitations below, Debtor may reduce the claim to the value of the collateral securing it by filing, serving, setting for hearing, and prevailing on a motion to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of its collateral, the failure to move to value that collateral in conjunction with plan confirmation may result in the denial of confirmation.

(1) Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value.

(2) Debtor is prohibited from modifying the rights of a holder of a claim secured only by a security interest in real property that is Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien until completion of the plan and, unless not required by Bankruptcy Court, entry of Debtor's discharge.

| Class 2 Creditor's Name and description of collateral | Purchase Money Security Interest personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| **A. Class 2 claims not reduced based on value of collateral** | | | | | |
| 1. County of Sacramento Utility Billing  / | N | 1,447.54 | | 4.50% | 27.00 |
| **A. Class 2 claims not reduced based on value of collateral** | | | | | |
| 2. Wells Fargo Dealer Svcs/Prime Time Auto  / 2002 Acura NDX spt util 4DR (200,000 mi.) | Y | 3,000.00 | | 4.75% | 56.27 |
| **B. Class 2 claims reduced based on value of collateral** | | | | | |
| 1. Santander Consumer USA Inc.  / 2004 Lexus GX470 sed 4DR (170,000 mi.) | Y | 38,472.62 | 4,392.00 | 4.75% | 82.38 |
| **C. Class 2 claims reduced to $0  based on value of collateral** | | | | | |
| 1. Daltile Distribution Inc.  / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 Judgment lien recorded 9/28/10  Vacant. | N | 13,834.19 | 0.00 | 0.00% | 0.00 |
| **C. Class 2 claims reduced to $0  based on value of collateral** | | | | | |
| 2. Dennis Alexander  / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 Abstract recorded 1/19/10  Vacant. | N | 1,480.00 | 0.00 | 0.00% | 0.00 |

| Class 2 Creditor's Name and description of collateral | Purchase Money Security Interest personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| C. Class 2 claims reduced to $0 based on value of collateral | | | | | |
| 3. Dennis Alexander / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 Abstract recorded 2/22/10 Vacant. | N | 2,055.16 | 0.00 | 0.00% | 0.00 |
| C. Class 2 claims reduced to $0 based on value of collateral | | | | | |
| 4. Elizabeth L. Wade / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 Abstract of judgment recorded 4/20/09 Vacant. | N | 1,230.00 | 0.00 | 0.00% | 0.00 |
| C. Class 2 claims reduced to $0 based on value of collateral | | | | | |
| 5. James O. Steeb / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 Abstract recorded 4/30/08 Vacant. | N | 7,541.00 | 0.00 | 0.00% | 0.00 |
| C. Class 2 claims reduced to $0 based on value of collateral | | | | | |
| 6. Mohawk Servicing Inc. / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 Abstract recorded 3/1/10 Vacant. | N | 144,299.71 | 0.00 | 0.00% | 0.00 |
| C. Class 2 claims reduced to $0 based on value of collateral | | | | | |
| 7. Price Funeral Chapel, Inc. / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 Abstract recorded 6/1/2009 Vacant. | N | 4,817.39 | 0.00 | 0.00% | 0.00 |
| C. Class 2 claims reduced to $0 based on value of collateral | | | | | |
| 8. Sheffield, Ltd. / 8149 Glen Alta Way, Citrus Heights, CA 95610-0545 House has major water damage. | N | 21,459.27 | 0.00 | 0.00% | 0.00 |
| | | | | | Total **$165.65** |

**2.10. Class 3 includes all secured claims satisfied by the surrender of collateral.** Upon confirmation of the plan, all bankruptcy stays are modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| -NONE- | | |

**2.11. Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. Upon confirmation of the plan, all bankruptcy stays are modified to allow the holder of a Class 4 secured claim to exercise its rights against its collateral and any nondebtor in the event of a default under applicable law or contract.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|
| 1. Wells Fargo Home Mortgage / 8276 Longden Cir., Citrus Heights, CA 95610 | 1,185.82 | Debtor |

**2.12. Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan.** The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay.

D. Unsecured Claims

**2.13. Class 5 consists of unsecured claims entitled to priority** pursuant to 11 U.S.C. § 507. These claims will be paid in full except to the extent the claim holder has agreed to accept less or 11 U.S.C. § 1322(a)(4) is applicable. When section 1322(a)(4) is applicable to a claim, the claim holder and the treatment of the claim shall be specified in the Additional Provisions. The failure to provide the foregoing treatment for a priority claim is a breach of this plan.

| Class 5 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| 1. Franchise Tax Board | Taxes and certain other debts | 1.00 |
| 2. Internal Revenue Service | Taxes and certain other debts | 1.00 |

**2.14. Class 6 includes designated unsecured claims,** such as co-signed unsecured debts, that will be paid in full even though all other nonpriority unsecured claims may not be paid in full.

| Class 6 Creditor's Name | Reason for Special Treatment | Claim Amount |
|---|---|---|
| -NONE- | | |

**2.15. Class 7 consists of all other unsecured claims** not listed as Class 5 or 6 claims. These claims will receive no less than a **0** % dividend. These claims, including the under-collateralized portion of secured claims not entitled to priority, total $ **276,154.46** .

### Section 3. Executory Contracts And Unexpired Leases

**3.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Unless a different treatment is required by 11 U.S.C. § 365(b)(1) and is set out in the Additional Provisions, pre-petition arrears shall be paid in full. The monthly dividend payable on account of those arrears is specified in the table below.

**3.02.** Any executory contract or unexpired lease not listed in the table below is rejected. Upon confirmation of the plan, all bankruptcy stays are modified to allow the nondebtor party to an unexpired lease to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor in the event of a default under applicable law or contract.

| Name of Other Party to Executory Contract/Unexpired Lease | Regular Payment | Pre-petition Arrears | Arrearage Dividend |
|---|---|---|---|
| -NONE- | | | |
| | | Total $0.00 | |

### Section 4. Payment of Claims and Order of Payment

**4.01.** After confirmation, payments to holders of allowed claims and approved expenses will be made monthly.

**4.02. Distribution of plan payment.** Debtor's monthly plan payment must total: **(a)** Trustee's fees; **(b)** post-petition payments due on Class 1 claims; **(c)** the monthly dividend specified in section 2.07 for administrative expenses; and **(d)** the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims and executory contract and unexpired lease arrearage claims. To the extent plan payments are not needed to pay the foregoing

dividends, they shall be paid pro rata, first to Class 5 priority claims, second to Class 6 unsecured claims, and third to Class 7 unsecured claims. Over the plan's duration, these distributions must equal the total dividends required by sections 2.05, 2.07, 2.08, 2.09, 2.13, 2.14, and 2.15.

**4.03. Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 2.07 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by section 1326(b)(3)B), and second to holders of approved administrative expenses on a pro rata basis.

### Section 5. Miscellaneous Provisions

**5.01. Vesting of property.** Any property of the estate **[choose one]** shall ☒ shall not ☐ revest in Debtor upon confirmation of the plan. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**5.02. Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law, the court's Local Bankruptcy Rules impose additional duties on Debtor, including without limitation, obtaining prior court authorization prior to transferring property or incurring additional debt, maintaining insurance, providing Trustee copies of tax returns, W-2 forms, 1099 forms, and quarterly financial information regarding Debtor's business or financial affairs, and providing Trustee not later than the 14 days after the filing of the case with the Domestic Support Obligation Checklist for each domestic support obligation and a Class 1 Worksheet and Authorization to Release Information for each Class 1 claim.

**5.03. Remedies upon default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If the court terminates the automatic stay to permit a Class 1 or 2 secured claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim and any portion of such secured claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the timely filing of a proof of claim.

### Section 6. Additional Provisions

This plan is the court's standard plan form. Other than to insert text into designated spaces, expand tables to include additional claims, or change the title to indicate the date of the plan or that the plan is a modified plan, the preprinted text of this form has not been altered. In the event there is an alteration, it will be given no effect. The signatures below are certifications that the standard plan form has not been altered.

Despite the foregoing, as long as consistent with the Bankruptcy Code, Debtor may propose additional provisions that modify the preprinted text. All additional provisions shall be on a separate piece of paper appended at the end of this plan. Each additional provision shall be identified by a section number beginning with section 6.01 and indicate which section(s) of the standard plan form have been modified.

Additional Provisions **[choose one]** are ☒ are not ☐ appended to this plan.

(Signature Page)

Dated: **December 10, 2014**              **/s/ Sheldon Irving Hirsch**
                                          **Sheldon Irving Hirsch**
                                          Debtor

                                          **/s/ Melanie Meilan Hirsch**
                                          **Melanie Meilan Hirsch**
                                          Joint debtor

Dated: **December 10, 2014**      **/s/ Diana J. Cavanaugh**
                                          **Diana J. Cavanaugh**
                                          Debtor's Attorney

## Section 6 - Additional Provisions for Section 1.01

Payments into plan shall be as follows:
    **$1,250.00 per month for 2 months**
    **$2,160.00 per month for 4 months**
    **$2,176.00 per month for 10 months**
    **$2,206.00 per month for 44 months**

**1.01 Monthly plan payments:**

To date, Debtors have paid $11,140.00 to the Chapter 13 trustee. Six (6) months have elapsed in the Chapter 13 plan. Commencing with the trustee payment due 12/25/14, debtors shall pay $2176.00 per month for ten (10) months, then $2206.00 for forty-four (44) months, for a total plan length of sixty (60) months.

**6.01 Citimortgage Inc. secured claim treatment:**

Notwithstanding the $63,770.33 pre-petition arrearages and $976.43 monthly contract installment owing to this creditor, the actual treatment for Citimortgage Inc.'s secured claim shall be as set forth in these additional provisions for this Chapter 13 Plan.

**6.02  Secured Claim**

Creditor: Citimortgage, Inc. claim secured by a first deed of trust recorded against the real property commonly known as 8149 Glen Alta Way, Citrus Heights, CA 95610.

**6.03 Adequate Protection Payment**

The Debtors have made a loan modification application regarding the Citimortgage Inc. secured claim. The application requests that the prepetition arrearage, to the extent not waived, be included in a new principal amount to be amortized over the life of the loan as modified.

During the loan modification application process, Citimortgage, Inc. shall be paid by the Chapter 13 Trustee in the amount of $1735.00 as an adequate protection payment for its secured claim, pending determination on the loan modification. The monthly adequate protection payment shall be applied first to the post-petition interest accruing on this claim and then principal, or as specified in a loan modification.

The Chapter 13 plan does not modify the rights of Citimortgage Inc. for this secured claim, but provides adequate protection payments during the loan modification process.

**6.04 Loan modification**

Upon completion of a loan modification agreement, if any, the Debtors shall provide a copy of the agreement to the Chapter 13 Trustee and file a motion for approval of the loan modification agreement within fourteen days of the agreement being signed by the Debtor(s) and Citimortgage Inc.  For a loan modification which does not provide for any pre-petition arrearage cure payments to be made during the life of the plan, the claim shall be paid by the Debtor as a Class 4 Claim under this Plan pursuant to the terms of the loan modification, with no modification of this plan required so long as the monthly plan payments to the Chapter 13 trustee are reduced only by the monthly Class 4 payment in an amount not greater than the adequate protection payment.  For a loan modification which requires arrearage cure payments to be made during the life of the Chapter 13 plan, the Claim shall be paid as a Class 1 claim with no interest, with the current monthly payment and the arrearage cure being paid through the Plan.  If the Class 1 payment can be made without altering the treatment provided for other secured creditors or creditors holding general unsecured claims, no modification of the plan shall be required, with the court order approving the modification documenting the agreed treatment of the Class 1 claim.

**6.05  Denial of Loan Modification**

If Citimortgage Inc. determines that a loan modification is not approved, it shall communicate the denial of a modification in writing to the Debtor(s) and counsel for the Debtors by USPS First Class Mail, postage prepaid.  In the event of a denial, the Debtors shall have fourteen days from the mailing of the denial of the modification to file a

modified plan and motion to confirm modified plan to provide for payment of Citimortgage Inc., or alternatively to provide for the surrender of the collateral of Citimortgage Inc.

**6.06 Events of Default, Failure to Modify Plan Upon Rejection of Modification, Failure to Prosecute Loan Modification**

The Debtors shall be in default under the terms of this Plan, and Citimortgage Inc. entitled to exercise its rights to conduct a non-judicial foreclosure sale, as described in the modification of the automatic stay of the Property in the event of any of the following defaults: (1) Default in timely adequate protection payments (2) Default in the payment terms in a court approved loan modification agreement (if not a Class 4 claim for which the Plan terminates the automatic stay) (3) Failure to file and serve a modified plan and motion to confirm modified plan within fourteen days of the mailing of the denial of loan modification (4) Post-petition non monetary default under the Deed of Trust including, without limitation, the failure to timely pay post-petition property taxes or property insurance (5) failure to diligently prosecute the loan modification application. For purposes of these Additional Provisions, the failure to diligently prosecute the loan modification application shall be documented by Citimortgage, Inc. that forms, documents, records, or other information relating to the requested loan modification were requested in writing from the Debtor(s), and not provided by the Debtor(s) within 30 days of the written request having been mailed or delivered personally, by facsimile, or email to the Debtor(s) or designated representative of the Debtors.

**6.07 Modification of the Automatic Stay**

If Citimortgage, Inc. denies in writing Debtors' loan modification request and Debtors do not file a modified plan and motion to confirm modified plan within 14 days of the mailing of the denial, served on the Debtors [and Debtors' bankruptcy counsel], or other grounds for modification exist under the terms of these Additional Provisions for the Citimortgage, Inc. secured claim, Citimortgage Inc. may serve and file an ex parte application for relief from the automatic stay to allow it to conduct a non-judicial foreclosure sale of the property and lodge a proposed order with the court. The ex parte motion shall be limited in grounds set forth in these Additional Provisions. Any opposition to the ex parte motion shall be in writing, filed with the court within 14 days of the mailing of the ex parte motion to the Debtors [and Debtors' counsel], and limited to the grounds arising under these Additional Provisions. The Debtors shall set a hearing on their opposition to the ex parte motion for the first available regular Chapter 13 motion for relief calendar for this Court that is more than 14 days after the date the ex parte motion was mailed to the Debtors. The grounds for modification of the automatic stay and ex parte motion procedure are without prejudice to Citimortgage Inc. filing a motion for relief from the automatic stay on any other grounds and setting the motion for hearing pursuant to the Federal Rules of Bankruptcy Procedures and Local Bankruptcy Rules.

**6.08 Modification of the Automatic Stay**

If Citimortgage Inc. denies in writing Debtor(s)' loan modification request and Debtors do not file a modified plan and motion to confirm modified plan within 14 days of the mailing of the denial, served on the Debtors [and Debtors' bankruptcy counsel], or other grounds for modification exist under the terms of these Additional Provisions for the Citimortgage Inc. secured claim, Citimortgage Inc. may serve an file an ex parte application for relief from the automatic stay to allow it to conduct a non-judicial foreclosure sale of the property and lodge a proposed order with the court. The ex parte motion shall be limited to the grounds set forth in these Additional Provisions. Any opposition to the ex parte motion shall be in writing, filed with the court within 14 days of the mailing of the ex parte motion to the Debtors [and Debtors' counsel], and limited to disputing the grounds arising under these Additional Provisions. The Debtors shall set a hearing on their opposition to the ex parte motion for the first available regular Chapter 13 motion for relief calendar for this court that is more than 14 days after the date the ex parte motion was mailed to the Debtors. The grounds for modification of the automatic stay and ex parte motion procedure are without prejudice to Citimortgage,

Inc. filing a motion for relief from the automatic stay on any other grounds and setting the motion for hearing pursuant to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.

**6.09  Notice of Mortgage Payment Changes**

If Citimortgage, Inc. files a Notice of Mortgage Payment Change, the Trustee shall disregard the notice and make payments pursuant to the Plan.