Michelle R. Ghidotti-Gonsalves, Esq. (Bar No. 232837)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Avenue, Suite 206
Anaheim Hills, CA 92807
Tel: (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorneys for Movant,
PRP II PALS INVESTMENTS TRUST

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>GERALD WILLIAM FILICE,<br><br><br>Debtor. | ) Case No.  15-29534<br>) Chapter 7<br>) Previous Chapter 11<br>)<br>)<br>) **EXHIBITS 1-14 IN SUPPORT OF PRP II**<br>) **PALS INVESTMENTS TRUST'S MOTION**<br>) **FOR RELIEF FROM AUTOMATIC STAY**<br>) **AND DECLARATION IN SUPPORT**<br>) **THEREOF**<br>)<br>) DATE: July 11, 2017<br>) TIME: 9:30 A.M.<br>) CTRM: 35<br>) Location: U.S. Bankruptcy Court<br>)           501 I Street<br>)           Sacramento, CA 95814<br>)<br>) Honorable Christopher M. Klein |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

| Exhibit # | Document |
|-----------|----------|
| 1 | Note |
| 2 | Deed of Trust |
| 3 | Assignment of Deed of Trust |
| 4 | Assignment of Deed of Trust |
| 5 | Notice of Trustee's Sale |
| 6 | Proof of Claim |
| 7 | Schedule A |
| 8 | Schedule D |
| 9 | Broker's Price Opinion |
| 10 | 2008 Docket |
| 11 | 2009 Docket |
| 12 | 2010  Docket |
| 13 | 2012  Docket |
| 14 | 2015  Docket |

Respectfully submitted,

LAW OFFICES OF MICHELLE GHIDOTTI

Dated:  June 13, 2017                    By:        /s/ Michelle Ghidotti-Gonslaves, Esq.

Michelle Ghidotti-Gonslaves
Attorneys for PRP II Pals Investments Trust

# EXHIBIT "1"

# ADJUSTABLE RATE NOTE

| LENDER: | BORROWER: |
|---|---|
| FORD CONSUMER FINANCE COMPANY, INC.<br>23046 AVENIDA DE LA CARLOTA, #100<br>LAGUNA HILLS, CA 92653 | GERALD WILLIAM FILICE<br>URSULA FILICE<br><br>4060 RONTREE LANE<br>SOMERSET, CA 95684 |

| DATE | FIRST PAYMENT DATE | MATURITY DATE AND FINAL PAYMENT DATE | PRINCIPAL | LOAN FEE |
|---|---|---|---|---|
| 06/26/96 | 08/15/96 | 07/15/11 | $ 142,000.00 | $ 2,130.00 |

[X] *If this box checked you are licensed as a California Finance Lender, License* REDACTED *, and this loan is made pursuant to the California Finance Lenders Law, Division 9 (commencing with Section 22000) of the Financial Code. I will use the proceeds of this loan for personal, family or household purposes.*

"I," "we," "me," "us," "my," and "our" refer to the borrower(s) named above. "You" and "your" refer to the Lender named above.

**REPAYMENT**

I promise to pay you, at your office, the address of which is shown above, or some other address if required by you, the Principal together with interest calculated at the Agreed Rate of Interest as determined below until fully paid.

I will repay my loan by making payments every month. Payments will be made on the __15TH__ day of every month beginning on the First Payment Date shown above until the loan is fully paid. If there is no such date in any month that follows the First Payment Date, payment will be made on the last day of that month.

The amount of the payment I make monthly will change if the amount of the Agreed Rate of Interest changes. Increases in the amount of the Agreed Rate of Interest will result in higher payment amounts. Decreases in the amount of the Agreed Rate of Interest will result in lower payment amounts. I will pay the new payment amount on the first monthly payment date after a change in the amount of the Agreed Rate of Interest and will continue to pay that amount monthly until the amount of the payment changes again. You will give me notice of any changes in the amount of the payment I make monthly before the effective date of any changes.

Each payment I make will be applied first to interest owed to the date of payment and the remainder to the principal balance.

Payment(s) in the amount(s) shown below will be due as shown below. If there is no such date in any month that follows, payment will be made on the last day of that month.

| AMOUNT | DUE DATE(S) | |
|---|---|---|
| $ 1,132.78 | Beginning | 08/15/96 . |
| $ 1,286.83 | Beginning | 02/15/97 . |
| $ 1,445.26 | Beginning | 08/15/97 . |
| $ 1,482.66 | Beginning | 02/15/98 . |
| $ 121,114.71 | | 07/15/11 |

All amounts owed will be due and payable on the Final Payment Date shown above.

**AGREED RATE OF INTEREST**

THIS IS A VARIABLE INTEREST RATE LOAN AND THE AGREED RATE OF INTEREST WILL INCREASE OR DECREASE WITH CHANGES IN THE INDEX, AS SET FORTH BELOW:

The Index is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, "LIBOR", based on quotations at major banks as published in the "Money Rates" section of The Wall Street Journal. The agreed rate of interest is subject to change every six months, and will be determined by the sum of the Index plus a "Margin" as stated below. The date on which my agreed rate of interest will be subject to change is the "Rate Change Date." The date on which the value of the Index is examined for purposes of determining the agreed rate of interest is the "Rate Determination Date," and will be the last business day of the second month prior to any Rate Change Date.

**CURRENT AGREED RATE OF INTEREST**

The Index as of the last business day of __MAY__ , is __5.650__ percent, my Margin is __6.550__ percent therefore, the "current" agreed rate of interest is __12.200__ percent per year.

**FULLY INDEXED VARIABLE INTEREST RATE**

[ ] *If this box is checked, the following provision applies.*

The agreed rate of interest will increase or decrease on the sixth payment due date and every sixth month thereafter, if the Index as of the Rate Determination Date has increased or decreased from the rate for the previous six month period. Agreed rate of interest changes will be effective upon twenty-five (25) days written notice. The agreed rate of interest cannot increase or decrease more than one and one half percent (1.50%) in any six-month period from the Loan Date. In no event, however will the agreed rate of interest ever be less than __10.200__ percent per year or more than __18.200__ percent per year.

REDACTED     REDACTED

Rev. 7-19-95

**DISCOUNTED VARIABLE INTEREST RATE**

[×] *If this box is checked, the following provision applies.*

However, until my sixth payment due date, my agreed rate of interest is discounted and will be __8.85__ percent per year.

Beginning with the sixth payment due date, the agreed rate of interest will be determined by adding the Margin to the Index as of the Rate Determination Date. Thereafter, the agreed rate of interest will increase or decrease on the twelfth payment due date and every six (6) months thereafter (Rate Change Dates), if the Index as of the Rate Determination Date has increased or decreased from the Index for the previous six-month period. Agreed rate of interest changes will be effective upon twenty-five (25) days written notice. The agreed rate of interest cannot increase or decrease more than one and one half percent (1.50%) in any six-month period from the Loan Date. In no event, however, will the agreed rate of interest ever be less than __6.850__ percent per year or more than __14.850__ percent per year.

Adjustments to the agreed rate of interest shall be given effect by changing the dollar amounts of the remaining scheduled monthly payments in the month of the Rate Change Dates so that the total amount due under this variable rate promissory note will be paid in full by the Maturity Date and Final Payment Date shown above.

If the Index is no longer available, you will choose a new index which is based upon comparable information. You will give me notice of this choice. You reserve the right to waive part or all of any adjustment resulting from an agreed rate of interest increase.

I agree to pay interest after maturity at the agreed rate of interest that is in effect as of the Maturity Date shown above, until paid in full.

**BALLOON PAYMENT**

[×] *If this box is checked, the following provision applies.*

My loan is payable in full at the end of __15__ year(s). A balloon payment of approximately $ __121,114.71__ and all other amounts owed will be due and payable on the Final Payment Date. You are under no obligation to refinance the balance of my loan at that time. I will therefore be required to make payment out of other assets I may own or I may have to find a lender willing to lend me the money at prevailing market interest rates, which may be considerably higher or lower than the agreed rate of interest on this loan. If I refinance this loan on the Maturity Date shown above, I may have to pay some or all the closing costs normally associated with a new loan, even if I obtain refinancing from you.

**DEFAULT**

I will be in default if I fail to pay any payment or part of a payment on time; I fail to comply with any of the terms of the Deed of Trust on the real estate given as security for this loan; or I sell, agree to sell, convey, assign, or alienate any real estate which may secure this loan.

If I default, you have the right to declare the entire unpaid amount of my loan immediately due and payable without demand after giving me notice of the default. If you declare the entire unpaid amount of my loan due and payable, you have the rights and remedies provided for in the Deed of Trust that secures this loan, including the right to require me to pay any deficiency.

The separate property of any married person who shall have signed this Note shall be liable in the event of judgment for any remainder of the debt created by this Note after the security given shall have become exhausted or valueless.

**LATE CHARGES**

If any payment is more than 10 days late, I agree to pay you a late charge in an amount equal to 6% of the amount of the late payment or $5.00, whichever is greater.

**ATTORNEY FEES**

I agree to pay reasonable attorney's fees if this Note is referred for collection to an attorney who is not your salaried employee.

**PREPAYMENT**

Subject to the prepayment penalty below, I have the right to make payment in advance in any amount at any time. However, if I prepay in full, no part of the escrow fee or the Loan Fee shown above will be refunded.

**PREPAYMENT PENALTY**

[×] *If this box is checked, the following provision applies.*

If an amount in excess of 20% of the Principal shown above is paid in any 12-month period within __5__ year(s) from the Date shown above, I agree to pay a prepayment penalty in an amount equal to the interest on the amount prepaid in excess of 20% of the Principal shown above for six months at the Agreed Rate of Interest in effect at the time of prepayment

This prepayment penalty applies whether prepayment is voluntary or involuntary (even if it results from your acceleration of the debt in the event of my non-performance of any of the terms of this Note or the Deed of Trust that secures this loan).

However, this provision shall not apply if I prepay the loan in full with the proceeds of another loan from you or one of your affiliates.

**BAD CHECK CHARGE**

If any check or instrument given as payment on this indebtedness is dishonored, I agree to pay you a service charge of $10.00.

NOTICE: See additional pages for additional loan terms.

REDACTED　　　　　　　　　　　　　　　　　　　　　　　　　　REDACTED

Rev. 3-0-93

| | |
|---|---|
| SALE OF LOAN | If my loan is sold or transferred for servicing at a later date, I will be given notice of that fact prior to the creation of any duty on my part to the new servicing agent or owner. I will also receive such notice from the new servicing agent or owner. |
| DELAY IN ENFORCEMENT | You can delay enforcing your rights under this Note without losing them. If I default in complying with any of the terms of my loan and you do not declare the unpaid amount of my loan immediately due and payable, this does not mean you cannot do so in the future if I default again. |
| SECURITY FOR THIS LOAN | I give you a Deed of Trust dated the same date as this Note to assure payment of my loan. |

The Alternative Mortgage Transaction Parity Act of 1982 governs certain provisions of this loan.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE RECEIVED A FULLY COMPLETED COPY OF THIS NOTE.

_Laurie A. Adam_    **Witness**

_Laurie A. Adam_    **Witness**

X _____    6/28/96
GERALD WILLIAM FILICE    Date

X _____    6/28/96
URSULA FILICE    Date

_____    Date

_____    Date

Page 3 of 3

REDACTED NOTICE: See additional pages for additional loan terms.

REDACTED
Rev. 9-5-95

**TRANSAMERICA FINANCIAL SERVICES**
1333 WILLOW PASS ROAD, SUITE 110
CONCORD, CALIFORNIA 94520

Creditor:     LIC. NO. REDACTED (7429)

## PROMISSORY NOTE

16-042 PIE (Rev. 12-88)

| NAME | | | | DATE OF LOAN | ACCOUNT NUMBER |
|---|---|---|---|---|---|
| Gerald William Filice and Ursula Filice | | | | 6-26-96 | REDACTED |
| STREET ADDRESS | | | | DATE FUNDS DISBURSED | FINAL PAYMENT DUE DATE |
| 4060 Rontree Ln | | | | 6-28-96 REDACTED | 7-4-01 |
| APT. NUMBER OR P.O. BOX | | | | NUMBER OF PAYMENTS | |
| | | | | 60 | |
| CITY, STATE, ZIP CODE | | | | FINAL PAYMENT EQUAL IN ANY CASE TO UNPAID PRINCIPAL AND CHARGES | AMOUNT OF FIRST PAYMENT |
| Somerset, CA 95684 | | | | | 162.72 |
| ANNUAL PERCENTAGE RATE | FINANCE CHARGE * | AMOUNT FINANCED | TOTAL OF PAYMENTS | OTHER PAYMENTS ARE DUE SAME DAY OF EACH SUCCEEDING MONTH | AMOUNT OF OTHER PAYMENTS |
| 21.43 % | $ 3,430.70 | $ 5,346.02 | $ 8,776.72 | | 146.00 |
| REDACTED | | | | | FIRST PAYMENT DUE DATE |
| | | | | | 8-4-96 |

| TOTAL PREPAID FINANCE CHARGES | | INTEREST CHARGES | | | FINANCE CHARGE * |
|---|---|---|---|---|---|
| 465.57 | PLUS | 2,965.13 | | EQUAL | 3,430.70 |
| TOTAL PREPAID FINANCE CHARGES | | AMOUNT FINANCED | | | TOTAL AMOUNT OF LOAN |
| 465.57 | PLUS | 5,346.02 | | EQUAL | 5,811.59 |

**SECURITY; THIS LOAN IS SECURED BY:**

☐ A SECURITY INTEREST IN THE FOLLOWING MOTOR VEHICLE(S):     ☒ A TRUST DEED ON REAL PROPERTY DATED __6-26-96__

| YEAR MODEL | TRADE NAME | BODY TYPE & TRUCK TONNAGE | FACTORY SERIAL OR IDENTIFICATION NO. | STATE LICENSE NO. |
|---|---|---|---|---|
| | | | | |
| | | | | |

☐ PERSONAL PROPERTY SECURITY

Real estate located at the following address: __4060 Rontree Ln, Somerset CA 95684__

| AGREED RATE OF CHARGE | 17.5 | % per annum interest on the Total Amount of Loan. | Computed on the basis of number of days actually elapsed, a year being any period of 365 consecutive days. |
|---|---|---|---|

In the following text, the words "you" and "your" refer to the lender, the words "I", "me" and "my" refer to the borrower and co-borrower, and the words "principal" or "principal balance" means that portion of the debt owing on which interest is or may be charged. The terms and conditions set forth in the Security Agreement and Promissory Note constitute the entire agreement between you and me regarding them. No promise or modification shall be binding unless executed in writing by you and me.

## PROMISSORY NOTE

BORROWER'S PROMISE TO PAY. In return for the loan that I have received, I promise to pay you the Total Amount of Loan (Amount Financed plus Total Prepaid Finance Charges) as shown above, plus interest which will be charged on the unpaid principal balance until the full amount of principal has been paid.

INTEREST. The yearly rate of interest is shown in the Agreed Rate of Charge section above. I will pay this interest rate both before and after any default described in this Promissory Note.

PAYMENTS. I will make monthly payments in the amounts and on the dates all as shown above. I will make these payments every month until I have paid all of the principal and interest and any other charges I may owe under this Promissory Note. My monthly payment will be applied to interest and accrued charges before principal. My monthly payment will be applied to interest and accrued charges before principal. This account accrues interest on a daily basis. If payments are made on time, this loan will be paid in full by the final payment date. If payments are paid late, a greater portion of the payment(s) will be applied to accrued interest, except (a) any amounts under this Promissory Note, interest, at the rate shown above, will be charged on the remaining balance. Any due date falling on a Sunday or legal holiday will be extended to the next business day.

RETURNED CHECK CHARGES. If any check I give you is returned unpaid, I will pay you an additional fee of fifteen dollars ($15.00) for each check returned.

BORROWER'S RIGHT TO PREPAY. I have the right to make prepayments of principal at any time. If an amount exceeding 20% of the Total Amount of Loan (Amount Financed plus Total Prepaid Finance Charges) is prepaid in any 12 month period, within the first two (2) years on any loan with an original term of 60 months or less, or within five (5) years on any other loan, I will pay a prepayment penalty equal to six (6) months interest at the Agreed Rate of Charge on the amount prepaid which is in excess of 20% of the original Total Amount of Loan. I agree that said penalty shall be due whether the prepayment is voluntary or involuntary, including any prepayment effected by the exercise of the acceleration clause. I agree to pay the above Total Prepaid Finance Charges which are not subject to refund in the event of prepayment.

LOAN CHARGES. It is understood and agreed that to the extent possible, each provision of this Note shall be interpreted to be valid under applicable law. If any provision is held to be invalid, such provision shall be ineffective, but no other provisions shall be invalidated or affected thereby. Notwithstanding any provision to the contrary in this Promissory Note or the Trust Deed, no such provision shall require the payment or permit the collection of any amount in excess of the maximum amount of interest permitted by applicable law to be charged for the use or detention, or the forbearance in the collection, of all or any portion of the indebtedness evidenced by this Promissory Note ("Excess Interest"). If any Excess Interest is provided for, or is adjudicated to be provided for, in this Promissory Note or the Trust Deed then, in such event: (a) the provisions of this paragraph shall govern and control; (b) neither I nor any guarantor or endorser shall be obligated to pay any Excess Interest; (c) any Excess Interest that you may have received hereunder shall, at your option, be (i) applied as a credit against the then outstanding principal balance of the loan, accrued and unpaid interest thereon (not to exceed the maximum amount permitted by applicable law), any other of my liabilities, or all of the foregoing; (ii) refunded to the payor thereof; or (iii) any combination of the foregoing; (d) the interest rate shall be automatically subject to reduction to the maximum lawful contract rate allowed under applicable usury law and this Promissory Note and the Trust Deed shall be deemed to have been, and shall be, reformed and modified to reflect such reduction in the interest rate; and (e) neither I nor any guarantor or endorser shall have any action against you for any damages whatsoever arising out of the payment or collection of any Excess Interest. In determining whether or not the interest paid or payable under any specific contingency or would constitute Excess Interest, you and I shall, to the maximum extent permitted under applicable law: (a) characterize any non-principal payment as an extense, fee or premium rather than as Interest; (b) exclude voluntary prepayment and the effect thereof; and (c) "spread" the total amount of interest throughout the maximum term of the obligation so that the interest rate is uniform throughout the entire term of the obligation.

BORROWER'S FAILURE TO PAY AS REQUIRED. If I do not pay the full amount of each monthly payment by the date it is due or if the terms of the Security Agreement or Trust Deed I may have given in connection with this loan are not complied with, I will be in default and you may declare the entire principal balance and unpaid charges due and payable at once. If you or I fail to meet our obligations under this agreement and the other of us succeeds in enforcing this agreement in arbitration or a legal proceeding, the losing party must pay the winning party's reasonable attorney's fees, legal costs and expenses. I also agree that if you make any advances to pay any obligation which would otherwise be a lien against the property securing this loan, that amount will be a part of the principal balance owing and will bear interest just as if it were part of the original loan.

EXTENSION OF TIME. You may waive one or more defaults without losing your right to accelerate maturity on any future default. I consent to you granting an extension of time on any payment without giving me notice and I will not use this as a defense for any default.

DUE ON SALE. If I sell, convey, transfer, dispose of, or further encumber the real property securing this Promissory Note without your prior written consent, you may declare the entire unpaid principal balance and unpaid charges due and payable at once.

SECURITY INSTRUMENT. This Note is secured by a Trust Deed on real property; the date of the Trust Deed is shown above. I agree to pay the actual fees required by the Trustee for reconveyance and for the recording of the reconveyance of the Trust Deed when the loan is paid in full.

TITLE INSURANCE. I understand and agree that title insurance on my real property offered as collateral for this loan is required. I authorize you to arrange for the purchase of such insurance from a company of your choice with the premium to be deducted from this loan.

BROKER OMISSION. No person has performed an act as a broker in connection with this loan.

GOVERNING LAW. It is agreed that this loan is made pursuant to the California Finance Lenders Law, Division 9 of the Financial Code.

CONSUMER REPORT AUTHORIZATION. My signature on this Promissory Note on authorizes you, from time to time during the term of this Promissory Note and at no cost to me, to request and obtain a consumer report from a consumer reporting agency.

REDACTED SSN OF BORROWER     REDACTED SSN OF CO-BORROWER

THE UNDERSIGNED ACKNOWLEDGES RECEIPT OF A COPY OF THIS PROMISSORY NOTE AND HAS VERIFIED THE SOCIAL SECURITY NUMBER(S) LISTED ABOVE.

CREDITOR _____     BORROWER _____     BORROWER _____

By: _____

ORIGINAL

# EXHIBIT "2"

033845

OFFICIAL RECORDS
EL DORADO COUNTY CALIF
RECORD REQUESTED BY:

Chicago Title **Company**

96 JUL -3 PM 1: 40

WILLIAM "BILL" SCHULTZ
COUNTY RECORDER-CLERK    REDACTED

REDACTED

**RECORDING REQUESTED BY**

CHICAGO TITLE

AND WHEN RECORDED MAIL TO

Document Control
P. O. Box 2610
Laguna Hills, CA 92654

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Deed of Trust

This Deed of Trust, made ___06/26/96___ , between
GERALD WILLIAM FILICE AND URSULA FILICE, HUSBAND AND WIFE AS community property

herein called TRUSTOR, whose address is 4060 RONTREE LANE

SOMERSET, CA 95684

DOVE ESCROW COMPANY                            , herein called TRUSTEE, and
FORD CONSUMER FINANCE COMPANY, INC.              ,herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in   EL DORADO              County, California, described as:
PARCEL 3, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PARCEL MAP", FILED IN THE OFFICE OF THE RECORDER OF THE
COUNTY OF EL DORADO, STATE OF CALIFORNIA, ON MARCH 18, 1974, IN BOOK 5 OF PARCEL MAPS, AT PAGE 75.
ASSESSOR'S PARCEL NUMBER REDACTED

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given
to and conferred upon Beneficiary to collect and apply such rents, issues, and profits.
For the Purpose of Securing:
   1. Performance of each agreement of Trustor herein contained.
   2. Payment of the indebtedness evidenced by one Adjustable Rate Note of even date herewith and incorporated herein by
reference and any extension or renewal thereof, in the principal sum of $   142,000.00   executed by Trustor in favor of
Beneficiary or order.
   3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when
evidenced by another promissory note (or notes) reciting it is so secured.
To Protect the Security of This Deed of Trust, Trustor Agrees:
   1. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore
promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon and to
pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or
requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or
permit any upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which, from
the character or use of said property, may be reasonably necessary, the specific enumerations herein not excluding the general.
   2. To provide, maintain, and deliver to Beneficiary an insurance policy insuring the said property and improvements against
loss by fire, hazards included within the term "extended coverage", and any other hazard for which Beneficiary requires insurance,
satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied
by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine or, at option of Beneficiary, the
entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any
default or notice of default hereunder or invalidate any act done pursuant to such notice.
   3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of
Beneficiary or Trustee.
   4. To pay: at least ten days before delinquency, all taxes and assessments affecting said property, including assessments on
appurtenant water stock, when due; and all allowable expenses of this Trust.

REDACTED                           Page 1 of 3                           REDACTED

BOOK 4724 PAGE 559

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any legal proceeding (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, or to enforce laws or regulations) purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and, in exercising any such powers, pay allowable expenses.

5. To pay immediately and without demand all allowable sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the Agreed Rate of Interest as determined above.

6. That any award of damages in connection with any condemnation for public use or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7. That by accepting payment of any sum secured hereby after its due date Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8. That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said Adjustable Rate Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof.

9. That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said Adjustable Rate Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance may be described as "the person or persons legally entitled thereto."

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary, upon giving written notification to the Trustor or his successors, etc., may either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less allowable expenses of operation upon any indebtedness secured hereby, and such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application hereof as aforesaid, shall not cure or waive any default hereunder or invalidate any act done pursuant to such notice.

11. That in the event the herein described property is sold, agreed to be sold, conveyed, assigned or alienated by the Trustor, all obligations secured by this instrument, without demand but upon notice, shall become due and payable at the option of the holder hereof.

12. That upon default by Trustor in payment of any indebtedness secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, said Adjustable Rate Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale. Trustee may postpone sale of all or portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all other sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto. However, all costs, fees, and expenses set forth in this paragraph shall not be applicable nor charged to the Trustor or his successor in interest.

13. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

BOOK 4724 PAGE 560

14. That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns, the term Beneficiary shall mean the owner and holder, including pledgee, of the Adjustable Rate Note secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

15. That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

16. That the term "Allowable" as referred to in this Deed of Trust is defined as pertaining only to charges, costs, and expenses as permitted under the "Consumer Finance Lender's Law."

17. That the property will be owned and occupied by the Trustor as his primary residence during the time this Deed of Trust is in effect. Any breach or default by the Trustor will give rise to the Beneficiary's right to accelerate and declare immediately due and payable all of the obligations secured by this Deed of Trust.

The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

*Signature(s) of Trustor(s)*

X ~~GERALD WILLIAM FILICE~~

X ~~URSULA FILICE~~

State of California  } SS.

County of *Contra Costa*

On *June 28, 1996* before me, *Thomas A. Kamp*,
Notary Public, personally appeared *Gerald William Filice and Ursula Filice*
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Thomas A. Kamp*    (Seal)

Thomas A. Kamp
Comm. #981337
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
Comm. Expires Jan. 3, 1997

Title Order No. _____     Loan No. _____

BOOK 4724 PAGE 561

## RECONVEYANCE RIDER TO MORTGAGE OR DEED OF TRUST

This Rider to Mortgage or Deed of Trust is attached and made a part of the Mortgage or Deed of Trust ("Security Instrument") dated _6/26/96_ by and between _GERALD WILLIAM AND URSULA FILICE_ ("Borrower") and _FORD CONSUMER FINANCE COMPANY, INC._ ("Lender") which secures a Note or Revolving Credit Agreement in the original principal amount or line of credit of $_142,000.00_. The Security Instrument is hereby modified and amended to include the following provision:

> Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all Notes or Revolving Credit Agreements evidencing the debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty. If there is no Trustee under the Security Instrument, Lender shall release the Security Instrument in accordance with applicable law. Unless prohibited by applicable law, the Trustee or Lender may charge a fee for services rendered in connection with the preparation, execution or recordation of a reconveyance or release of lien, demand statement or request for a reconveyance or release of lien. The amount of any reconveyance and release or demand fee shall be in the discretion of Trustee or Lender, and shall not exceed the maximum amount, if any, set forth in applicable law for such fees.

The provisions of this Rider shall control over and supersede any inconsistent provisions in the Security Instrument.

Dated: _6/28/96_

_____
Borrower

_____
Borrower

LEWPWINGOUEFFVMRIDER.WPD

END DOCUMENT

BOOK 4724 PAGE 562

# EXHIBIT "3"

Recording Requested by:
Orion Financial Group, Inc.

PLEASE FORWARD RECORDED
DOCUMENT TO:
CITIMORTGAGE, INC.
c/o Orion Financial Group, Inc.
2860 Exchange Blvd. # 100
Southlake, TX 76092

**REDACTED**

El Dorado, County Recorder
William Schultz Co Recorder Office
**DOC- 2011-0014507-00**
Check Number  1028469
Thursday, MAR 31, 2011 09:11:54
Ttl Pd    $18.00        Nbr-0001335642
                              JLR/C1/1-1

### Assignment of Deed of Trust          Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **FORD CONSUMER FINANCE COMPANY, INC  6225 N. 24TH ST., STE. 201,
PHOENIX, AZ 85016 (Assignor)** by these presents does assign and set over, without recourse, to **CITIMORTGAGE, INC.  4050
Regent Blvd., Mail Stop N2A-222, Irving, TX 75063 (Assignee)** the described deed of trust with all interest, all liens, any rights due
or to become due thereon, executed by **GERALD WILLIAM FILICE AND URSULA FILICE, HUSBAND AND WIFE AS
COMMUNITY PROPERTY** to FORD CONSUMER FINANCE COMPANY, INC..    Said deed of trust **Dated: 6/26/1996** is
recorded in the **State of CA, County of El Dorado on 7/3/1996, Instrument # 033845 AMOUNT: $ 142,000.00**    Property
Address: 4040 RONTREE LANE, SOMERSET, CA 95684

IN WITNESS WHEREOF, the undersigned corporation has caused this instrument to be executed as a sealed instrument by its proper
officer.  Executed on:  March 24, 2011
FORD CONSUMER FINANCE COMPANY, INC.

By:  _____                    **REDACTED**

M. Mathews, Vice President                         FILICE  KLREDACTED

State of Texas, County of Tarrant
        Before me, Julie Bacon, Notary Public, personally appeared, M. Mathews, Vice President known to me to be the person(s)
whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and
consideration therein expressed.
Given under my hand and seal of office on 03/24/2011.

> **JULIE BACON**
> MY COMMISSION EXPIRES
> November 30, 2014

Notary public, Julie Bacon
My commission expires: November 30, 2014

03/31/2011,20110014507

                    CA  El Dorado

**REDACTED**

**REDACTED**

# EXHIBIT "4"

Recording Requested by:
M. E. Wileman

PLEASE FORWARD RECORDED
DOCUMENT TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092

**REDACTED**

El Dorado, County Recorder
William Schultz Co Recorder Office
DOC- 2013-0043767-00
Check Number 1159202
Tuesday, AUG 20, 2013 09:21:37
Ttl Pd    $18.00    Rcpt # 0001547821
AKB/C1/1-1

### Assignment of Deed of Trust

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **CITIMORTGAGE, INC. 4050 REGENT BLVD, MS N2A-222, IRVING, TX 75063 (Assignor)** by these presents does assign and set over, without recourse, to **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-9 1610 E. St. Andrew Place, Suite B, Santa Ana, CA 92705 (Assignee)** the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **GERALD WILLIAM FILICE AND URSULA FILICE, HUSBAND AND WIFE AS COMMUNITY PROPERTY** to FORD CONSUMER FINANCE COMPANY, INC.. Trustee: DOVE ESCROW COMPANY  Said deed of trust **Dated: 6/26/1996 is recorded in the State of CA, County of El Dorado on 7/3/1996, Instrument # 033845 AMOUNT: $ 142,000.00**   Property Address: 4060 RONTREE LANE, SOMERSET, CA 95684

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed as a sealed instrument by its proper officer.  Executed on: August 6, 2013
CITIMORTGAGE, INC.

By: 

Melanie A. Arndt, Vice President

**REDACTED**

FILICE    YNS REDACTED

State of Texas, County of Tarrant
   Before me, Julie Bacon, Notary Public, personally appeared, Melanie A. Arndt, Vice President known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on 08/06/2013.

JULIE BACON
MY COMMISSION EXPIRES
November 30, 2014

Notary public, Julie Bacon
My commission expires: November 30, 2014

**REDACTED**

08/20/2013, 20130043767          CA  El Dorado          **REDACTED**

# EXHIBIT "5"





El Dorado, County Recorder
William Schultz Co Recorder Office
**DOC- 2015-0026278-00**
Check Number 136906

Wednesday, JUN 10, 2015 12:38:24
**Ttl Pd    $21.00      Nbr—0001688387**
MMF / C1 / 1-2

Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code 2923.3)
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 6/26/1996. UNLESS YOU TAKE ACTION
TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn
by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings
association, or savings bank specified in Section 5102 to the Financial Code and authorized to do business in this
state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or
implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by
the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the
Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the
initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on
the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):     **GERALD WILLIAM FILICE AND URSULA FILICE, HUSBAND AND WIFE AS
COMMUNITY PROPERTY**
Recorded:     7/3/1996 as Instrument No. 033845 in Book 4724  Page 559    of Official Records in the office
of the Recorder of **EL DORADO** County, California;

Date of Sale:   **7/7/2015 at 2:30 PM**
Place of Sale:  **AT THE MAIN STREET ENTRANCE TO THE COUNTY COURTHOUSE, 495 MAIN
STREET, PLACERVILLE, CALIFORNIA 95667**
Amount of unpaid balance and other charges: **$301,946.62**
The purported property address is:    **4040 RONTREE LN, SOMERSET, CA 95684**
Assessor's Parcel No.: **094-150-07-100**



**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **714-730-2727** for information regarding the trustee's sale or visit this Internet Web site **http://www.qualityloan.com**, using the file number assigned to this foreclosure by the Trustee: **CA-09-240853-CH**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.**

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Date:

**JUN 0 8 2015**

**Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711 For NON SALE information only**
**Sale Line: 714-730-2727**
**Or Login to: http://www.qualityloan.com**
**Reinstatement Line: (866) 645-7711 Ext 5318**

Quality Loan Service Corp. by Christine Bitanga, as Authorized Agent.

06/10/2015, 20150026278

# EXHIBIT "6"

**Fill in this information to identify the case:**

Debtor 1 _____Gerald William Filice_____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: __Eastern__ District of __CA__
(State)

Case number __15-29534__

---

## Official Form 410

# Proof of Claim

**12/15**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

---

| **Part 1:** | **Identify the Claim** |

| | |
|---|---|
| 1. **Who is the current creditor?** | PRP II Pals Investments Trust _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Statebridge Company, LLC _____<br>Name<br><br>5680 Greenwood Plaza Blvd., Suite 100S _____<br>Number　　Street<br><br>Greenwood Village CO 80111 _____<br>City　　　　　　　　State　　　　ZIP Code<br><br>Contact phone (866) 466-3360 _____<br><br>Contact email _____<br><br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number　　Street<br><br>_____<br>City　　　　　　　　State　　　　ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known) _____　　Filed on _____<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _3529_ ____ ____ ____

S.304-002.NF

**7. How much is the claim?**     $309,161.64 _____ . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

LOAN MATURED JULY 15, 2011

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Promissory Note          June 26, 1996

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

Nature of property:    4060 Rontree Ln, Somerset, CA 95684

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection:    Note and Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                $_____

Amount of the claim that is secured:    $309,161.64 _____

Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $309,161.64 _____

Annual Interest Rate (when case was filed) 11.93 ___ %

☐ Fixed

☒ Variable

Proof of Claim will be amended to include all loan documents

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

242

Official Form 410                    **Proof of Claim**                    page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.     $_____

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:     Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   4/11/2016

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Melissa A. Vermillion | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney |
|---|---|

| Company | Prober & Raphael, A Law Corporation |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 20750 Ventura Blvd. Suite 100 |
|---|---|
| | Number     Street |
| | Woodland Hills, CA  91364 |
| | City     State     ZIP Code |

| Contact phone | 818-227-0100 | Email | cmartin@pralc.com |
|---|---|---|---|

## Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 15-29534 | TOTAL DEBT CLAIM Loan Matured Principal balance: | $130,368.71 | Principal & interest due: | **Total Debt Claim** | Principal & interest: | $1,433.92 |
| Debtor 1: | **GERALD WILLIAM FILICE** | Interest due: | $129,552.57 | Prepetition fees due: | $0.00 | Monthly escrow: | $70.59 |
| Debtor 2: | | Fees, costs due: | $34,988.52 | Escrow deficiency for funds advanced: | $0.00 | Private mortgage insurance: | $0.00 |
| Last 4 digits to identify | 3529 | Escrow deficiency for funds advanced | $14,251.84 | Projected escrow shortage: | $0.00 | Total Monthly Payment | $1,504.51 |
| Creditor | PRP II Pals Investments Trust | Less total funds on hand | $0.00 | Less Funds on Hand | $0.00 | | |
| Servicer | Statebridge Company, LLC | Total Debt | $309,161.64 | Total prepetition arrearage | $0.00 | | |
| Fixed accrual/daily simple interest/other | variable | | | | | | |

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | Balance After Amount Received or Incurred | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | Description | F. Contractual due date | G. Prin,& int past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees or charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |

| A. Date | B. | C. | D. | Description | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | *Balances Before to Default* | | | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ - | $ - |
| 3/13/2002 | | | $ 85.00 | FC Attornet Costs | | | | | | $85.00 | | 130,368.71 | $ - | 14,251.84 | $ 85.00 | $ - |
| 3/21/2002 | | | $ 105.00 | BPO Fee | | | | | | $105.00 | | 130,368.71 | $ - | 14,251.84 | $ 190.00 | $ - |
| 3/27/2002 | | | $ 125.00 | FC Attorney Fees | | | | | | $125.00 | | 130,368.71 | $ - | 14,251.84 | $ 315.00 | $ - |
| 2/16/2006 | | | $ 50.00 | FC Attornet Costs | | | | | | $50.00 | | 130,368.71 | $ - | 14,251.84 | $ 365.00 | $ - |
| 2/16/2006 | | | $ 360.00 | FC Attorney Costs | | | | | | $360.00 | | 130,368.71 | $ - | 14,251.84 | $ 725.00 | $ - |
| 12/18/2006 | | | $ 517.00 | FC Attornet Costs | | | | | | $517.00 | | 130,368.71 | $ - | 14,251.84 | $ 1,242.00 | $ - |
| 12/18/2006 | | | $ 59.00 | FC Attornet Costs | | | | | | $59.00 | | 130,368.71 | $ - | 14,251.84 | $ 1,301.00 | $ - |
| 12/18/2006 | | | $ 25.00 | FC Attornet Costs | | | | | | $25.00 | | 130,368.71 | $ - | 14,251.84 | $ 1,326.00 | $ - |
| 12/18/2006 | | | $ 50.00 | FC Attornet Costs | | | | | | $50.00 | | 130,368.71 | $ - | 14,251.84 | $ 1,376.00 | $ - |
| 12/18/2006 | | | $ 850.00 | FC Attorney Fees | | | | | | $850.00 | | 130,368.71 | $ - | 14,251.84 | $ 2,226.00 | $ - |
| 9/15/2007 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $1,433.92 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,226.00 | $ - |
| 10/15/2007 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $2,867.84 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,226.00 | $ - |
| 11/15/2007 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $4,301.76 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,226.00 | $ - |
| 12/15/2007 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $5,735.68 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,226.00 | $ - |
| 1/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $7,169.60 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,226.00 | $ - |
| 2/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $8,603.52 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,226.00 | $ - |
| 3/13/2008 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | 14,251.84 | 2,234.00 | $ - |
| 3/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $10,037.44 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,234.00 | $ - |
| 4/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $11,471.36 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,234.00 | $ - |
| 4/29/2008 | | | $ 84.00 | BPO Fee | | | | | | $84.00 | | 130,368.71 | $ - | 14,251.84 | 2,318.00 | $ - |
| 5/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $12,905.28 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,318.00 | $ - |
| 6/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $14,339.20 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,318.00 | $ - |
| 7/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $15,773.12 | | | | | | 130,368.71 | $ - | 14,251.84 | 2,318.00 | $ - |

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin,& int past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees or charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 8/13/2008 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 2,326.00 | $ - |
| 8/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $17,207.04 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 2,326.00 | $ - |
| 9/15/2008 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 2,334.00 | $ - |
| 9/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $18,640.96 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 2,334.00 | $ - |
| 10/13/2008 | | | $ 186.62 | FC Attornet Costs | | | | | | $186.62 | | 130,368.71 | $ - | $ 14,251.84 | $ 2,520.62 | $ - |
| 10/13/2008 | | | $ 984.70 | FC Attornet Costs | | | | | | $984.70 | | 130,368.71 | $ - | $ 14,251.84 | $ 3,505.32 | $ - |
| 10/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $20,074.88 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 3,505.32 | $ - |
| 10/21/2008 | | | $ 427.50 | FC Attornet Costs | | | | | | $427.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 3,932.82 | $ - |
| 10/21/2008 | | | $ 112.78 | FC Attornet Costs | | | | | | $112.78 | | 130,368.71 | $ - | $ 14,251.84 | $ 4,045.60 | $ - |
| 10/21/2008 | | | $ 832.50 | FC Attornet Costs | | | | | | $832.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 4,878.10 | $ - |
| 10/21/2008 | | | $ 10.54 | FC Attornet Costs | | | | | | $10.54 | | 130,368.71 | $ - | $ 14,251.84 | $ 4,888.64 | $ - |
| 10/21/2008 | | | $ 397.50 | FC Attornet Costs | | | | | | $397.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,286.14 | $ - |
| 11/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $21,508.80 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 5,286.14 | $ - |
| 11/21/2008 | | | $ 477.00 | FC Attornet Costs | | | | | | $477.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,763.14 | $ - |
| 11/21/2008 | | | $ 1.12 | FC Attornet Costs | | | | | | $1.12 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,764.26 | $ - |
| 12/15/2008 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $22,942.72 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 5,764.26 | $ - |
| 1/9/2009 | | | $ 106.00 | FC Attornet Costs | | | | | | $106.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,870.26 | $ - |
| 1/9/2009 | | | $ 1.12 | FC Attornet Costs | | | | | | $1.12 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,871.38 | $ - |
| 1/9/2009 | | | $ 79.50 | FC Attornet Costs | | | | | | $79.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,950.88 | $ - |
| 1/9/2009 | | | $ 1.12 | FC Attornet Costs | | | | | | $1.12 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,952.00 | $ - |
| 1/15/2009 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $24,376.64 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 5,952.00 | $ - |
| 2/3/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 5,960.00 | $ - |
| 2/4/2009 | | | $ 84.00 | BPO Fee | | | | | | $84.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,044.00 | $ - |
| 2/15/2009 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $25,810.56 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 6,044.00 | $ - |
| 2/25/2009 | | | $ 212.00 | FC Attornet Costs | | | | | | $212.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,256.00 | $ - |
| 2/25/2009 | | | $ 265.00 | FC Attornet Costs | | | | | | $265.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,521.00 | $ - |
| 3/13/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,529.00 | $ - |
| 3/15/2009 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $27,244.48 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 6,529.00 | $ - |
| 4/13/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,537.00 | $ - |
| 4/15/2009 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $28,678.40 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 6,537.00 | $ - |
| 5/11/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,545.00 | $ - |
| 5/15/2009 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $30,112.32 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 6,545.00 | $ - |
| 6/15/2009 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $31,546.24 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 6,545.00 | $ - |
| 7/8/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,553.00 | $ - |
| 7/15/2009 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $32,980.16 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 6,553.00 | $ - |
| 7/16/2009 | | | $ 362.81 | FC Attornet Costs | | | | | | $362.81 | | 130,368.71 | $ - | $ 14,251.84 | $ 6,915.81 | $ - |
| 7/16/2009 | | | $ 93.12 | FC Attornet Costs | | | | | | $93.12 | | 130,368.71 | $ - | $ 14,251.84 | $ 7,008.93 | $ - |

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin,& int past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees or charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 7/16/2009 | | | $ 31.00 | FC Attornet Costs | | | | | | $31.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,039.93 | |
| 8/15/2009 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $34,414.08 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,039.93 | $ - |
| 9/10/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,047.93 | |
| 9/15/2009 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $35,848.00 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,047.93 | $ - |
| 10/5/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,055.93 | |
| 10/15/2009 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $37,281.92 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,055.93 | $ - |
| 11/4/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,063.93 | |
| 11/15/2009 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $38,715.84 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,063.93 | $ - |
| 12/7/2009 | | | $ 8.00 | Property Inspection Fee | | | | | | $8.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,071.93 | |
| 12/15/2009 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $40,149.76 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,071.93 | $ - |
| 1/14/2010 | | | $ 84.00 | BPO Fee | | | | | | $84.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,155.93 | |
| 1/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $41,583.68 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,155.93 | $ - |
| 2/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $43,017.60 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,155.93 | |
| 3/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $44,451.52 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,155.93 | |
| 4/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $45,885.44 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,155.93 | |
| 5/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $47,319.36 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,155.93 | $ - |
| 5/24/2010 | | | $ 116.00 | FC Attornet Costs | | | | | | $116.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,271.93 | $ - |
| 5/24/2010 | | | $ 184.00 | FC Attorney Fees | | | | | | $184.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,455.93 | $ - |
| 6/4/2010 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,469.43 | $ - |
| 6/8/2010 | | | $ 84.00 | BPO Fee | | | | | | $84.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,553.43 | $ - |
| 6/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $48,753.28 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,553.43 | $ - |
| 7/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $50,187.20 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 7,553.43 | $ - |
| 8/5/2010 | | | $ 34,743.65 | Escrow Advance Prior Servicer | | | | | | $20,491.81 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,045.24 | $ - |
| 8/9/2010 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,058.74 | $ - |
| 8/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $51,621.12 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,058.74 | $ - |
| 9/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $53,055.04 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,058.74 | $ - |
| 9/21/2010 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,072.24 | $ - |
| 10/15/2010 | | $ 1,504.51 | | Contractual Payment Due | 9/15/2007 | $54,488.96 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,072.24 | $ - |
| 10/18/2010 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,085.74 | $ - |
| 10/26/2010 | | | $ 745.25 | FC Attornet Costs | | | | | | $745.25 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 28,830.99 | $ - |
| 10/26/2010 | | | $ 198.72 | FC Attornet Costs | | | | | | $198.72 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 29,029.71 | $ - |
| 10/26/2010 | | | $ 360.00 | FC Attornet Costs | | | | | | $360.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 29,389.71 | $ - |

**Part 5 : Loan Payment History from First Date of Default**

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin,& int past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees or charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/26/2010 | | | $ 84.00 | FC Attornet Costs | | | | | | $84.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 29,473.71 | $ - |
| 10/26/2010 | | | $ 420.00 | FC Attornet Costs | | | | | | $420.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 29,893.71 | $ - |
| 10/26/2010 | | | $ 50.00 | FC Attorney Fees | | | | | | $50.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 29,943.71 | $ - |
| 10/26/2010 | | | $ 430.00 | FC Attorney Fees | | | | | | $430.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,373.71 | $ - |
| 10/29/2010 | | | $ 84.00 | BPO Fee | | | | | | $84.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,457.71 | $ - |
| 11/15/2010 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $55,922.88 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,457.71 | $ - |
| 11/16/2010 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,471.21 | $ - |
| 12/15/2010 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,484.71 | $ - |
| 12/15/2010 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $57,356.80 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,484.71 | $ - |
| 1/14/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,498.21 | $ - |
| 1/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $58,790.72 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,498.21 | $ - |
| 2/14/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,511.71 | $ - |
| 2/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $60,224.64 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,511.71 | $ - |
| 3/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $61,658.56 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,511.71 | $ - |
| 3/21/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,525.21 | $ - |
| 4/13/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,538.71 | $ - |
| 4/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $63,092.48 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,538.71 | $ - |
| 4/21/2011 | | | $ 150.00 | BK Attorney Fees and Costs | | | | | | $150.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 30,688.71 | $ - |
| 4/21/2011 | | | $ 550.00 | BK Attorney Fees and Costs | | | | | | $550.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,238.71 | $ - |
| 5/4/2011 | | | $ 300.00 | BK Attorney Fees and Costs | | | | | | $300.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,538.71 | $ - |
| 5/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $64,526.40 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,538.71 | $ - |
| 5/19/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,552.21 | $ - |
| 6/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $65,960.32 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,552.21 | $ - |
| 7/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $67,394.24 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,552.21 | $ - |
| 7/26/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,565.71 | $ - |
| 8/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $68,828.16 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,565.71 | $ - |
| 9/13/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,579.21 | $ - |
| 9/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $70,262.08 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,579.21 | $ - |
| 10/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $71,696.00 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,579.21 | $ - |
| 10/17/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,592.71 | $ - |
| 11/7/2011 | | | $ 84.00 | BPO Fee | | | | | | $84.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 31,676.71 | $ - |

## Part 5 : Loan Payment History from First Date of Default

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin,& int past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees or charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 11/11/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | | | | | $ - |
| 11/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $73,129.92 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 31,690.21 | $ - |
| 12/12/2011 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | | | | | $ - |
| 12/15/2011 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $74,563.84 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 31,703.71 | $ - |
| 1/12/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | | | | | $ - |
| 1/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $75,997.76 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 31,717.21 | $ - |
| 2/15/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | | | | | $ - |
| 2/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $77,431.68 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 31,730.71 | $ - |
| 3/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $78,865.60 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 31,730.71 | $ - |
| 3/27/2012 | | | $ 135.00 | BPO Fee | | | | | | $135.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 31,865.71 | $ - |
| 4/2/2012 | | | $ 193.10 | FC Attornet Costs | | | | | | $193.10 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,058.81 | $ - |
| 4/2/2012 | | | $ 125.00 | FC Attornet Costs | | | | | | $125.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,183.81 | $ - |
| 4/2/2012 | | | $ 456.25 | FC Attornet Costs | | | | | | $456.25 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,640.06 | $ - |
| 4/2/2012 | | | $ 45.00 | FC Attornet Costs | | | | | | $45.00 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,685.06 | $ - |
| 4/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $80,299.52 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,685.06 | $ - |
| 5/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $81,733.44 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,685.06 | $ - |
| 6/15/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,698.56 | $ - |
| 6/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $83,167.36 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,698.56 | $ - |
| 7/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $84,601.28 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,698.56 | $ - |
| 7/31/2012 | | 130.75 | | FC Fee Payment made | | | | | | ($130.75) | | 130,368.71 | $ - | $ 14,251.84 | $ 32,567.81 | $ - |
| 8/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $86,035.20 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,567.81 | $ - |
| 8/17/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,581.31 | $ - |
| 9/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $87,469.12 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,581.31 | $ - |
| 9/24/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,594.81 | $ - |
| 10/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $88,903.04 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,594.81 | $ - |
| 10/29/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,608.31 | $ - |
| 11/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $90,336.96 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,608.31 | $ - |
| 11/27/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,621.81 | $ - |
| 12/15/2012 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $91,770.88 | | | | | | 130,368.71 | $ - | $ 14,251.84 | $ 32,621.81 | $ - |
| 12/31/2012 | | | $ 13.50 | Property Inspection Fee | | | | | | $13.50 | | 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |

## Part 5 : Loan Payment History from First Date of Default

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin,& int past due balance | Amount to principal | Amount to interest | Amount to Escrow | Amount to fees or charges | Unapplied Funds | Principal Balance | Accrued Interest Balance | Escrow Balance | Fees/Charges balance | Unapplied funds balance |
| 1/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $93,204.80 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 2/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $94,638.72 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 3/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $96,072.64 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 4/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $97,506.56 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 5/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $98,940.48 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 6/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $100,374.40 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 7/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $101,808.32 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 8/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $103,242.24 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 9/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $104,676.16 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 10/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $106,110.08 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 11/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $107,544.00 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 12/15/2013 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $108,977.92 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 1/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $110,411.84 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 2/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $111,845.76 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 3/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $113,279.68 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 4/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $114,713.60 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 5/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $116,147.52 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,635.31 | $ - |
| 6/10/2014 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,645.81 | $ - |
| 6/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $117,581.44 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,645.81 | $ - |
| 6/30/2014 | | | $ 300.00 | FC Attorney Fees | | | | | | $300.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,945.81 | $ - |
| 7/10/2014 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,956.31 | $ - |
| 7/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $119,015.36 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,956.31 | $ - |
| 7/31/2014 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,966.81 | $ - |
| 7/31/2014 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,977.31 | $ - |
| 8/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $120,449.28 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,977.31 | $ - |
| 8/27/2014 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,987.81 | $ - |
| 8/27/2014 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,998.31 | $ - |
| 9/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $121,883.20 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 32,998.31 | $ - |
| 9/30/2014 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,008.81 | $ - |
| 9/30/2014 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,019.31 | $ - |
| 10/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $123,317.12 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,019.31 | $ - |
| 10/31/2014 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,029.81 | $ - |
| 10/31/2014 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,040.31 | $ - |
| 11/3/2014 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,050.81 | $ - |

**Part 5 : Loan Payment History from First Date of Default**

| | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin,& int past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees or charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 11/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $124,751.04 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,050.81 | $ - |
| 12/3/2014 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,061.31 | $ - |
| 12/6/2014 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,071.81 | $ - |
| 12/15/2014 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $126,184.96 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,071.81 | $ - |
| 1/6/2015 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,082.31 | $ - |
| 1/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $127,618.88 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,082.31 | $ - |
| 1/27/2015 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,092.81 | $ - |
| 2/11/2015 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,103.31 | $ - |
| 2/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $129,052.80 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,103.31 | $ - |
| 2/27/2015 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,113.81 | $ - |
| 3/11/2015 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,124.31 | $ - |
| 3/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $130,486.72 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,124.31 | $ - |
| 3/31/2015 | | | $ 10.50 | FC Attornet Costs | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,134.81 | $ - |
| 4/15/2015 | | | $ 16.70 | Doc Vender Fee | | | | | | $16.70 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,151.51 | $ - |
| 4/15/2015 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,162.01 | $ - |
| 4/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $131,920.64 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,162.01 | $ - |
| 5/15/2015 | | | $ 7.00 | Floodcert Fee | | | | | | $7.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,169.01 | $ - |
| 5/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $133,354.56 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,169.01 | $ - |
| 5/20/2015 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,179.51 | $ - |
| 6/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $134,788.48 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,179.51 | $ - |
| 6/16/2015 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,190.01 | $ - |
| 6/25/2015 | | | $ 300.00 | FC Attorney Fees | | | | | | $300.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,490.01 | $ - |
| 6/26/2015 | | | $ 210.00 | FC Attorney Fees | | | | | | $ 210.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,700.01 | $ - |
| 7/15/2015 | | | $ 95.00 | Property Valuation Fee | | | | | | $95.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,795.01 | $ - |
| 7/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $136,222.40 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,795.01 | $ - |
| 7/16/2015 | | | $ 10.50 | FC Attorney Fees | | | | | | $10.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 33,805.51 | $ - |
| 7/21/2015 | | | $ 427.50 | FC Attorney Costs | | | | | | $427.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,233.01 | $ - |
| 7/21/2015 | | | $ 21.00 | FC Attorney Costs | | | | | | $21.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,254.01 | $ - |
| 7/21/2015 | | | $ 6.49 | Postal Charge FC Fees | | | | | | $6.49 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,260.50 | $ - |
| 7/21/2015 | | | $ 145.25 | Postal Charge FC Fees | | | | | | $145.25 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,405.75 | $ - |
| 7/21/2015 | | | $ 12.50 | Postal Charge FC Fees | | | | | | $12.50 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,418.25 | $ - |
| 7/21/2015 | | | $ 5.81 | Postal Charge FC Fees | | | | | | $5.81 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,424.06 | $ - |
| 7/21/2015 | | | $ 26.46 | Postal Charge FC Fees | | | | | | $26.46 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,450.52 | $ - |
| 7/21/2015 | | | $ 155.00 | FC Attorney Costs | | | | | | $155.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,605.52 | $ - |
| 7/21/2015 | | | $ 35.00 | FC Attornet Costs | | | | | | $35.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,640.52 | $ - |
| 8/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $137,656.32 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,640.52 | $ - |
| 9/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $139,090.24 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,640.52 | $ - |
| 9/18/2015 | | | $ 12.00 | Property Inspection Fee | | | | | | $12.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,652.52 | $ - |
| 10/9/2015 | | | $ 12.00 | Property Inspection Fee | | | | | | $12.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,664.52 | $ - |
| 10/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $140,524.16 | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,664.52 | $ - |

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin.& int past due balance | H. Amount to principal | I. Amount to interest | J. Amount to Escrow | K. Amount to fees or charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 11/6/2015 | | | $ 12.00 | Property Inspection Fee | | | | | | $12.00 | | | | | | $ - |
| | | | | | | | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,676.52 | |
| 11/15/2015 | $ 1,504.51 | | | Contractual Payment Due | 9/15/2007 | $141,958.08 | | | | | | | | | | $ - |
| | | | | | | | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,676.52 | |
| 11/18/2015 | | | $ 300.00 | BK Attorney Fee | | | | | | $300.00 | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,976.52 | $ - |
| 12/8/2015 | | | $ 12.00 | Property Inspection Fee | | | | | | $ 12.00 | | | | | | $ - |
| | | | | | | | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,988.52 | |
| 12/10/2015 | | | | Bankruptcy Filed | | | | | | | | $ 130,368.71 | $ - | $ 14,251.84 | $ 34,988.52 | |

## SPECIAL NOTICE

**THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights which you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael will mail to you a written verification of the obligations or judgment and the amounts owed to

PRP II Pals Investments Trust

In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

033845

OFFICIAL RECORDS
EL DORADO COUNTY CALIF
RECORD REQUESTED BY:

Chicago Title Company

96 JUL -3 PM 1:40

WILLIAM "BILL" SCHULTZ
COUNTY RECORDER-CLERK

REDACTED

RECORDING REQUESTED BY

CHICAGO TITLE

AND WHEN RECORDED MAIL TO

Document Control
P. O. Box 2610
Laguna Hills, CA 92654

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Deed of Trust

This Deed of Trust, made   06/26/96   , between
GERALD WILLIAM FILICE AND URSULA FILICE, HUSBAND AND WIFE AS community property

herein called TRUSTOR, whose address is 4060 RONTREE LANE
SOMERSET, CA 95684

DOVE ESCROW COMPANY , herein called TRUSTEE, and
FORD CONSUMER FINANCE COMPANY, INC. ,herein called BENEFICIARY,

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE,
that property in  EL DORADO          County, California, described as:
PARCEL 3, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PARCEL MAP", FILED IN THE OFFICE OF THE RECORDER OF THE
COUNTY OF EL DORADO, STATE OF CALIFORNIA, ON MARCH 18, 1974, IN BOOK 5 OF PARCEL MAPS, AT PAGE 75.
ASSESSOR'S PARCEL NUMBER REDACTED

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given
to and conferred upon Beneficiary to collect and apply such rents, issues, and profits.
For the Purpose of Securing:
    1. Performance of each agreement of Trustor herein contained.
    2. Payment of the indebtedness evidenced by one Adjustable Rate Note of even date herewith and incorporated herein by
reference and any extension or renewal thereof, in the principal sum of $   142,000.00   executed by Trustor in favor of
Beneficiary or order.
    3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when
evidenced by another promissory note (or notes) reciting it is so secured.
To Protect the Security of This Deed of Trust, Trustor Agrees:
    1. To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore
promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon and to
pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or
requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or
permit any upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which, from
the character or use of said property, may be reasonably necessary; the specific enumerations herein not excluding the general.
    2. To provide, maintain, and deliver to Beneficiary an insurance policy insuring the said property and improvements against
loss by fire, hazards included within the term "extended coverage", and any other hazard for which Beneficiary requires insurance,
satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied
by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine or, at option of Beneficiary, the
entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any
default or notice of default hereunder or invalidate any act done pursuant to such notice.
    3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of
Beneficiary or Trustee.
    4. To pay; at least ten days before delinquency, all taxes and assessments affecting said property, including assessments on
appurtenant water stock, when due; and all allowable expenses of this Trust.

REDACTED                    Page 1 of 3                    REDACTED

BOOK 4724 PAGE 559

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any legal proceeding (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, or to enforce laws or regulations) purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and, in exercising any such powers, pay allowable expenses.

5. To pay immediately and without demand all allowable sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the Agreed Rate of Interest as determined above.

6. That any award of damages in connection with any condemnation for public use or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7. That by accepting payment of any sum secured hereby after its due date Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8. That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said Adjustable Rate Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof.

9. That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said Adjustable Rate Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance may be described as "the person or persons legally entitled thereto."

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary, upon giving written notification to the Trustor or his successors, etc., may either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less allowable expenses of operation upon any indebtedness secured hereby, and such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application hereof as aforesaid, shall not cure or waive any default hereunder or invalidate any act done pursuant to such notice.

11. That in the event the herein described property is sold, agreed to be sold, conveyed, assigned or alienated by the Trustor, all obligations secured by this instrument, without demand but upon notice, shall become due and payable at the option of the holder hereof.

12. That upon default by Trustor in payment of any indebtedness secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, said Adjustable Rate Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale. Trustee may postpone sale of all or portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all other sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto. However, all costs, fees, and expenses set forth in this paragraph shall not be applicable nor charged to the Trustor or his successor in interest.

13. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

14. That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns, the term Beneficiary shall mean the owner and holder, including pledges, of the Adjustable Rate Note secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

15. That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

16. That the term "Allowable" as referred to in this Deed of Trust is defined as pertaining only to charges, costs, and expenses as permitted under the "Consumer Finance Lender's Law."

17. That the property will be owned and occupied by the Trustor as his primary residence during the time this Deed of Trust is in effect. Any breach or default by the Trustor will give rise to the Beneficiary's right to accelerate and declare immediately due and payable all of the obligations secured by this Deed of Trust.

The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

Signature(s) of Trustor(s)

X _____
GERALD WILLIAM FILICE

X _____
URSULA FILICE

State of California }
                   } SS.
County of _Contra Costa_ }

On _June 28, 1996_ before me, _Thomas A. Kamp_,
Notary Public, personally appeared _Gerald William Filice and Ursula Filice_
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

Thomas A. Kamp
Comm. #981337
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
Comm. Expires Jan. 3, 1997

Title Order No. _____          Loan No. _____

rev. D-7-93

BOOK 4724 PAGE 561

## RECONVEYANCE RIDER TO MORTGAGE OR DEED OF TRUST

This Rider to Mortgage or Deed of Trust is attached and made a part of the Mortgage or Deed of Trust ("Security Instrument") dated  6/26/96                by and between  GERALD  WILLIAM AND URSULA FILICE   ("Borrower") and  FORD CONSUMER FINANCE COMPANY, INC. ("Lender") which secures a Note or Revolving Credit Agreement in the original principal amount or line of credit of $ 142,000.00    . The Security Instrument is hereby modified and amended to include the following provision:

> Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all Notes or Revolving Credit Agreements evidencing the debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty. If there is no Trustee under the Security Instrument, Lender shall release the Security Instrument in accordance with applicable law. Unless prohibited by applicable law, the Trustee or Lender may charge a fee for services rendered in connection with the preparation, execution or recordation of a reconveyance or release of lien, demand statement or request for a reconveyance or release of lien. The amount of any reconveyance and release or demand fee shall be in the discretion of Trustee or Lender, and shall not exceed the maximum amount, if any, set forth in applicable law for such fees.

The provisions of this Rider shall control over and supersede any inconsistent provisions in the Security Instrument.

Dated:  6/28/96

_____
Borrower

_____
Borrower

H:\RP\WIN\QUEFFV6\RIDER.WFD

Recording Requested by:
Orion Financial Group, Inc.

PLEASE FORWARD RECORDED
DOCUMENT TO:
CITIMORTGAGE, INC.
c/o Orion Financial Group, Inc.
2860 Exchange Blvd. # 100
Southlake, TX 76092

**REDACTED**

El Dorado, County Recorder
William Schultz Co Recorder Office
**DOC- 2011-0014507-00**
Check Number 1028469
Thursday, MAR 31, 2011 09:11:54
Ttl Pd    $18.00      Nbr-0001335642
                              JLR/C1/1-1

---

### Assignment of Deed of Trust
Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **FORD CONSUMER FINANCE COMPANY, INC** 6225 N. 24TH ST., STE. 201, **PHOENIX, AZ 85016 (Assignor)** by these presents does assign and set over, without recourse, to **CITIMORTGAGE, INC. 4050 Regent Blvd., Mail Stop N2A-222, Irving, TX 75063 (Assignee)** the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **GERALD WILLIAM FILICE AND URSULA FILICE, HUSBAND AND WIFE AS COMMUNITY PROPERTY** to FORD CONSUMER FINANCE COMPANY, INC..   Said deed of trust Dated: 6/26/1996 is recorded in the **State of CA, County of El Dorado** on 7/3/1996, Instrument # 033845 AMOUNT: $ 142,000.00     Property Address: 4040 RONTREE LANE, SOMERSET, CA 95684

IN WITNESS WHEREOF, the undersigned corporation has caused this instrument to be executed as a sealed instrument by its proper officer. Executed on: March 24, 2011
FORD CONSUMER FINANCE COMPANY, INC.

**REDACTED**

By: _____

M. Mathews, Vice President

FILICE  KL REDACTED

State of Texas, County of Tarrant
         Before me, Julie Bacon, Notary Public, personally appeared, M. Mathews, Vice President known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on 03/24/2011.

JULIE BACON
MY COMMISSION EXPIRES
November 30, 2014

Notary public, Julie Bacon
My commission expires: November 30, 2014

03/31/2011, 20110014507

CA  El Dorado

**REDACTED**

**REDACTED**

**REDACTED**

Recording Requested by:
M. E. Wileman

PLEASE FORWARD RECORDED
DOCUMENT TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092

El Dorado, County Recorder
William Schultz Co Recorder Office
**DOC- 2013-0043767-00**
Check Number  1159202
Tuesday, AUG 20, 2013 09:21:37
Ttl Pd   $18.00    Rcpt # 0001547821
AKB/C1/1-1

### Assignment of Deed of Trust

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **CITIMORTGAGE, INC.  4050 REGENT BLVD, MS N2A-222, IRVING, TX 75063 (Assignor)** by these presents does assign and set over, without recourse, to **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-9  1610 E. St. Andrew Place, Suite B, Santa Ana, CA 92705 (Assignee)** the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **GERALD WILLIAM FILICE AND URSULA FILICE, HUSBAND AND WIFE AS COMMUNITY PROPERTY** to FORD CONSUMER FINANCE COMPANY, INC.. Trustee: DOVE ESCROW COMPANY  Said deed of trust **Dated: 6/26/1996** is recorded in the State of CA, County of El Dorado on 7/3/1996, Instrument # **033845 AMOUNT: $ 142,000.00**    Property Address: 4060 RONTREE LANE, SOMERSET, CA 95684

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed as a sealed instrument by its proper officer.  Executed on: August 6, 2013
CITIMORTGAGE, INC.

By: 

Melanie A. Arndt, Vice President

**REDACTED**

FILICE    YNS **REDACTED**

State of Texas, County of Tarrant
    Before me, Julie Bacon, Notary Public, personally appeared, Melanie A. Arndt, Vice President known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on 08/06/2013.

JULIE BACON
MY COMMISSION EXPIRES
November 30, 2014

Notary public, Julie Bacon
My commission expires: November 30, 2014

**REDACTED**

08/20/2013,20130043767          CA   El Dorado          **REDACTED**

# ADJUSTABLE RATE NOTE

| LENDER: | BORROWER: |
|---|---|
| FORD CONSUMER FINANCE COMPANY, INC. | GERALD WILLIAM FILICE |
| 23046 AVENIDA DE LA CARLOTA, #100 | URSULA FILICE |
| LAGUNA HILLS, CA 92653 | |
| | 4060 RONTREE LANE |
| | SOMERSET, CA 95684 |

| DATE | FIRST PAYMENT DATE | MATURITY DATE AND FINAL PAYMENT DATE | PRINCIPAL | LOAN FEE |
|---|---|---|---|---|
| 06/26/96 | 08/15/96 | 07/15/11 | $ 142,000.00 | $ 2,130.00 |

☒ If this box checked you are licensed as a California Finance Lender, License _REDACTED_ , and this loan is made pursuant to the California Finance Lenders Law, Division 9 (commencing with Section 22000) of the Financial Code. I will use the proceeds of this loan for personal, family or household purposes.

"I," "we," "me," "us," "my," and "our" refer to the borrower(s) named above. "You" and "your" refer to the Lender named above.

**REPAYMENT**

I promise to pay you, at your office, the address of which is shown above, or some other address if required by you, the Principal together with interest calculated at the Agreed Rate of Interest as determined below until fully paid.

I will repay my loan by making payments every month. Payments will be made on the ___15TH___ day of every month beginning on the First Payment Date shown above until the loan is fully paid. If there is no such date in any month that follows the First Payment Date, payment will be made on the last day of that month.

The amount of the payment I make monthly will change if the amount of the Agreed Rate of Interest changes. Increases in the amount of the Agreed Rate of Interest will result in higher payment amounts. Decreases in the amount of the Agreed Rate of Interest will result in lower payment amounts. I will pay the new payment amount on the first monthly payment date after a change in the amount of the Agreed Rate of Interest and will continue to pay that amount monthly until the amount of the payment changes again. You will give me notice of any changes in the amount of the payment I make monthly before the effective date of any changes.

Each payment I make will be applied first to interest owed to the date of payment and the remainder to the principal balance.

Payment(s) in the amount(s) shown below will be due as shown below. If there is no such date in any month that follows, payment will be made on the last day of that month.

| AMOUNT | DUE DATE(S) |
|---|---|
| $ 1,132.78 | Beginning 08/15/96 . |
| $ 1,286.83 | Beginning 02/15/97 . |
| $ 1,445.28 | Beginning 08/15/97 . |
| $ 1,482.66 | Beginning 02/15/98 . |
| $ 121,114.71 | 07/15/11 . |

All amounts owed will be due and payable on the Final Payment Date shown above.

**AGREED RATE OF INTEREST**

THIS IS A VARIABLE INTEREST RATE LOAN AND THE AGREED RATE OF INTEREST WILL INCREASE OR DECREASE WITH CHANGES IN THE INDEX, AS SET FORTH BELOW:

The Index is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, "LIBOR", based on quotations at major banks as published in the "Money Rates" section of The Wall Street Journal. The agreed rate of interest is subject to change every six months, and will be determined by the sum of the Index plus a "Margin" as stated below. The date on which my agreed rate of interest will be subject to change is the "Rate Change Date." The date on which the value of the Index is examined for purposes of determining the agreed rate of interest is the "Rate Determination Date," and will be the last business day of the second month prior to any Rate Change Date.

**CURRENT AGREED RATE OF INTEREST**

The Index as of the last business day of MAY , is 5.650 percent, my Margin is 6.550 percent therefore, the "current" agreed rate of interest is 12.200 percent per year.

**FULLY INDEXED VARIABLE INTEREST RATE**

☐ If this box is checked, the following provision applies.

The agreed rate of interest will increase or decrease on the sixth payment due date and every sixth month thereafter, if the Index as of the Rate Determination Date has increased or decreased from the rate for the previous six month period. Agreed rate of interest changes will be effective upon twenty-five (25) days written notice. The agreed rate of interest cannot increase or decrease more than one and one half percent (1.50%) in any six-month period from the Loan Date. In no event, however will the agreed rate of interest ever be less than 10.200 percent per year or more than 18.200 percent per year.

REDACTED

Page 1 of 3
NOTICE: See additional pages for additional loan terms.    REDACTED

Rev. 7-19-95

**DISCOUNTED VARIABLE INTEREST RATE**

[×] *If this box is checked, the following provision applies.*

However, until my sixth payment due date, my agreed rate of interest is discounted and will be 8.85 percent per year.

Beginning with the sixth payment due date, the agreed rate of interest will be determined by adding the Margin to the Index as of the Rate Determination Date. Thereafter, the agreed rate of interest will increase or decrease on the twelfth payment due date and every six (6) months thereafter (Rate Change Dates), if the Index as of the Rate Determination Date has increased or decreased from the Index for the previous six-month period. Agreed rate of interest changes will be effective upon twenty-five (25) days written notice. The agreed rate of interest cannot increase or decrease more than one and one half percent (1.50%) in any six-month period from the Loan Date. In no event, however, will the agreed rate of interest ever be less than 6.850 percent per year or more than 14.850 percent per year.

Adjustments to the agreed rate of interest shall be given effect by changing the dollar amounts of the remaining scheduled monthly payments in the month of the Rate Change Dates so that the total amount due under this variable rate promissory note will be paid in full by the Maturity Date and Final Payment Date shown above.

If the Index is no longer available, you will choose a new index which is based upon comparable information. You will give me notice of this choice. You reserve the right to waive part or all of any adjustment resulting from an agreed rate of interest increase.

I agree to pay interest after maturity at the agreed rate of interest that is in effect as of the Maturity Date shown above, until paid in full.

**BALLOON PAYMENT**

[×] *If this box is checked, the following provision applies.*

My loan is payable in full at the end of 15 year(s). A balloon payment of approximately $ 121,114.71 and all other amounts owed will be due and payable on the Final Payment Date. You are under no obligation to refinance the balance of my loan at that time. I will therefore be required to make payment out of other assets I may own or I may have to find a lender willing to lend me the money at prevailing market interest rates, which may be considerably higher or lower than the agreed rate of interest on this loan. If I refinance this loan on the Maturity Date shown above, I may have to pay some or all the closing costs normally associated with a new loan, even if I obtain refinancing from you.

**DEFAULT**

I will be in default if I fail to pay any payment or part of a payment on time; I fail to comply with any of the terms of the Deed of Trust on the real estate given as security for this loan; or I sell, agree to sell, convey, assign, or alienate any real estate which may secure this loan.

If I default, you have the right to declare the entire unpaid amount of my loan immediately due and payable without demand after giving me notice of the default. If you declare the entire unpaid amount of my loan due and payable, you have the rights and remedies provided for in the Deed of Trust that secures this loan, including the right to require me to pay any deficiency.

The separate property of any married person who shall have signed this Note shall be liable in the event of judgment for any remainder of the debt created by this Note after the security given shall have become exhausted or valueless.

**LATE CHARGES**

If any payment is more than 10 days late, I agree to pay you a late charge in an amount equal to 6% of the amount of the late payment or $5.00, whichever is greater.

**ATTORNEY FEES**

I agree to pay reasonable attorney's fees if this Note is referred for collection to an attorney who is not your salaried employee.

**PREPAYMENT**

Subject to the prepayment penalty below, I have the right to make payment in advance in any amount at any time. However, if I prepay in full, no part of the escrow fee or the Loan Fee shown above will be refunded.

**PREPAYMENT PENALTY**

[×] *If this box is checked, the following provision applies.*

If an amount in excess of 20% of the Principal shown above is paid in any 12-month period within 5 year(s) from the Date shown above, I agree to pay a prepayment penalty in an amount equal to the interest on the amount prepaid in excess of 20% of the Principal shown above for six months at the Agreed Rate of Interest in effect at the time of prepayment

This prepayment penalty applies whether prepayment is voluntary or involuntary (even if it results from your acceleration of the debt in the event of my non-performance of any of the terms of this Note or the Deed of Trust that secures this loan).

However, this provision shall not apply if I prepay the loan in full with the proceeds of another loan from you or one of your affiliates.

**BAD CHECK CHARGE**

If any check or instrument given as payment on this indebtedness is dishonored, I agree to pay you a service charge of $10.00.

REDACTED   **NOTICE: See additional pages for additional loan terms.**   REDACTED

Rev. 9-0-93

**SALE OF LOAN** If my loan is sold or transferred for servicing at a later date, I will be given notice of that fact prior to the creation of any duty on my part to the new servicing agent or owner. I will also receive such notice from the new servicing agent or owner.

**DELAY IN ENFORCEMENT** You can delay enforcing your rights under this Note without losing them. If I default in complying with any of the terms of my loan and you do not declare the unpaid amount of my loan immediately due and payable, this does not mean you cannot do so in the future if I default again.

**SECURITY FOR THIS LOAN** I give you a Deed of Trust dated the same date as this Note to assure payment of my loan.

The Alternative Mortgage Transaction Parity Act of 1982 governs certain provisions of this loan.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE RECEIVED A FULLY COMPLETED COPY OF THIS NOTE.

_____ Witness

_____ Witness

X _____  6/28/96
GERALD WILLIAM FILICE     Date

X _____  6/28/96
URSULA FILICE     Date

_____
Date

_____
Date

Page 3 of 3

REDACTED   NOTICE: See additional pages for additional loan terms.   REDACTED

Rev. 9-5-95

Creditor: TRANSAMERICA FINANCIAL SERVICES
1358 WILLOW PASS ROAD, SUITE 110
CONCORD, CALIFORNIA 94520

LIC. NO REDACTED
(7429)

**PROMISSORY NOTE**

16-042 PE (Rev. 12-88)

| NAME | DATE OF LOAN | ACCOUNT NUMBER |
|---|---|---|
| Gerald William Filice and Ursula Filice | 6-26-96 | REDACTED |
| STREET ADDRESS | DATE FUNDS DISBURSED | FINAL PAYMENT DUE DATE |
| 4060 Rontree Ln | 6-28-96 | 7-4-01 |
| APT. NUMBER OR P.O. BOX | REDACTED | NUMBER OF PAYMENTS |
| | | 60 |
| CITY, STATE, ZIP CODE | | AMOUNT OF FIRST PAYMENT |
| Somerset, CA 95684 | | 162.72 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | OTHER PAYMENTS ARE DUE SAME DAY OF EACH SUCCEEDING MONTH | AMOUNT OF OTHER PAYMENTS |
|---|---|---|---|---|---|
| 21.43 % | $ 3,430.70 | $ 5,346.02 | $ 8,776.72 | | 146.00 |
| | | | | | FIRST PAYMENT DUE DATE |
| REDACTED | | | | | 8-4-96 |

| TOTAL PREPAID FINANCE CHARGES | | INTEREST CHARGE | | FINANCE CHARGE * | |
|---|---|---|---|---|---|
| 465.57 | PLUS | 2,965.13 | EQUAL | 3,430.70 | |
| TOTAL PREPAID FINANCE CHARGES | | AMOUNT FINANCED | | TOTAL AMOUNT OF LOAN | |
| 465.57 | PLUS | 5,346.02 | EQUAL | 5,811.59 | |

**SECURITY; THIS LOAN IS SECURED BY:**

☐ A SECURITY INTEREST IN THE FOLLOWING MOTOR VEHICLE(S):     ☐ A TRUST DEED ON REAL PROPERTY DATED  6-26-96

| YEAR MODEL | TRADE NAME | BODY TYPE & TRUCK TONNAGE | FACTORY SERIAL OR IDENTIFICATION NO. | STATE LICENSE NO. |
|---|---|---|---|---|
| | | | | |
| | | | | |

☐ PERSONAL PROPERTY SECURITY

Real estate located at the following address:    4060  Rontree Ln, Somerset CA 95684

| AGREED RATE OF CHARGE | 17.5 % per annum interest on the Total Amount of Loan. | Computed on the basis of number of days actually elapsed, a year being any period of 365 consecutive days. |
|---|---|---|

In the following text, the words "you" and "your" refer to the lender, the words "I", "me" and "my" refer to the borrower and co-borrower, and the words "principal" or "principal balance" mean that portion of this loan on which interest is or may be charged. The terms and conditions set forth in the Security Agreement and Promissory Note constitute the entire agreement between you and me regarding them. No promise or modification shall be binding unless executed in writing by you and me.

**PROMISSORY NOTE**

BORROWER'S PROMISE TO PAY. In return for the loan that I have received, I promise to pay you the Total Amount of Loan (Amount Financed plus Total Prepaid Finance Charges) as shown above, plus interest which will be charged on the unpaid principal balance until the full amount of principal has been paid.

INTEREST. The yearly rate of interest is shown in the Agreed Rate of Charge section above. I will pay this interest rate both before and after any default described in this Promissory Note.

[The remaining dense paragraphs of the Promissory Note continue with sections: PAYMENTS, RETURNED CHECK CHARGES, BORROWER'S RIGHT TO PREPAY, LOAN CHARGES, BORROWER'S FAILURE TO PAY AS REQUIRED, EXTENSION OF TIME, DUE ON SALE, SECURITY INTEREST, TITLE INSURANCE, BROKER OMISSION, GOVERNING LAW, and CONSUMER REPORT AUTHORIZATION.]

| REDACTED | REDACTED |
|---|---|
| SSN OF BORROWER | SSN OF CO-BORROWER |

CREDITOR:

THE UNDERSIGNED ACKNOWLEDGES RECEIPT OF A COPY OF THIS PROMISSORY NOTE AND HAS VERIFIED THE SOCIAL SECURITY NUMBER(S) LISTED ABOVE.

By:                    BORROWER                    BORROWER

ORIGINAL

# EXHIBIT "7"

**Fill in this information to identify your case and this filing:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | GERALD | WILLIAM | FILICE | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: Eastern District of California

Case number  15-29534

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☑ Yes. Where is the property?

**1.1.**   4040 Rontree Lane
Street address, if available, or other description

Somerset          CA     95684
City               State   ZIP Code

El Dorado
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☑ Other  single fam. + farm

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**  $ 450,000.00

**Current value of the portion you own?**  $ 225,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

community property 1/2 interest

☑ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2.**   1201 Watt Avenue
Street address, if available, or other description

Sacramento, CA      95864
City               State   ZIP Code

Sacramento
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**  $ 230,000.00

**Current value of the portion you own?**  $ 115,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

1/2 cotenancy

☐ Check if this is community property (see instructions)

Debtor 1   GERALD        WILLIAM        FILICE                    Case number *(if known)*  15-29534
       First Name     Middle Name     Last Name

| | | |
|---|---|---|
| 1.3. _____ <br> Street address, if available, or other description <br><br> _____ <br><br> _____ <br> City     State    ZIP Code <br><br> _____ <br> County | **What is the property?** Check all that apply. <br> ☐ Single-family home <br> ☐ Duplex or multi-unit building <br> ☐ Condominium or cooperative <br> ☐ Manufactured or mobile home <br> ☐ Land <br> ☐ Investment property <br> ☐ Timeshare <br> ☐ Other _____ <br><br> **Who has an interest in the property?** Check one. <br> ☐ Debtor 1 only <br> ☐ Debtor 2 only <br> ☐ Debtor 1 and Debtor 2 only <br> ☐ At least one of the debtors and another <br><br> Other information you wish to add about this item, such as local property identification number: _____ | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* <br><br> **Current value of the entire property?**    **Current value of the portion you own?** <br> $_____      $_____ <br><br> **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.** <br> _____ <br><br> ☐ **Check if this is community property** (see instructions) |

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ................................ → | $ | 340,000.00 |

---

## Part 2:   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No <br>
☑ Yes

| | | |
|---|---|---|
| 3.1. Make:   **BMW** <br> Model:   **528i** <br> Year:   **1998** <br> Approximate mileage:   **165000** <br> Other information: <br> [ ] | **Who has an interest in the property?** Check one. <br> ☑ Debtor 1 only <br> ☐ Debtor 2 only <br> ☐ Debtor 1 and Debtor 2 only <br> ☐ At least one of the debtors and another <br><br> ☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* <br><br> **Current value of the entire property?**    **Current value of the portion you own?** <br> $ 4,000.00    $ 4,000.00 |

If you own or have more than one, describe here:

| | | |
|---|---|---|
| 3.2. Make:   _____ <br> Model:   _____ <br> Year:   _____ <br> Approximate mileage:   _____ <br> Other information: <br> [ ] | **Who has an interest in the property?** Check one. <br> ☐ Debtor 1 only <br> ☐ Debtor 2 only <br> ☐ Debtor 1 and Debtor 2 only <br> ☐ At least one of the debtors and another <br><br> ☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* <br><br> **Current value of the entire property?**    **Current value of the portion you own?** <br> $_____    $_____ |

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number (if known) | 15-29534 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| 3.3. | Make: _____ | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. |
|---|---|---|---|

3.3.
Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[_____]

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

**Current value of the entire property?**    **Current value of the portion you own?**
$_____    $_____

3.4.
Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[_____]

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

**Current value of the entire property?**    **Current value of the portion you own?**
$_____    $_____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
   ☐ No
   ☐ Yes

4.1.
Make: _____
Model: _____
Year: _____
Other information:
[_____]

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

**Current value of the entire property?**    **Current value of the portion you own?**
$_____    $_____

If you own or have more than one, list here:

4.2.
Make: _____
Model: _____
Year: _____
Other information:
[_____]

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

**Current value of the entire property?**    **Current value of the portion you own?**
$_____    $_____

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ................................. →    $    4,000.00

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number (if known) | 15-29534 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

## Part 3:  Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   - ☐ No
   - ☑ Yes. Describe......... | Ordinary and necessary household items | $ 1,000.00

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   - ☐ No
   - ☑ Yes. Describe......... | TV, laptop, cell phone | $ 250.00

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   - ☐ No
   - ☑ Yes. Describe......... | Pottery, pictures | $ 1,500.00

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   - ☑ No
   - ☐ Yes. Describe......... | | $

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    - ☐ No
    - ☑ Yes. Describe......... | pistol, rifles, shotguns (approx 6 total) | $ 500.00

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    - ☐ No
    - ☑ Yes. Describe......... | Everyday clothes | $ 50.00

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    - ☐ No
    - ☑ Yes. Describe......... | Costume jewelry, heirloom jewelry | $ 750.00

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    - ☑ No
    - ☐ Yes. Describe......... | | $

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    - ☑ No
    - ☐ Yes. Give specific information.......... | | $

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................................................. → | $ 4,050.00

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number (if known) 15-29534 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

   ☐ No
   ☑ Yes ..................................................................................................     Cash: .................     $_____2,000.00

17. **Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

   ☐ No
   ☑ Yes .....................          Institution name:

   | | | |
   |---|---|---|
   | 17.1. Checking account: | Bank of America | $_____324.00 |
   | 17.2. Checking account: | | $_____ |
   | 17.3. Savings account: | | $_____ |
   | 17.4. Savings account: | | $_____ |
   | 17.5. Certificates of deposit: | | $_____ |
   | 17.6. Other financial account: | | $_____ |
   | 17.7. Other financial account: | | $_____ |
   | 17.8. Other financial account: | | $_____ |
   | 17.9. Other financial account: | | $_____ |

18. **Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

   ☑ No
   ☐ Yes ................          Institution or issuer name:

   |  |  |
   |---|---|
   | | $_____ |
   | | $_____ |
   | | $_____ |

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

   ☑ No
   ☐ Yes. Give specific information about them..........

   | Name of entity: | % of ownership: | |
   |---|---|---|
   | | 0% % | $_____ |
   | | 0% % | $_____ |
   | | 0% % | $_____ |

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number (if known) | 15-29534 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific
    information about
    them....................

Issuer name:

_____   $_____
_____   $_____
_____   $_____

21. **Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No
☐ Yes. List each
    account separately.

Type of account:        Institution name:

401(k) or similar plan:   _____   $_____

Pension plan:            _____   $_____

IRA:                     _____   $_____

Retirement account:      _____   $_____

Keogh:                   _____   $_____

Additional account:      _____   $_____

Additional account:      _____   $_____

22. **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes ...........................

Institution name or individual:

Electric:                   _____   $_____

Gas:                        _____   $_____

Heating oil:                _____   $_____

Security deposit on rental unit:   _____   $_____

Prepaid rent:               _____   $_____

Telephone:                  _____   $_____

Water:                      _____   $_____

Rented furniture:           _____   $_____

Other:                      _____   $_____

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes ...........................

Issuer name and description:

_____   $_____
_____   $_____
_____   $_____

Debtor 1   GERALD        WILLIAM        FILICE                    Case number (if known) 15-29534
           First Name    Middle Name    Last Name

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ............................ Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

_____   $_____

_____   $_____

_____   $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No
☑ Yes. Give specific
   information about them.   personal trust to hold interest in real estate (1201 Watt Avenue, disclosed above)   $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific
   information about them....   _____   $_____

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific
   information about them....   _____   $_____

**Money or property owed to you?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information
   about them, including whether
   you already filed the returns
   and the tax years. ......................

Federal:   $_____
State:     $_____
Local:     $_____

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information..............

Alimony:              $_____
Maintenance:          $_____
Support:              $_____
Divorce settlement:   $_____
Property settlement:  $_____

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
   Social Security benefits; unpaid loans you made to someone else

☐ No
☑ Yes. Give specific information..............   Unpaid legal fees, collection lawsuit pending   $        50,000.00

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number (if known) | 15-29534 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company of each policy and list its value. ....

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | $_____ |
| | | $_____ |
| | | $_____ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes. Give specific information............ [                    ]  $_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
☑ Yes. Describe each claim. .................. [ Personal injury claim; suit pending (alternative to interest in 1201 W ]  $ 150,000.00

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe each claim. .................. [                    ]  $_____

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information............ [                    ]  $_____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ➔  $ 202,324.00

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**
☐ No. Go to Part 6.
☑ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**
☐ No
☑ Yes. Describe....... [ unpaid fees as described above ]  $_____

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
☐ No
☑ Yes. Describe....... [ Desk, filing cabinets ]  $ 500.00

---

Official Form 106A/B                 Schedule A/B: Property                 page 8

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number *(if known)* 15-29534 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ No
☑ Yes. Describe........ Printer/fax $ 25.00

**41. Inventory**

☑ No
☐ Yes. Describe........ $

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe........

Name of entity: % of ownership:

_____ _____ % $_____
_____ _____ % $_____
_____ _____ % $_____

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?**

☐ No
☐ Yes. Describe........ $_____

**44. Any business-related property you did not already list**

☑ No
☐ Yes. Give specific
information .........

$_____
$_____
$_____
$_____
$_____
$_____

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached → $ 525.00
for Part 5. Write that number here ...................................................................................................

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☐ No. Go to Part 7.
☑ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes ...................... $_____

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number *(if known)* 15-29534 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**48. Crops—either growing or harvested**

☑ No
☐ Yes. Give specific information. ............ [                                    ] $_____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No
☑ Yes ..................... [ Nonoperational tractor and truck                  ] $          500.00

**50. Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes ..................... [                                    ] $_____

**51. Any farm- and commercial fishing-related property you did not already list**

☐ No
☑ Yes. Give specific information. ............ [                                    ] $_____

**52.** Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here ➔ $          500.00

---

**Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information. ............ 
$_____
$_____
$_____

**54.** Add the dollar value of all of your entries from Part 7. Write that number here ............ ➔ $          0.00

---

**Part 8:    List the Totals of Each Part of this Form**

| | | |
|---|---|---|
| **55. Part 1: Total real estate, line 2** .................................................................... ➔ | $ | 340,000.00 |
| **56. Part 2: Total vehicles, line 5** | $ | 4,000.00 |
| **57. Part 3: Total personal and household items, line 15** | $ | 4,050.00 |
| **58. Part 4: Total financial assets, line 36** | $ | 202,324.00 |
| **59. Part 5: Total business-related property, line 45** | $ | 525.00 |
| **60. Part 6: Total farm- and fishing-related property, line 52** | $ | 500.00 |
| **61. Part 7: Total other property not listed, line 54** | +$ | 0.00 |

**62. Total personal property.** Add lines 56 through 61. .................. $     211,399.00   Copy personal property total ➔ +$     211,399.00

**63. Total of all property on Schedule A/B.** Add line 55 + line 62. ......................................... $     551,399.00

# EXHIBIT "8"

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | GERALD | WILLIAM | FILICE |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Eastern District of California

Case number  15-29534
(If known)

☐ Check if this is an
amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property                   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:   List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

|  | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|

**2.1  Statebridge**

Describe the property that secures the claim:  $ 300,000.00   $ 450,000.00   $ 0.00

Creditor's Name
5680 Greenwood Plaza Blvd.
Number          Street

#100 S

4040 Rontree Lane, Somerset, CA 95684

Greenwood Vill.    CO    80111
City            State    ZIP Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ Check if this claim relates to a community debt

Date debt was incurred _____

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

**2.2  Internal Revenue Service**

Describe the property that secures the claim:  $ 46,632.00   $ 450,000.00   $ 0.00

Creditor's Name
PO Box 21126
Number          Street

4040 Rontree Lane, SOmerset, CA 95684

Philadelphia    PA    19114
City            State    ZIP Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ Check if this claim relates to a community debt

Date debt was incurred _____

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☑ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number  3  8  8  3

Add the dollar value of your entries in Column A on this page. Write that number here:    $ 346,632.00

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number (if known) 15-29534 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| Part 1: | **Additional Page**<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | **Column A**<br>Amount of claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim | **Column C**<br>Unsecured portion If any |
|---|---|---|---|---|

**2.3** Franchise Tax Board

Creditor's Name

Bankruptcy Unit

Number     Street

PO Box 2952

Sacramento          CA    95812

City                State    ZIP Code

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

- ☐ Check if this claim relates to a community debt

Date debt was incurred _____

**Describe the property that secures the claim:**

| 4040 Rontree Lane, Somerset, CA 95684 |
|---|

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

**Nature of lien.** Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☑ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number  3  8  8  3

Column A: $ 207,046.00   Column B: $ 450,000.00   Column C: $ 118,678.0

**2.5** CL Raffety, CPA

Creditor's Name

Tax Collector

Number     Street

360 Fair Lane

Placerville          CA    95667

City                State    ZIP Code

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☑ Check if this claim relates to a community debt

Date debt was incurred _____

**Describe the property that secures the claim:**

| 4040 Rontree Lane, Somerset, CA 95684 |
|---|

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☑ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number  ___ ___ ___ ___

Column A: $ 15,000.00   Column B: $ 450,000.00   Column C: $ 0.00

**2.5** JWP Lenders Corp

Creditor's Name

8343 Folsom Blvd.

Number     Street

Sacramento          CA    95826

City                State    ZIP Code

**Who owes the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

- ☐ Check if this claim relates to a community debt

Date debt was incurred _____

**Describe the property that secures the claim:**

| 1998 BMW |
|---|

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.
- ☑ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number  ___ ___ ___ ___

Column A: $ 3,000.00   Column B: $ 4,000.00   Column C: $ 0.00

Add the dollar value of your entries in Column A on this page. Write that number here:  $ 225,046.00

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:  $ 571,678.00

| Debtor 1 | GERALD | WILLIAM | FILICE | | Case number (if known) 15-29534 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:    List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

Name

Number       Street

City                          State      ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

Name

Number       Street

City                          State      ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

Name

Number       Street

City                          State      ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

Name

Number       Street

City                          State      ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

Name

Number       Street

City                          State      ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

Name

Number       Street

City                          State      ZIP Code

Official Form 106D          Part 2 of Schedule D: Creditors Who Have Claims Secured by Property          page ___ of ___

# EXHIBIT "9"

 **ClearCapital®**

## 4040 Rontree Ln, Somerset, CA 95684

Please Note: This report was completed with the following assumptions: Market Approach: **Fair Market Price** , Marketing Time: **Typical** . Important additional information relating to this report, including use and restrictions, is contained in an attached addendum which is an integral part of this report.

| | | | | | |
|---|---|---|---|---|---|
| **Address** | 4040 Rontree Ln, Somerset, CA 95684 | | | | |
| **Borrower Name** | GERALD WILLIAM FILICE | **Inspection Date** | 04/30/2015 | **Order ID** | **Property ID** |
| **Loan Number** | | **Date of Report** | 05/04/2015 | **APN** | unknown |

### Tracking IDs

| | | | |
|---|---|---|---|
| **Order Tracking ID** | Palisades 15-4 - Selene | **Tracking ID 1** | Palisades 15-4 - Selene |
| **Tracking ID 2** | SELENE | **Tracking ID 3** | -- |

### I. General Conditions

| | |
|---|---|
| **Property Type** | SFR |
| **Occupancy** | Occupied |
| **Property Condition** | Fair |
| **Estimated Exterior Repair Cost** | $3,000 |
| **HOA** | No |
| **Est. Monthly Rental** | $1,000/month |

**Condition Comments**

Subject is in fair condition in need of some exterior repair and maintenance. Repair consists of some siding damage, and entire home needs exterior paint. Quality of construction is average for the area, curb appeal is fair as all landscaping has not been properly maintained in quite some time. No negative external obsolescence was noted.

### II. Subject Sales & Listing History

| Current Listing Status | | Not Currently Listed | | | |
|---|---|---|---|---|---|
| **Date Listed** | **Date Sold** | **List Price** | **Sale Price** | **Notes** | |
| 08/28/2013 | -- | $449,000 | -- | Listing | |
| -- | 07/03/1996 | -- | $195,000 | -- | |

### III. Neighborhood & Market Data

| | |
|---|---|
| **Location Type** | Rural |
| **Local Economy** | Stable |
| **Sales Prices in this Neighborhood** | Low: $150,000 High: $496,000 |
| **Market for this type of property** | Remained Stable for the past 6 months. |
| **Normal Marketing Days** | <90 |

**Neighborhood Comments**

Subjects neighborhood is comprised of primarily large parcel lots, with a vast range of home GLA. Many lots have AG or the ability to have AG, subject is in the heart of Fairplay wine country. Subject has a nearby park, and local store. The area has fairly low REO activity, and boarded homes were not noted.

### IV. Current Listings

| | Subject | Listing 1 | Listing 2 * | Listing 3 |
|---|---|---|---|---|
| **Street Address** | 4040 Rontree Ln | 8032 Ursa Lane | 6440 Lady Hawke Way | 7551 Van Pooka Ct |
| **City, State** | Somerset, CA | Somerset, CA | Somerset, CA | Somerset, CA |
| **Zip Code** | 95684 | 95684 | 95684 | 95684 |
| **Datasource** | Tax Records | MLS | MLS | MLS |
| **Miles to Subj.** | -- | 7.41 [1] | 3.30 [1] | 2.09 [1] |
| **List Price $** | -- | $328,450 | $374,250 | $375,000 |
| **DOM · Cumulative DOM** | -- · -- | 63 · 79 | 79 · 82 | 6 · 11 |
| **Original List Price $** | $ | $298,750 | $377,500 | $375,000 |
| **Age** (# of years) | 58 | 23 | 38 | 14 |
| **Condition** | Fair | Average | Average | Average |
| **Sales Type** | -- | Fair Market Value | Fair Market Value | Fair Market Value |
| **Style/Design** | 1 Story Ranch | 1 Story Ranch | 1 Story Ranch | 2 Stories Ranch |
| **# Units** | 1 | 1 | 1 | 1 |
| **Living Sq. Feet** | 1,328 | 1,510 | 1,508 | 1,700 |
| **Bdrm · Bths · ½ Bths** | 2 · 1 | 3 · 2 | 3 · 2 | 2 · 2 |
| **Total Room #** | 4 | 6 | 6 | 5 |
| **Garage** (Style/Stalls) | Carport 1 Car | None | None | Attached 3 Car(s) |
| **Basement** (Yes/No) | No | No | No | No |
| **Basement** (% Fin) | 0% | 0% | 0% | 0% |
| **Basement Sq. Ft.** | -- | -- | -- | -- |
| **Pool/Spa** | -- | -- | -- | -- |
| **Lot Size** | 19.62 acres | 5.05 acres | 10.38 acres | 10 acres |
| **Other** | -- | -- | -- | -- |

**Listing Comments** Why the comparable listing is superior or inferior to the subject.

**Listing 1** Listing comparable property is superior to subject property with respect to overall GLA, appeal, age and build quality.

**Listing 2** Listing comparable property is superior to subject property as the overall GLA, property appeal, and build quality are greater.

**Listing 3** Listing comparable property is superior to subject property as the overall GLA, property appeal, and build quality are greater. Additionally, the home is much newer than the subject.

**\*** Listing 2 is the most comparable listing to the subject.
¹ Comp's "Miles to Subject" was calculated by the system.
² Comp's "Miles to Subject" provided by Real Estate Professional.
³ Subject $/ft based upon as-is sale price.

## V. Recent Sales

|  | Subject | Sold 1 | Sold 2 | Sold 3 * |
|---|---|---|---|---|
| **Street Address** | 4040 Rontree Ln | 7021 Dorado Canyon Rd | 8121 Boondock Trl | 7081 Moonracer Dr |
| **City, State** | Somerset, CA | Somerset, CA | Somerset, CA | Somerset, CA |
| **Zip Code** | 95684 | 95684 | 95684 | 95684 |
| **Datasource** | Tax Records | MLS | MLS | MLS |
| **Miles to Subj.** | -- | 0.32 ¹ | 3.54 ¹ | 3.23 ¹ |
| **List Price $** | -- | $347,777 | $137,500 | $250,000 |
| **Sale Price $** | -- | $330,000 | $137,500 | $250,000 |
| **Type of Financing** | -- | Cash | Cash | Conventional |
| **Date of Sale** | -- | 10/31/2014 | 6/18/2014 | 11/26/2014 |
| **DOM · Cumulative DOM** | -- · -- | 100 · 147 | 4 · 19 | 7 · 44 |
| **Original List Price $** | -- | $385,000 | $137,500 | $250,000 |
| **Age** (# of years) | 58 | 28 | 37 | 35 |
| **Condition** | Fair | Average | Fair | Average |
| **Sales Type** | -- | Fair Market Value | Fair Market Value | Fair Market Value |
| **Style/Design** | 1 Story Ranch | 1 Story Ranch | 1 Story Cabin | 1 Story Ranch |
| **# Units** | 1 | 1 | 1 | 1 |
| **Living Sq. Feet** | 1,328 | 1,746 | 1,960 | 1,344 |
| **Bdrm · Bths · ½ Bths** | 2 · 1 | 2 · 2 | 2 · 2 | 3 · 2 |
| **Total Room #** | 4 | 6 | 5 | 5 |
| **Garage** (Style/Stalls) | Carport 1 Car | Attached 2 Car(s) | Detached 1 Car | Attached 2 Car(s) |
| **Basement** (Yes/No) | No | No | No | No |
| **Basement** (% Fin) | 0% | 0% | 0% | 0% |
| **Basement Sq. Ft.** | -- | -- | -- | -- |
| **Pool/Spa** | -- | -- | -- | -- |
| **Lot Size** | 19.62 acres | 10.03 acres | 7.09 acres | 9.89 acres |
| **Other** | -- | -- | -- | -- |
| **Adjustment** | -- | -$8,360 | +$45,000 | +$8,000 |
| **Adjusted Price** | -- | $321,640 | $182,500 | $258,000 |

**Reasons for Adjustments** Why the comparable sale is superior or inferior to the subject.

**Sold 1** Comparable property is overall superior to subject with respect to GLA, build class and appeal, while the only inferior component of the comparable property is lot size.

**Sold 2** Comparable property is inferior to subject with respect to build class, appeal, and drastically smaller lot size. Parcel size is relatively close.

**Sold 3** Comparable property is inferior to the subject as the each property has very similar GLA, and appeal, the lot size of subject property is significantly greater.

**\*** Sold 3 is the most comparable sale to the subject.
¹ Comp's "Miles to Subject" was calculated by the system.
² Comp's "Miles to Subject" provided by Real Estate Professional.
³ Subject $/ft based upon as-is sale price.

## VI. Marketing Strategy

|  | As Is Price | Repaired Price |
|---|---|---|
| **Suggested List Price** | $289,000 | $299,000 |
| **Sales Price** | $279,000 | $289,000 |
| **30 Day Price** | $275,000 | -- |
| **Comments Regarding Pricing Strategy** | | |

The pricing strategy was determined by placing the subject property price per square in the middle of the utilized sold comparable properties in the given area.

## VII. Clear Capital Quality Assurance Comments Addendum

|  | As Is Price | Repaired Price |
|---|---|---|
| **Reviewer's Price Opinion** | $279,000 | $289,000 |
| **Reviewer's Notes** | Broker's conclusion reflects a market price for the subject. Comps are within a reasonable distance, relatively current, and accurately reflect the subject's defining characteristics. Thus, the price conclusion appears to be adequately supported. | |

## VIII. Property Images

| | | | | |
|---|---|---|---|---|
| **Address** | 4040 Rontree Ln, Somerset, CA 95684 | | | |
| **Loan Number** | C210040502 | **Suggested List** $289,000 | **Suggested Repaired** $299,000 | **Sale** $279,000 |



| | | | |
|---|---|---|---|
| **Subject** | 4040 Rontree Ln | **View** | Front |
| **Comment** | "Overgrown vegetation." | | |



| | | | |
|---|---|---|---|
| **Subject** | 4040 Rontree Ln | **View** | Side |

## VIII. Property Images (continued)

| | | | | |
|---|---|---|---|---|
| **Address** | 4040 Rontree Ln, Somerset, CA 95684 | | | |
| **Loan Number** | C210040502 | **Suggested List** $289,000 | **Suggested Repaired** $299,000 | **Sale** $279,000 |



**Subject**    4040 Rontree Ln        **View**    Side

**Comment**    "Close as I could get to the front of the house, vegetation and weeds prevented going any further."



**Subject**    4040 Rontree Ln        **View**    Address Verification

**Comment**    "Subject had no address therefore, the neighbors address was utilized for verification."

**VIII. Property Images (continued)**

| | |
|---|---|
| **Address** | 4040 Rontree Ln, Somerset, CA 95684 |
| **Loan Number** C210040502 | **Suggested List** $289,000    **Suggested Repaired** $299,000    **Sale** $279,000 |



**Subject**   4040 Rontree Ln                    **View**   Street



**Listing Comp 1**   8032 Ursa Lane               **View**   Side

## VIII. Property Images (continued)

**Address**   4040 Rontree Ln, Somerset, CA 95684
**Loan Number**   C210040502     **Suggested List** $289,000      **Suggested Repaired** $299,000      **Sale** $279,000



**Listing Comp 2**   6440 Lady Hawke Way      **View**   Front



**Listing Comp 3**   7551 Van Pooka Ct      **View**   Front

**VIII. Property Images (continued)**

| Address | 4040 Rontree Ln, Somerset, CA 95684 | | | |
|---|---|---|---|---|
| **Loan Number** | C210040502 | **Suggested List** $289,000 | **Suggested Repaired** $299,000 | **Sale** $279,000 |



**Sold Comp 1**　7021 Dorado Canyon Rd　　　　　**View**　Front



**Sold Comp 2**　8121 Boondock Trl　　　　　**View**　Front

## VIII. Property Images (continued)

**Address** 4040 Rontree Ln, Somerset, CA 95684
**Loan Number** C210040502        **Suggested List** $289,000        **Suggested Repaired** $299,000        **Sale** $279,000



**Sold Comp 3**  7081 Moonracer Dr                **View**  Front

**ClearMaps Addendum**

| | | |
|---|---|---|
| **Address** | ⭐ 4040 Rontree Ln, Somerset, CA 95684 | |
| **Loan Number** C210040502 | **Suggested List** $289,000 | **Suggested Repaired** $299,000 | **Sale** $279,000 |



| Comparable | Address | Miles to Subject | Mapping Accuracy |
|---|---|---|---|
| ⭐ Subject | 4040 Rontree Ln, Somerset, CA | -- | Parcel Match |
| 1 Listing 1 | 8032 Ursa Lane, Somerset, CA | 7.41 Miles [1] | Parcel Match |
| 2 Listing 2 | 6440 Lady Hawke Way, Somerset, CA | 3.30 Miles [1] | Parcel Match |
| 3 Listing 3 | 7551 Van Pooka Ct, Somerset, CA | 2.09 Miles [1] | Parcel Match |
| 4 Sold 1 | 7021 Dorado Canyon Rd, Somerset, CA | 0.32 Miles [1] | Parcel Match |
| 5 Sold 2 | 8121 Boondock Trl, Somerset, CA | 3.54 Miles [1] | Parcel Match |
| 6 Sold 3 | 7081 Moonracer Dr, Somerset, CA | 3.23 Miles [1] | Parcel Match |

[1] The Comparable "Distance from Subject" value has been calculated by the Clear Capital system.
[2] The Comparable "Distance from Subject" value has been provided by the Real Estate Professional.

**Addendum: Report Purpose**

## Market Approach and Market Time

The Market Approach of this report, as established by the customer, is: **Fair Market Price**. (See definition below.)

The Marketing Time as specified by the customer is **Typical**. (See definition below.)

| | |
|---|---|
| Definitions: | |
| Fair Market Price | A price at which the property would sell between a willing buyer and a willing seller neither being compelled by undue pressure and both having reasonable knowledge of relevant facts. |
| Distressed Price | A price at which the property would sell between a willing buyer and a seller acting under duress. |
| Marketing Time | The amount of time the property is exposed to a pool of prospective buyers before going into contract. The customer either specifies the number of days, requests a marketing time that is typical to the subject's market area and/or requests an abbreviated marketing time. |
| Typical for Local Market | The estimated time required to adequately expose the subject property to the market resulting in a contract of sale. |

## Report Instructions

This section shows the instructions that were approved by the customer and provided to the broker prior to completing the report.

Purpose: Fair Market Price
Please determine a Fair Market Price for this property at which it would sell in a typical marketing time for the area.

Customer Specific Requests:

1. If the subject is a Commercial property please contact Clear Capital immediately at 530-582-5011 for direction on how to proceed with the report.
2. If the subject is found to be vacant land, please stop working and contact Clear Capital immediately at 530-582-5011 for direction on how to proceed with the report.

Comparable Requirements:

1. Please use comps from the same neighborhood, block or subdivision or comment why this is not possible.
2. Please use REO comparables if the market is driven by REOs and they are comparable in characteristics and condition.
3. Please use comps that have closed in the past 3 months to show the current market conditions or comment in the report if this is not possible. In rapidly changing markets, active listing comps should be given equal or greater weight than sold comps in your analysis.

Standard Instructions:

Clear Capital and our mutual customers greatly appreciate your expertise. If you cannot personally inspect the property, select comparables, and determine a price for the subject, please do not accept this report. Per the BPO Standards and Guidelines adopted by Clear Capital and other industry leaders, the use of assistants to complete any of the aforementioned tasks is not permitted.

1. Please use the subject characteristics provided in the report Grid (if we preloaded them) to evaluate the property. This information is from a full interior appraisal and is assumed to be most accurate. If your inspection reveals obvious inaccuracies, please explain in the narrative of the report.
2. Please include sufficient detail to help our mutual customer gain a complete understanding of the subject's neighborhood such as neighborhood desirability, amenities, parks, schools, commercial or industrial influences, REO activity, traffic, board up-homes, etc.

1. One current, original photo of the front of the subject 2. One current, original address verification 3. One current, original street scene 4. Labeled MLS Listing and Sold Comp photos required; please comment if no MLS

## Broker Information

| | | | |
|---|---|---|---|
| **Broker Name** | Dalton Hepworth | **Company/Brokerage** | Vindler Real Estate and Acquisitions |
| **License No** | 01523047 | | |
| **Licence Expiration** | 11/02/2018 | **Licence State** | CA |
| **Phone** | 530.313.3852 | **Email** | daltonhepworth@yahoo.com |

**Disclaimer**

**This document is not an appraisal as defined by USPAP (Uniform Standards of Professional Appraisal Practice). It is not to be construed as an appraisal and may not be used as such for any purpose.**

**Unless otherwise specifically agreed to in writing:**
**The intended purpose of this report is to assist the Clear Capital account holder in making decisions within the scope of applicable statutory and regulatory requirements and performing required due diligence. This document is provided solely for the use of the Clear Capital account holder and not any other party, is not intended as any guarantee of value and/or condition of the subject property and should not be relied on as such. In the event that this document is found to be defective, incorrect, negligently prepared or unfit for its authorized use, Clear Capital's sole liability shall be to promptly refund the total fee expended by the account holder for this report or to replace it at no charge to the account holder, but in no event shall Clear Capital be responsible to the account holder for any indirect or consequential damages whatsoever. This warranty is in lieu of all other warranties, express or implied, except where otherwise required by law. The account holder shall notify Clear Capital within thirty (30) days of this report's delivery to the account holder if it believes that this document is defective, incorrect, negligently prepared or unfit for its authorized use. Under no circumstances may Clear Capital forms or their contents be published, copied, replicated, or mimicked.**

# EXHIBIT "10"

# U.S. Bankruptcy Court
## Eastern District of California (Sacramento)
### Bankruptcy Petition #: 08-20087

| | |
|---|---|
| | *Date filed:* 01/02/2008 |
| *Assigned to:* Hon. Michael S. McManus | *Date reopened:* 05/15/2013 |
| Chapter 11 | *Date terminated:* 08/02/2013 |
| Voluntary | *Debtor dismissed:* 12/03/2008 |
| Asset | *341 meeting:* 02/01/2008 |
| | *Deadline for objecting to discharge:* 04/01/2008 |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **Debtor** | represented by **Gerald W. Filice** |
| **Gerald William Filice** | 1337 Howe Avenue, Ste. 250 |
| 4040 Rontree Ln | Sacramento, CA 95825 |
| Somerset, CA 95684 | 916-529-4635 |
| EL DORADO-CA | |
| 530-306-1836 | |
| SSN / ITIN: xxx-xx-3883 | |

**U.S. Trustee**
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

| | |
|---|---|
| **U.S. Trustee** | represented by **Judith C. Hotze** |
| **Sara L. Kistler** | 501 I St #7-500 |
| | Sacramento, CA 95814 |
| | (916) 930-2100 |

| Filing Date | # | Docket Text |
|---|---|---|
| 01/02/2008 | [1] | Chapter 11 Voluntary Petition. Missing Document(s): Statement of Financial Affairs; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22B; Document(s) due by 1/17/2008. (stps) (Entered: 01/02/2008) |
| 01/02/2008 | [2] | Notice of Incomplete Filing (stps) (Entered: 01/02/2008) |
| 01/02/2008 | [3] | Master Address List (auto) (Entered: 01/02/2008) |
| 01/02/2008 | [4] | Statement of Social Security Number(s) (stps) (Entered: 01/02/2008) |

| | | |
|---|---|---|
| 01/02/2008 | 5 | Motion/Application to Pay Filing Fee in Installments (auto) (Entered: 01/02/2008) |
| 01/02/2008 | 6 | Order granting 5 Motion/Application to Pay Filing Fees in Installments Next Installment Payment due by 2/1/2008. Second Installment Payment due by 3/3/2008. Third Installment Payment due by 4/1/2008. Final Installment Payment due by 5/1/2008. (stps) (Entered: 01/02/2008) |
| 01/02/2008 | | Chapter 11 Voluntary Petition (Filing Fee Paid: $100.00, Receipt Number: 2-8-000158) (auto) (Entered: 01/02/2008) |
| 01/03/2008 | 7 | Order Scheduling Deadlines for Application to Employ; Election of Small Business Status; Disclosure of Single Asset Real Estate; Filing Preliminary Status Report; and Preliminary Status Conference; Status Conference to be held on 2/4/2008 at 11:00 AM at Sacramento Courtroom 28, Department A. (wlos) (Entered: 01/03/2008) |
| 01/14/2008 | 8 | Request by U.S. Trustee to Send 341 Notice; Meeting of Creditors to be held on 2/1/2008 at 02:00 PM at Office of the U.S. Trustee. Last day to oppose discharge: 4/1/2008. Proofs of Claim due by 5/1/2008. (jjas) (Entered: 01/14/2008) |
| 01/14/2008 | 9 | Notice of Meeting of Creditors as Transmitted to BNC (jjas) (Entered: 01/14/2008) |
| 01/14/2008 | 11 | Certificate of Service of Notice of Meeting of Creditors as served by the Bankruptcy Noticing Center (Admin.) (Entered: 01/16/2008) |
| 01/15/2008 | 10 | Declaration/Disclosure of Single Asset Real Estate Filed by Debtor Gerald William Filice (wlos) (Entered: 01/16/2008) |
| 01/15/2008 | 12 | Motion/Application to Extend Deadline to File Schedules or Provide Required Information Filed by Debtor Gerald William Filice (wlos) (Entered: 01/17/2008) |
| 01/16/2008 | 13 | Order Granting 12 Motion To Extend Deadline to File Schedules or Provide Required Information - Preliminary Status Report; Statement of Financial Affairs; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22B; (wlos) (Entered: 01/17/2008) |
| 01/23/2008 | 14 | Notice of Requirement to Complete Course in Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 01/23/2008) |

| 01/23/2008 | 15 | Certificate of Service of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as served by the Bankruptcy Noticing Center (Admin.) (Entered: 01/25/2008) |
|---|---|---|
| 01/30/2008 | 16 | Chapter 11 Statement of Current Monthly Income and Means Test Calculation - Form 22B Re: 1 Voluntary Petition (wlos) (Entered: 01/30/2008) |
| 01/30/2008 | 17 | Summary of Schedules Statistical Summary Schedules A - J Statement of Financial Affairs (Filing Fee Not Paid or Not Required) (wlos) (Entered: 01/31/2008) |
| 01/30/2008 | 18 | Status Report Filed by Debtor Gerald William Filice (wlos) (Entered: 01/31/2008) |
| 02/01/2008 | 19 | Installment Fee Paid; Next Installment Payment Due on 3/3/08 (Fee Paid: $240.00, Receipt Number: 2-8-002424) (auto) (Entered: 02/01/2008) |
| 02/04/2008 | 20 | U.S. Trustee's Report of 341 Meeting Concluded. (wlos) (Entered: 02/04/2008) |
| 02/04/2008 | 21 | Status Conference Held/Concluded Re: 1 Voluntary Petition (wlos) (Entered: 02/05/2008) |
| 02/07/2008 | 22 | Status Conference Order Re: 1 Voluntary Petition (rlos) (Entered: 02/11/2008) |
| 02/14/2008 | 23 | Debtor-In-Possession Monthly Operating Report for Filing Period January 2008 (wlos) (Entered: 02/15/2008) |
| 03/05/2008 | 24 | Notice of Appearance and Request for Notice Filed by Creditor Department of Justice (wlos) (Entered: 03/05/2008) |
| 03/05/2008 | 25 | Motion/Application to Dismiss Case/Proceeding [EBA-1] Filed by Creditor Department of Justice (wlos) (Entered: 03/05/2008) |
| 03/05/2008 | 25 | Notice of Hearing Re: 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] to be held on 4/14/2008 at 09:00 AM at Sacramento Courtroom 28, Department A. (wlos) (Entered: 03/05/2008) |
| 03/05/2008 | 26 | Memorandum of Points and Authorities in support of 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] (wlos) (Entered: 03/05/2008) |
| 03/05/2008 | 27 | Declaration of Erin B. Ashwell Re: 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] (wlos) (Entered: 03/05/2008) |
| 03/05/2008 | 28 | Support Document - Certification of Lack of Record Re: 27 Declaration Filed by Creditor Department of Justice (wlos) [EBA-1]Modified on 3/11/2008 (wlos). (Entered: 03/05/2008) |

| | | |
|---|---|---|
| 03/05/2008 | 29 | Support Document Re: 26 Memorandum of Points and Authorities Filed by Creditor Department of Justice (wlos) [EBA-1] Modified on 3/11/2008 (wlos). (Entered: 03/05/2008) |
| 03/05/2008 | 30 | Motion/Application to Extend Time to Pay Installment Fee Filed by Debtor Gerald William Filice (wlos) (Entered: 03/05/2008) |
| 03/05/2008 | 30 | Order Granting 30 Motion/Application to Extend Time (wlos) (Entered: 03/05/2008) |
| 03/11/2008 | | Envelope addressed to Gerald William Filice returned to court as undeliverable Re: 30 Order on Motion/Application to Extend Time, 30 Motion/Application to Extend Time (wlos) (Entered: 03/11/2008) |
| 03/17/2008 | 31 | Debtor-In-Possession Monthly Operating Report for Filing Period February, 2008 (wlos) (Entered: 03/17/2008) |
| 03/17/2008 | 32 | Installment Fee Paid; Next Installment Payment Due on 4/1/08 (Fee Paid: $230.00, Receipt Number: 2-8-005963) (auto) (Entered: 03/17/2008) |
| 03/18/2008 | 33 | Joinder to 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] Filed by Creditor Franchise Tax Board (wlos) (Entered: 03/18/2008) |
| 03/18/2008 | 34 | Certificate/Proof of Service of 33 Joinder [EBA-1] (wlos) (Entered: 03/18/2008) |
| 03/31/2008 | 35 | Declaration of Gerald W. Filice in opposition to 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] (wlos) (Entered: 04/01/2008) |
| 03/31/2008 | 36 | Memorandum of Points and Authorities in opposition to 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] (wlos) (Entered: 04/01/2008) |
| 04/01/2008 | 37 | Installment Fee Paid; Next Installment Payment Due on 5/1/08 (Fee Paid: $240.00, Receipt Number: 2-8-007468) (auto) (Entered: 04/01/2008) |
| 04/03/2008 | 38 | Response/Reply Filed by Creditor Department of Justice Re: 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] (wlos) (Entered: 04/03/2008) |
| 04/10/2008 | 39 | Request for Special Notice Filed by Creditor CitiFinancial Mortgage Company, Inc. (dnes) (Entered: 04/11/2008) |
| 04/14/2008 | 40 | Civil Minutes -- Hearing Held/Concluded Re: 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] DENIED (shes) (Entered: 04/15/2008) |
| 04/15/2008 | 41 | Civil Minute Order Denying 25 Motion/Application to Dismiss |

| | | Case/Proceeding [EBA-1] (dnes) (Entered: 04/16/2008) |
|---|---|---|
| 04/16/2008 | 42 | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 41 Civil Minute Order Denying 25 Motion/Application to Dismiss Case/Proceeding [EBA-1] (dnes) (dnes) (Entered: 04/16/2008) |
| 04/16/2008 | 43 | Request for Special Notice Filed by Creditor El Dorado County (dnes) (Entered: 04/16/2008) |
| 04/16/2008 | 44 | Certificate/Proof of Service of 43 Request for Special Notice (dnes) (Entered: 04/16/2008) |
| 04/16/2008 | 45 | Certificate of Service of 42 Notice of Entry of Order/Judgment as served by the Bankruptcy Noticing Center (Admin.) (Entered: 04/18/2008) |
| 05/07/2008 | 46 | Order to Show Cause - Failure to Pay Fees as Transmitted to BNC for Service. Hearing to be held on 5/27/2008 at 09:00 AM at Sacramento Courtroom 28, Department A. (wlos) (Entered: 05/07/2008) |
| 05/07/2008 | 47 | Certificate of Service of Order to Show Cause - Failure to Pay Fees as served by the Bankruptcy Noticing Center (Admin.) (Entered: 05/09/2008) |
| 05/23/2008 | 48 | Receipt of Final Installment Payment (Fee Paid: $229.00, Receipt Number: 2-8-012540) (auto) (Entered: 05/23/2008) |
| 05/27/2008 | 49 | Civil Minutes -- Hearing Held/Concluded Re: 46 Order to Show Cause - Failure to Pay Fees DISCHARGED (shes) (Entered: 05/28/2008) |
| 05/28/2008 | 50 | Civil Minute Order Discharging 46 Order to Show Cause - Failure to Pay Fees (wlos) (Entered: 05/29/2008) |
| 05/29/2008 | 51 | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 50 Civil Minute Order Discharging 46 Order to Show Cause - Failure to Pay Fees (wlos) (wlos) (Entered: 05/29/2008) |
| 05/29/2008 | 52 | Certificate of Service of 51 Notice of Entry of Order/Judgment as served by the Bankruptcy Noticing Center (Admin.) (Entered: 05/31/2008) |
| 06/17/2008 | 53 | Debtor-In-Possession Monthly Operating Report for Filing Period March 2008 (wlos) (Entered: 06/17/2008) |
| 06/17/2008 | 54 | Debtor-In-Possession Monthly Operating Report for Filing Period April 2008 (wlos) (Entered: 06/17/2008) |
| 06/17/2008 | 55 | Debtor-In-Possession Monthly Operating Report for Filing Period May 2008 (wlos) (Entered: 06/17/2008) |
| 07/03/2008 | 56 | Motion/Application to Extend Exclusivity Period for Filing a Chapter |

| | | 11 Plan and Disclosure Statement Filed by Debtor Gerald William Filice (wlos) (Entered: 07/03/2008) |
|---|---|---|
| 07/03/2008 | 56 | Order Denying 56 Motion/Application to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (wlos) (Entered: 07/03/2008) |
| 07/18/2008 | 57 | Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1] Filed by U.S. Trustee Sara L. Kistler (wlos) (Entered: 07/21/2008) |
| 07/18/2008 | 57 | Motion/Application to Dismiss Case/Proceeding [UST-1] Filed by U.S. Trustee Sara L. Kistler (wlos) (Entered: 07/21/2008) |
| 07/18/2008 | 58 | Notice of Hearing Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] to be held on 8/29/2008 at 09:00 AM at Sacramento Courtroom 28, Department A. (wlos) (Entered: 07/21/2008) |
| 07/18/2008 | 59 | Declaration of Judith C. Hotze Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] (wlos) (Entered: 07/21/2008) |
| 07/18/2008 | 60 | Certificate/Proof of Service of 59 Declaration, 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1], 58 Notice of Hearing (wlos) (Entered: 07/21/2008) |
| 08/15/2008 | 61 | Opposition/Objection Filed by Debtor Gerald William Filice Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] DCN NUMBER MISSING FROM PLEADING (wlos) (Entered: 08/15/2008) |
| 08/29/2008 | 62 | Civil Minutes -- Hearing Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] continued; Hearing to be held on 9/22/2008 at 09:00 AM at Sacramento Courtroom 28, Department A. (shes) (Entered: 09/02/2008) |
| 09/15/2008 | 63 | Amended/Modified Debtor-In-Possession Monthly Operating Report for Filing Period March, 2008 (wlos) (Entered: 09/16/2008) |
| 09/15/2008 | 64 | Amended/Modified Debtor-In-Possession Monthly Operating Report for Filing Period April, 2008 (wlos) (Entered: 09/16/2008) |
| 09/15/2008 | 65 | Amended/Modified Debtor-In-Possession Monthly Operating Report for Filing Period May, 2008 (wlos) (Entered: 09/16/2008) |
| 09/15/2008 | 66 | Debtor-In-Possession Monthly Operating Report for Filing Period June, 2008 (wlos) (Entered: 09/16/2008) |

| 09/15/2008 | 67 | Debtor-In-Possession Monthly Operating Report for Filing Period July, 2008 (wlos) (Entered: 09/16/2008) |
|---|---|---|
| 09/18/2008 | 68 | Support Document - Statement of the United States Trustee Re: Payment of Quarterly Fees and Continuance of Motion Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] Filed by U.S. Trustee Sara L. Kistler (wlos) (Entered: 09/19/2008) |
| 09/18/2008 | 68 | Notice of Continued Hearing Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] to be held on 11/18/2008 at 09:00 AM at Sacramento Courtroom 28, Department A. (wlos) (Entered: 09/19/2008) |
| 09/18/2008 | 69 | Certificate/Proof of Service of 68 Notice of Continued Hearing,, 68 Support Document, [UST-1] (wlos) (Entered: 09/19/2008) |
| 09/22/2008 | 70 | Debtor-In-Possession Monthly Operating Report for Filing Period August, 2008 (wlos) (Entered: 09/22/2008) |
| 09/22/2008 | 71 | Civil Minutes -- Hearing Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] continued; Hearing to be held on 10/6/2008 at 09:00 AM at Sacramento Courtroom 28, Department A. (shes) (Entered: 09/23/2008) |
| 10/06/2008 | 72 | Certificate/Proof of Service (wlos) (Entered: 10/06/2008) |
| 10/06/2008 | 73 | Civil Minutes -- Hearing Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] continued; Hearing to be held on 12/1/2008 at 11:00 AM at Sacramento Courtroom 28, Department A (shes) (Entered: 10/07/2008) |
| 10/07/2008 | 74 | Motion/Application to Substitute Attorney Filed by Creditor Department of Justice (wlos) (Entered: 10/08/2008) |
| 10/07/2008 | 74 | Order Granting 74 Motion/Application to Substitute Attorney. Attorney Erin B Ashwell removed from the case. Attorney Andy R. Camacho for Department of Justice added to the case. (wlos) (Entered: 10/08/2008) |
| 12/01/2008 | 75 | Civil Minutes -- Opposed Hearing Held Re: 57 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 57 Motion/Application to Dismiss Case/Proceeding [UST-1] GRANTED; CASE DISMISSED (shes) (Entered: 12/03/2008) |
| 12/03/2008 | 76 | Civil Minute Order Granting 57 Motion/Application to Dismiss Case/Proceeding [UST-1] (wlos) (Entered: 12/03/2008) |
| 12/03/2008 | 77 | Notice of Entry of Order/Judgment as Transmitted to BNC for Service |

| | | |
|---|---|---|
| | | Re: 76 Civil Minute Order Granting 57 Motion/Application to Dismiss Case/Proceeding [UST-1] (wlos) (Entered: 12/03/2008) |
| 12/03/2008 | | Motion/Application to Convert Case From Chapter 11 to Chapter 7, Document Number 57, Terminated. See 76 Order on Motion/Application to Dismiss Case/Proceeding [UST-1] (wlos) (Entered: 12/03/2008) |
| 12/03/2008 | 78 | Request to be Added to Mailing List by Western Reporters (wlos) (Entered: 12/04/2008) |
| 12/03/2008 | 79 | Certificate of Mailing of Notice of 77 Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/05/2008) |
| 12/15/2008 | | Order Closing Case where Case has been Dismissed (wlos) (Entered: 12/15/2008) |
| 02/11/2013 | | Change of Address Submitted for Attorney Gerald Filice by e-Filing User Account Maintenance Utility. Address changed from: 6201 Enterprise Dr #B , Diamond Springs CA 95619 to: 1337 Howe Avenue, Ste. 250 , Sacramento CA 95825. (Entered: 02/11/2013) |
| 05/14/2013 | 80 | Motion/Application to Reopen Chapter 11 Bankruptcy Case [PD-1] Filed by Creditor CITIMORTGAGE, INC. (Fee Paid $1167) (wlos) (Entered: 05/15/2013) |
| 05/14/2013 | 81 | Certificate/Proof of Service of 80 Motion/Application to Reopen Chapter 11 Bankruptcy Case [PD-1] (wlos) (Entered: 05/15/2013) |
| 05/14/2013 | | REOPEN 11 Fee Paid ($1,167.00, Receipt Number: 2-13-09653) (auto) (Entered: 05/15/2013) |
| 05/15/2013 | 82 (1 pg) | Order Reopening Case. Order Reopening Case as transmitted to BNC for service. (wlos) (Entered: 05/15/2013) |
| 05/15/2013 | 83 (3 pgs) | Certificate of Mailing of Order Reopening Case as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 05/17/2013) |
| 05/23/2013 | 84 | Motion/Application to Restrict Public Access to Claim #1-1 [PD-2] Filed by Creditor CITIMORTGAGE, INC. (wlos) (Entered: 05/23/2013) |
| 05/23/2013 | 85 | Exhibit(s) in support of 84 Motion/Application to Restrict Public Access to Claim #1-1 [PD-2] (wlos) (Entered: 05/23/2013) |
| 05/23/2013 | 86 | Memorandum of Points and Authorities in support of 84 Motion/Application to Restrict Public Access to Claim #1-1 [PD-2] (wlos) (Entered: 05/23/2013) |
| 05/23/2013 | 87 | Certificate/Proof of Service of Proposed Order, 84 Motion/Application |

| | | to Restrict Public Access to Claim #1-1 [PD-2], 85 Exhibit(s), 86 Memorandum of Points and Authorities (wlos) (Entered: 05/23/2013) |
|---|---|---|
| 05/27/2013 | 88 | Order Granting 84 Motion/Application To Restrict Public Access or Seal [PD-2] (wlos) (Entered: 05/28/2013) |
| 05/30/2013 | 89 | Certificate/Proof of Service of 88 Order on Motion/Application to Restrict Public Access or Seal [PD-2] (wlos) (Entered: 05/31/2013) |
| 06/10/2013 | doc | Certificate of Service Filed by Creditor CITIMORTGAGE, INC. (wlos) (Entered: 06/11/2013) |
| 08/02/2013 | 90 (1 pg) | Order Closing Case where Case has been Reopened (jbrm) (Entered: 08/02/2013) |

### PACER Service Center

#### Transaction Receipt

##### 05/02/2017 09:20:30

| PACER Login: | dlaporte:4181404:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 08-20087 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 6 | Cost: | 0.60 |

# EXHIBIT "11"

# U.S. Bankruptcy Court
## Eastern District of California (Sacramento)
### Bankruptcy Petition #: 09-28543

|  |  |
|---|---|
| *Assigned to:* Hon. Robert S. Bardwil | *Date filed:* 04/30/2009 |
| Chapter 7 | *Date converted:* 07/30/2009 |
| Previous chapter 13 | *Date terminated:* 12/09/2009 |
| Voluntary | *Debtor discharged:* 12/03/2009 |
| No asset | *341 meeting:* 10/02/2009 |
|  | *Deadline for objecting to discharge:* 11/09/2009 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| ***Debtor*** | represented by **Gerald William Filice** |
| **Gerald William Filice** | PRO SE |
| 4040 Rontree Ln | |
| Somerset, CA 95684 | |
| EL DORADO-CA | |
| 530-306-1836 | |
| SSN / ITIN: xxx-xx-3883 | |

***Trustee***
**Lawrence J. Loheit**
PO Box 1858
Sacramento, CA 95812-1858
916-856-8000
*TERMINATED: 07/30/2009*

***Trustee***
**Thomas E. May**
5098 Foothills Blvd #3-484
Roseville, CA 95747
916-740-4328

***U.S. Trustee***
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

| Filing Date | # | Docket Text |
|---|---|---|
| 04/30/2009 | [1] | Chapter 13 Voluntary Petition Missing Document(s): Statement of Financial Affairs; Summary of schedules; Statistical Summary; Chapter 13 Plan;Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H |

Filed 06/22/17       Case 15-23634       Doc 198

| | | |
|---|---|---|
| | | - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22C; Document(s) due by 5/15/2009. (avos) (Entered: 04/30/2009) |
| 04/30/2009 | 2 | Designation of Trustee (auto) (Entered: 04/30/2009) |
| 04/30/2009 | 3 | Notice of Incomplete Filing (avos) (Entered: 04/30/2009) |
| 04/30/2009 | 4 | Master Address List (auto) (Entered: 04/30/2009) |
| 04/30/2009 | 5 | Statement of Social Security Number(s) (avos) (Entered: 04/30/2009) |
| 04/30/2009 | 6 | Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices (avos) (Entered: 04/30/2009) |
| 04/30/2009 | | Chapter 13 Voluntary Petition (Filing Fee Paid: $274.00, Receipt Number: 2-9-013999) (auto) (Entered: 04/30/2009) |
| 04/30/2009 | | PHOTOCOPY Fee Paid ($6.00, Receipt Number: 2-9-013999) (auto) (Entered: 04/30/2009) |
| 05/06/2009 | 7 | Notice of Commencement of Case Under Chapter 13, Meeting of Creditors and Deadlines as transmitted to BNC for service. Meeting of Creditors to be held on 6/4/2009 at 01:30 PM at Meeting Room 7-A. Proofs of Claim due by 9/2/2009. (Hughes, Anne) (Entered: 05/06/2009) |
| 05/07/2009 | 8 | Certificate of Mailing of Chapter 13 Meeting Notice as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 05/09/2009) |
| 05/15/2009 | 9 | Motion/Application to Extend Deadline to File Schedules or Provide Required Information Filed by Debtor Gerald William Filice (lbes) (Entered: 05/18/2009) |
| 05/15/2009 | 10 | Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income - Form 22C Re: 1 Voluntary Petition (shbs) (Entered: 05/18/2009) |
| 05/15/2009 | 10 | Schedules A - J Statement of Financial Affairs (Filing Fee Not Paid or Not Required) (shbs) (Entered: 05/18/2009) |
| 05/19/2009 | 11 | Order Granting 9 Motion To Extend Deadline to File Schedules or Provide Required Information; Documents due: May 26, 2009 Re: Summary of schedules; Statistical Summary; Chapter 13 Plan; (jlas) (Entered: 05/20/2009) |
| 05/26/2009 | 12 | Chapter 13 Plan (nkrs) (Entered: 05/27/2009) |
| 05/26/2009 | 13 | Summary of Schedules Statistical Summary (Filing Fee Not Paid or Not Required) (nkrs) (Entered: 05/27/2009) |

| 06/05/2009 | 14 | Trustee's Report of 341 Meeting Concluded. (shbs) (Entered: 06/05/2009) |
|---|---|---|
| 06/16/2009 | 15 | Motion/Application to Dismiss Case for Unreasonable Delay That is Prejudicial to Creditors [NLE-1] Filed by Trustee Lawrence J. Loheit (jlas) (Entered: 06/16/2009) |
| 06/16/2009 | 15 | Motion/Application to Dismiss Case/Proceeding [NLE-1] Filed by Trustee Lawrence J. Loheit (jlas) (Entered: 06/16/2009) |
| 06/16/2009 | 16 | Notice of Hearing Re: 15 Motion/Application to Dismiss Case for Unreasonable Delay That is Prejudicial to Creditors [NLE-1], 15 Motion/Application to Dismiss Case/Proceeding [NLE-1] to be held on 7/28/2009 at 10:00 AM at Sacramento Courtroom 34, Department D. (jlas) (Entered: 06/16/2009) |
| 06/16/2009 | 17 | Declaration of Christina Lloyd in support of 15 Motion/Application to Dismiss Case for Unreasonable Delay That is Prejudicial to Creditors [NLE-1], 15 Motion/Application to Dismiss Case/Proceeding [NLE-1] (jlas) (Entered: 06/16/2009) |
| 06/16/2009 | 18 | Certificate/Proof of Service of 15 Motion/Application to Dismiss Case for Unreasonable Delay That is Prejudicial to Creditors [NLE-1], 15 Motion/Application to Dismiss Case/Proceeding [NLE-1], 16 Notice of Hearing, 17 Declaration (jlas) (Entered: 06/16/2009) |
| 07/02/2009 | 19 | Non-Opposition Filed by Interested Party U.S. Department of Justice Re: 15 Motion/Application to Dismiss Case for Unreasonable Delay That is Prejudicial to Creditors [NLE-1], 15 Motion/Application to Dismiss Case/Proceeding [NLE-1] (jlas) INCORRECT DCN ON PLEADING (Entered: 07/02/2009) |
| 07/24/2009 | | Conversion Fee Paid ($25.00, Receipt Number: 2-9-025405) (auto) (Entered: 07/24/2009) |
| 07/24/2009 | 20 | Motion/Application to Convert Case From Chapter 13 to Chapter 7 Filed by Debtor Gerald William Filice (Fee Paid $25) (jlas) (Entered: 07/27/2009) |
| 07/30/2009 | 21 | Civil Minute Order Denying 15 Motion/Application To Dismiss Case for Unreasonable Delay That is Prejudicial to Creditors [NLE-1] (jlas) (Entered: 07/31/2009) |
| 07/30/2009 | 21 | Civil Minute Order Denying 15 Motion/Application to Dismiss Case/Proceeding [NLE-1] (jlas) (Entered: 07/31/2009) |
| 07/30/2009 | 21 | Civil Minute Order Converting Case to Chapter 7. [NLE-1] Trustee Lawrence J. Loheit removed from the case. Trustee Thomas E. May added to the case. Meeting of Creditors to be held on 09/09/2009 at 11:00 AM at Meeting Room 7-A. Last day to oppose discharge: 11/09/2009. (jlas) (Entered: 07/31/2009) |

| 07/30/2009 | 22 | Notice of Appointment of Interim Trustee (jlas) (Entered: 07/31/2009) |
| 07/31/2009 | 23 | Notice of Incomplete Filing (jlas) (Entered: 07/31/2009) |
| 07/31/2009 | 24 | Notice of Requirement to Complete Course in Financial Management as Transmitted to BNC for Service (jlas) (Entered: 07/31/2009) |
| 07/31/2009 | 25 | Notice of Conversion as Transmitted to BNC for Service (jlas) (Entered: 07/31/2009) |
| 07/31/2009 | 26 | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/02/2009) |
| 07/31/2009 | 27 | Certificate of Mailing of Notice of Conversion as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/02/2009) |
| 08/19/2009 | 28 | Order to Show Cause - Failure to File Documents as Transmitted to BNC for Service Re: Chapter 7 Means Test; Hearing to be held on 9/16/2009 at 10:00 AM at Sacramento Courtroom 34, Department D. (nsas) (Entered: 08/19/2009) |
| 08/19/2009 | 29 | Certificate of Mailing of Order to Show Cause - Failure to File Documents as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/21/2009) |
| 09/09/2009 | 30 | Trustee's Final Report and Account as transmitted to BNC for service. (Hughes, Anne) (Entered: 09/09/2009) |
| 09/09/2009 | 31 | Certificate of Mailing of Trustee's Final Report and Account as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/11/2009) |
| 09/16/2009 | 32 | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A Re: 21 Civil Minute Order Prepared and Submitted for Judge's Signature. (nsas) (Entered: 09/16/2009) |
| 09/16/2009 | | Report of Trustee at 341 Meeting. 341 Meeting was held on 09/09/09. Debtor Appeared; Debtor(s) is/are Pro Se. Continued Meeting of Creditors to be held on 09/25/09 at 03:00 PM at Meeting Room 7-A. (May, Thomas) (Entered: 09/16/2009) |
| 09/18/2009 | 33 | Order Discharging 28 Order to Show Cause - Failure to File Documents (pdes) (Entered: 09/21/2009) |
| 09/21/2009 | 34 | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 33 Order Discharging 28 Order to Show Cause - Failure to File Documents (pdes) (Entered: 09/21/2009) |
| 09/21/2009 | 35 | Certificate of Mailing of Notice of 34 Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/23/2009) |

| | | |
|---|---|---|
| 09/26/2009 | | Report of Trustee at 341 Meeting. 341 Meeting was held on 09/25/09. Debtor Appeared; Debtor(s) is/are Pro Se. Continued Meeting of Creditors to be held on 10/02/09 at 11:00 AM at Meeting Room 7-A. (May, Thomas) (Entered: 09/26/2009) |
| 10/02/2009 | | Chapter 7 Trustee's Report of No Distribution. The Section 341 Meeting was concluded on 10/02/09. I, Thomas E. May, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned: $ 223900.00, Assets Exempt: Not Available, Claims Scheduled: $ 18248.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 18248.00. (May, Thomas) (Entered: 10/02/2009) |
| 10/14/2009 | 36 | Order Approving Final Report and Discharging Trustee (nsas) (Entered: 10/15/2009) |
| 10/19/2009 | 37 | Notice of Filing Report of No Distribution as Transmitted to BNC for Service. Objections Due 11/18/2009. (Admin) (Entered: 10/19/2009) |
| 10/19/2009 | 38 | Certificate of Mailing of Notice of Filing Report of No Distribution as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/21/2009) |
| 11/09/2009 | 39 | Financial Management Course Certificate as to Debtor (pdes) (Entered: 11/09/2009) |
| 12/03/2009 | 40 | Discharge of Debtor as Transmitted to BNC for Service (pdes) (Entered: 12/03/2009) |
| 12/03/2009 | 41 | Certificate of Mailing of Discharge of Debtor as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/05/2009) |
| 12/09/2009 | 42 | Bankruptcy case closed. Final Decree as transmitted to BNC for Service (pdes) (Entered: 12/09/2009) |
| 12/09/2009 | 43 | Certificate of Mailing of Final Decree as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/11/2009) |
| 08/05/2010 | | Change of Address for Trustee Thomas E. May. Address changed from: P.O. Box 1776, Elk Grove, CA 95759 to: 5098 Foothills Blvd #4-384, Roseville, CA 95747. (admin) (Entered: 08/11/2010) |

| | |
|---|---|
| 08/16/2010 | Change of Address for Trustee Thomas E. May. Address changed from: 5098 Foothills Blvd #4-384, Roseville, CA 95747 to: 5098 Foothills Blvd #3-484, Roseville, CA 95747. (admin) (Entered: 09/29/2010) |

<table>
<tr><td colspan="5" align="center"><b>PACER Service Center</b></td></tr>
<tr><td colspan="5" align="center"><b>Transaction Receipt</b></td></tr>
<tr><td colspan="5" align="center">05/02/2017 09:28:51</td></tr>
<tr><td><b>PACER Login:</b></td><td>dlaporte:4181404:0</td><td><b>Client Code:</b></td><td></td></tr>
<tr><td><b>Description:</b></td><td>Docket Report</td><td><b>Search Criteria:</b></td><td>09-28543 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included</td></tr>
<tr><td><b>Billable Pages:</b></td><td>4</td><td><b>Cost:</b></td><td>0.40</td></tr>
</table>

# EXHIBIT "12"

# U.S. Bankruptcy Court
## Eastern District of California (Sacramento)
## Bankruptcy Petition #: 10-47748

|  |  |
|---|---|
|  | *Date filed:* 10/19/2010 |
| *Assigned to:* Hon. Robert S. Bardwil | *Date converted:* 02/04/2011 |
| Chapter 7 | *Date terminated:* 12/14/2011 |
| Previous chapter 11 | *Debtor discharged:* 05/24/2011 |
| Voluntary | *341 meeting:* 03/15/2011 |
| No asset | *Deadline for objecting to discharge:* 05/16/2011 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| **Debtor** | represented by **Gerald William Filice** |
| **Gerald William Filice** | PRO SE |
| 4040 Rontree Ln | |
| Somerset, CA 95684 | |
| EL DORADO-CA | |
| 916-529-4635 | |
| SSN / ITIN: xxx-xx-3883 | |
| | |
| **Trustee** | |
| **David Gravell** | |
| PO Box 10053 | |
| Truckee, CA 96162 | |
| 530-587-1452 | |
| | |
| **U.S. Trustee** | |
| **Office of the U.S. Trustee** | |
| Robert T Matsui United States Courthouse | |
| 501 I Street, Room 7-500 | |
| Sacramento, CA 95814 | |
| | |
| **U.S. Trustee** | represented by **Jason M. Blumberg** |
| **U.S. Trustee** | 501 I St #7-500 |
| Office of the U.S. Trustee | Sacramento, CA 95814 |
| 2500 Tulare St #1401 | 916-930-2076 |
| Fresno, CA 93721 | |

| Filing Date | # | Docket Text |
|---|---|---|
| 10/19/2010 | [1](#) | Chapter 11 Voluntary Petition. Missing Document(s): Statement of Financial Affairs; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; |

| | | Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22B; Document(s) due by 11/2/2010. (pdes) (Entered: 10/19/2010) |
|---|---|---|
| 10/19/2010 | 2 | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. A copy of this notice was returned to the pro se debtor(s) via hand delivery. (pdes) (Entered: 10/19/2010) |
| 10/19/2010 | 3 | Master Address List (auto) (Entered: 10/19/2010) |
| 10/19/2010 | 4 | Statement of Social Security Number(s) (pdes) (Entered: 10/19/2010) |
| 10/19/2010 | 5 | Motion/Application to Pay Filing Fee in Installments (auto) (Entered: 10/19/2010) |
| 10/19/2010 | 6 | Order granting 5 Motion/Application to Pay Filing Fees in Installments. Next Installment Payment due by 11/18/2010. Second Installment Payment due by 12/20/2010. Third Installment Payment due by 1/18/2011. Final Installment Payment due by 2/16/2011. (pdes) (Entered: 10/19/2010) |
| 10/19/2010 | 11 | Order Transferring Case from Judge Klein, Dept. C to Judge Bardwil, Dept. D. (jlns) (Entered: 10/21/2010) |
| 10/20/2010 | 7 | Request by U.S. Trustee to Send 341 Notice; Meeting of Creditors to be held on 11/19/2010 at 02:00 PM at Office of the UST (7-500). Last day to oppose discharge: 1/18/2011. Proofs of Claim due by 2/17/2011. (jlns) (Entered: 10/20/2010) |
| 10/21/2010 | 8 | Notice of Meeting of Creditors as Transmitted to BNC (jlns) (Entered: 10/21/2010) |
| 10/21/2010 | 9 | Notice of Requirement to Complete Course in Financial Management as Transmitted to BNC for Service (jlns) (Entered: 10/21/2010) |
| 10/21/2010 | 10 | Copy of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (jlns) (Entered: 10/21/2010) |
| 10/21/2010 | 12 | Notice of Transfer/Reassignment of case as Transmitted to BNC for Service (jlns) (Entered: 10/21/2010) |
| 10/21/2010 | 13 | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/23/2010) |
| 10/21/2010 | 14 | Certificate of Mailing of Notice of Transfer/Reassignment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/23/2010) |
| 10/21/2010 | 15 | Certificate of Mailing of Notice of Meeting of Creditors as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/23/2010) |

| 10/21/2010 | [16] | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/23/2010) |
| 11/02/2010 | [17] | Statistical Summary Schedules A - J and Summary of Schedules (Form B6) Statement of Financial Affairs (Filing Fee Not Paid or Not Required) (jlns) (Entered: 11/02/2010) |
| 11/02/2010 | [18] | Chapter 11 Statement of Current Monthly Income - Form 22B Re: [1] Voluntary Petition (jlns) (Entered: 11/02/2010) |
| 11/18/2010 | | Installment Fee Paid; Next Installment Payment Due on 12/20/10 (Fee Paid: $260.00, Receipt Number: 2-10-56376) (auto) (Entered: 11/18/2010) |
| 11/19/2010 | [19] | Trustee's Report of 341 Meeting Concluded. (mgrs) (Entered: 11/22/2010) |
| 12/20/2010 | | Installment Fee Paid; Next Installment Payment Due on 1/18/11 (Fee Paid: $260.00, Receipt Number: 2-10-59906) (auto) (Entered: 12/20/2010) |
| 12/30/2010 | [20] | Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1] Filed by U.S. Trustee August B. Landis (smis) (Entered: 01/03/2011) |
| 12/30/2010 | [20] | Motion/Application to Dismiss Case/Proceeding [UST-1] Filed by U.S. Trustee August B. Landis (smis) (Entered: 01/03/2011) |
| 12/30/2010 | [21] | Notice of Hearing Re: [20] Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], [20] Motion/Application to Dismiss Case/Proceeding [UST-1] to be held on 2/2/2011 at 10:00 AM at Sacramento Courtroom 34, Department D. (smis) (Entered: 01/03/2011) |
| 12/30/2010 | [22] | Declaration of Jason Blumberg Re: [20] Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], [20] Motion/Application to Dismiss Case/Proceeding [UST-1] (smis) (Entered: 01/03/2011) |
| 12/30/2010 | [23] | Certificate/Proof of Service of [20] Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], [20] Motion/Application to Dismiss Case/Proceeding [UST-1], [21] Notice of Hearing, [22] Declaration (smis) (Entered: 01/03/2011) |
| 01/18/2011 | | Installment Fee Paid; Next Installment Payment Due on 2/16/11 (Fee Paid: $260.00, Receipt Number: 2-11-01775) (auto) (Entered: 01/18/2011) |
| 01/19/2011 | [24] | Amended Schedule B (Filing Fee Not Paid or Not Required) (jlns) (Entered: 01/19/2011) |
| 01/19/2011 | [25] | Debtor-In-Possession Monthly Operating Report for Filing Period December 2010 (jlns) (Entered: 01/19/2011) |
| 01/19/2011 | [26] | Debtor-In-Possession Monthly Operating Report for Filing Period November 2010 (jlns) (Entered: 01/19/2011) |

| 01/19/2011 | 27 | Debtor-In-Possession Monthly Operating Report for Filing Period October 2010 (jlns) (Entered: 01/19/2011) |
|---|---|---|
| 01/19/2011 | 28 | Declaration of Gerald W. Filice in opposition to 20 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 20 Motion/Application to Dismiss Case/Proceeding [UST-1] (jlns) (Entered: 01/19/2011) |
| 01/25/2011 | 29 | Response/Reply Filed by U.S. Trustee August B. Landis Re: 20 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 20 Motion/Application to Dismiss Case/Proceeding [UST-1] (smis) (Entered: 01/25/2011) |
| 01/25/2011 | 30 | Certificate/Proof of Service of 29 Response/Reply [UST-1] (smis) (Entered: 01/25/2011) |
| 02/02/2011 | 31 | Civil Minutes -- Hearing Held/Concluded Re: 20 Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1], 20 Motion/Application to Dismiss Case/Proceeding [UST-1] GRANTED and converted to a chapter 7. (nwis) (Entered: 02/03/2011) |
| 02/04/2011 | | ENTERED ON DOCKET IN ERROR Order Granting 20 Motion/Application To Convert Case [UST-1] from Chapter 11 to Chapter 7. Trustee David Gravell Appointed. Meeting of Creditors to be held on 03/15/2011 at 01:00 PM at Meeting Room 7-A. Last day to oppose discharge: 05/16/2011. (jlns) Modified on 2/23/2011 (jlns). (Entered: 02/04/2011) |
| 02/04/2011 | | Motion/Application to Dismiss Case/Proceeding, Document Number 20, Terminated. See 32 Order on Motion/Application to Convert Case [UST-1] (jlns) (Entered: 02/04/2011) |
| 02/04/2011 | 33 | Notice of Appointment of Interim Trustee David Gravell (jlns) (Entered: 02/04/2011) |
| 02/04/2011 | 34 | Notice to File Documents in Converted Case. Update Deadline; Follow Up 2/22/2011. (jlns) (Entered: 02/04/2011) |
| 02/04/2011 | 35 | Notice of Conversion as Transmitted to BNC for Service (jlns) (Entered: 02/04/2011) |
| 02/04/2011 | 36 | Certificate of Mailing of Notice of Conversion as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/06/2011) |
| 02/04/2011 | 32 | Civil Minute Order Granting 20 Motion/Application To Convert Case [UST-1] Trustee David Gravell Appointed. Meeting of Creditors to be held on 03/15/2011 at 01:00 PM at Meeting Room 7-A. Last day to oppose discharge: 05/16/2011. (jlns) (Entered: 02/23/2011) |
| 02/22/2011 | 37 | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A Re: 32 Civil Minute Order 34 Notice to File |

Documents in Converted Case (jlns) (Entered: 02/23/2011)

| Date | No. | Description |
|---|---|---|
| 03/02/2011 | [38](#) | Order to Show Cause - Failure to Pay Fees as Transmitted to BNC for Service. Hearing to be held on 3/30/2011 at 10:00 AM at Sacramento Courtroom 34, Department D. (jlns) (Entered: 03/02/2011) |
| 03/02/2011 | [39](#) | Certificate of Mailing of Order to Show Cause - Failure to Pay Fees as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/04/2011) |
| 03/16/2011 | [40](#) | Motion for Relief from Automatic Stay [CNR-1] Filed by Creditor CitiMortgage, Inc. (Fee Paid $150) (jlns) (Entered: 03/16/2011) |
| 03/16/2011 | [41](#) | Notice of Hearing Re: [40](#) Motion for Relief from Automatic Stay [CNR-1] to be held on 4/13/2011 at 10:00 AM at Sacramento Courtroom 34, Department D. (jlns) (Entered: 03/16/2011) |
| 03/16/2011 | [42](#) | Declaration of Latrice Hill in support of [40](#) Motion for Relief from Automatic Stay [CNR-1] (jlns) (Entered: 03/16/2011) |
| 03/16/2011 | [43](#) | Movant's Information Sheet (Section 362) Re: [40](#) Motion for Relief from Automatic Stay [CNR-1] (jlns) (Entered: 03/16/2011) |
| 03/16/2011 | [44](#) | Exhibit(s) in support of [40](#) Motion for Relief from Automatic Stay [CNR-1] (jlns) (Entered: 03/16/2011) |
| 03/16/2011 | [45](#) | Certificate/Proof of Service of [40](#) Motion for Relief from Automatic Stay [CNR-1], [41](#) Notice of Hearing, [42](#) Declaration, [43](#) Movant's Information Sheet (Section 362), [44](#) Exhibit(s) (jlns) (Entered: 03/16/2011) |
| 03/16/2011 | | Motion Fee Paid ($150.00, Receipt Number: 2-11-09243) (auto) (Entered: 03/16/2011) |
| 03/18/2011 | | Chapter 7 Trustee's Report of No Distribution. The Section 341 Meeting was concluded on 03/15/11. I, David Gravell, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 398750.00, Assets Exempt: Not Available, Claims Scheduled: $ 401400.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 401400.00. (Gravell, David) (Entered: 03/18/2011) |

| | | |
|---|---|---|
| 03/19/2011 | 46 | Notice of Filing Report of No Distribution as Transmitted to BNC for Service. Objections Due 04/18/2011. (Admin) (Entered: 03/19/2011) |
| 03/21/2011 | 47 | Certificate of Mailing of Notice of Filing Report of No Distribution as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/23/2011) |
| 03/30/2011 | 48 | Opposition/Objection Filed by Debtor Gerald William Filice Re: 40 Motion for Relief from Automatic Stay [CNR-1] (jlns) (Entered: 03/30/2011) |
| 03/30/2011 | 49 | Declaration of Ed Keller Re: Broker Opinion of Value (jlns) (Entered: 03/30/2011) |
| 03/30/2011 | 50 | Civil Minutes -- Hearing Re: 38 Order to Show Cause - Failure to Pay Fees continued; Hearing to be held on 4/13/2011 at 10:00 AM at Sacramento Courtroom 34, Department D. (nwis) (Entered: 04/04/2011) |
| 04/08/2011 | 51 | Response/Reply [CNR-1] Filed by Creditor CitiMortgage, Inc. Re: 48 Opposition/Objection (jlns) (Entered: 04/08/2011) |
| 04/08/2011 | 52 | Certificate/Proof of Service of 51 Response/Reply [CNR-1] (jlns) (Entered: 04/08/2011) |
| 04/11/2011 | | Receipt of Final Installment Payment (Fee Paid: $259.00, Receipt Number: 2-11-12459) (auto) (Entered: 04/11/2011) |
| 04/12/2011 | 53 | Declaration of John Garrow in support of 40 Motion for Relief from Automatic Stay [CNR-1] [CNR-1] (smis) (Entered: 04/13/2011) |
| 04/12/2011 | 54 | Certificate/Proof of Service of 53 Declaration [CNR-1] (smis) (Entered: 04/13/2011) |
| 04/13/2011 | 55 | Civil Minutes -- Opposed Hearing Held Re: 40 Motion for Relief from Automatic Stay [CNR-1] DENIED (shes) (Entered: 04/13/2011) |
| 04/15/2011 | | Adversary case 11-02245. (21 (Validity, priority or extent of lien or other interest in property)),(71 (Injunctive relief - reinstatement of stay)),(91 (Declaratory judgment)) : Complaint by Gerald William Filice against Citifinancial Mortgage, Inc.. Fee $250 is Exempt (wlos) (Entered: 04/15/2011) |
| 04/15/2011 | 56 | Civil Minute Order Denying 40 Motion/Application for Relief from Stay [CNR-1] (jdas) (Entered: 04/15/2011) |
| 04/15/2011 | 57 | Civil Minute Order Discharging 38 Order to Show Cause - Failure to Pay Fees (jdas) (Entered: 04/15/2011) |
| 04/15/2011 | 59 | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 57 Civil Minute Order Discharging 38 Order to Show Cause - Failure to Pay Fees (jdas) (Entered: 04/15/2011) |

| | | |
|---|---|---|
| 04/15/2011 | [60](#) | Certificate of Mailing of Notice of [59](#) Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/17/2011) |
| 04/30/2011 | [61](#) | Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 04/30/2011) |
| 05/02/2011 | [62](#) | Certificate of Mailing of Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 05/04/2011) |
| 05/13/2011 | [63](#) | Financial Management Course Certificate as to Debtor (jlns) (Entered: 05/13/2011) |
| 05/24/2011 | [64](#) | Discharge of Debtor as Transmitted to BNC for Service (cmcs) (Entered: 05/24/2011) |
| 05/24/2011 | [65](#) | Certificate of Mailing of Discharge of Debtor as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 05/26/2011) |
| 12/05/2011 | | Adversary Proceeding 2:11-ap-2245 Closed (abas) (Entered: 12/05/2011) |
| 12/14/2011 | [66](#) | Bankruptcy case closed. Final Decree as transmitted to BNC for Service. (abas) (Entered: 12/14/2011) |
| 12/14/2011 | [67](#) | Certificate of Mailing of Final Decree as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/16/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/02/2017 09:55:17 | | |
| **PACER Login:** | dlaporte:4181404:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 10-47748 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# EXHIBIT "13"

# U.S. Bankruptcy Court
## Eastern District of California (Sacramento)
### Bankruptcy Petition #: 12-25966

|  |  |
|---|---|
|  | *Date filed:* 03/27/2012 |
| *Assigned to:* Hon. Michael S. McManus | *Date converted:* 06/11/2012 |
| Chapter 7 | *Date terminated:* 03/13/2015 |
| Previous chapter 13 | *Debtor discharged:* 11/20/2012 |
| Voluntary | *341 meeting:* 09/14/2012 |
| No asset | *Deadline for filing claims:* 12/20/2012 |
|  | *Deadline for objecting to discharge:* 09/18/2012 |
|  | *Deadline for financial mgmt. course:* 09/04/2012 |

*Debtor disposition:* Standard Discharge

| **Debtor** | represented by **Gerald W. Filice** |
|---|---|
| **Ursula Filice** | 1337 Howe Avenue, Ste. 250 |
| 4040 Rontree Ln | Sacramento, CA 95825 |
| Somerset, CA 95684 | 916-529-4635 |
| EL DORADO-CA |  |
| SSN / ITIN: xxx-xx-5210 |  |

**Trustee**
**Jan P. Johnson**
PO Box 1708
Sacramento, CA 95812
916-239-6666
*TERMINATED: 06/11/2012*

| **Trustee** | represented by **John R. Roberts** |
|---|---|
| **John R. Roberts** | 2744 Coloma Street |
| PO Box 1506 | Placerville, CA 95667 |
| Placerville, CA 95667 | 530-626-6441 |
| 530-626-6476 |  |

**U.S. Trustee**
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 03/27/2012 | 1 | Chapter 13 Voluntary Petition Missing Document(s): Statement of Financial Affairs; Attorney Disclosure Statement; Summary of schedules; Statistical Summary; Chapter 13 Plan;Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; |

| | | |
|---|---|---|
| | | Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Means Test - Form 22C; Document(s) due by 4/10/2012. (jlns) (Entered: 03/27/2012) |
| 03/27/2012 | 2 | Designation of Trustee (auto) (Entered: 03/27/2012) |
| 03/27/2012 | 3 | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. A copy of this notice was returned to the attorney for the debtor(s) via hand delivery. (jlns) (Entered: 03/27/2012) |
| 03/27/2012 | 4 | Master Address List (auto) (Entered: 03/27/2012) |
| 03/27/2012 | 5 | Statement of Social Security Number(s) (jlns) (Entered: 03/27/2012) |
| 03/27/2012 | 6 | Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices (jlns) (Entered: 03/27/2012) |
| 03/27/2012 | | Chapter 13 Voluntary Petition (Filing Fee Paid: $281.00, Receipt Number: 2-12-08501) (auto) (Entered: 03/27/2012) |
| 03/29/2012 | 7 | Copy of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (mgas) (Entered: 03/29/2012) |
| 03/29/2012 | 8 | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/31/2012) |
| 04/10/2012 | 9 | Statistical Summary Schedules A - J and Summary of Schedules (Form B6) Statement of Financial Affairs (Filing Fee Not Paid or Not Required) (shbs) (Entered: 04/10/2012) |
| 04/10/2012 | 10 | Disclosure of Attorney Compensation (shbs) (Entered: 04/10/2012) |
| 04/10/2012 | 11 | Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income - Form 22C Re: 1 Voluntary Petition (shbs) (Entered: 04/10/2012) |
| 04/10/2012 | 12 | Chapter 13 Plan (shbs) (Entered: 04/10/2012) |
| 04/12/2012 | 13 | Copy of Chapter 13 Plan as transmitted to BNC for service. (Ganem, Angela) (Entered: 04/12/2012) |
| 04/12/2012 | 14 | Notice of Commencement of Case Under Chapter 13, Meeting of Creditors and Deadlines as transmitted to BNC for service. Meeting of Creditors to be held on 5/10/2012 at 10:30 AM at Meeting Room 7-B. Proofs of Claim due by 8/8/2012. (Ganem, Angela) (Entered: 04/12/2012) |

| 04/12/2012 | 16 | Certificate of Mailing of Chapter 13 Meeting Notice as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/14/2012) |
|---|---|---|
| 04/12/2012 | 17 | Certificate of Mailing of Copy of Chapter 13 Plan as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/14/2012) |
| 04/13/2012 | 15 | Notice of Requirement to Complete Course in Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 04/13/2012) |
| 04/13/2012 | 18 | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 04/15/2012) |
| 05/10/2012 | | Report of Trustee at 341 Meeting. The 341 Meeting was held on 05/10/12. Debtor Appeared; Counsel Appeared; 341 Meeting Concluded as to Debtor. (Wilson, Lisa) (Entered: 05/10/2012) |
| 05/14/2012 | 19 | Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1] Filed by Trustee Jan P. Johnson (shbs) (Entered: 05/15/2012) |
| 05/14/2012 | 19 | Motion/Application to Dismiss Case/Proceeding [JPJ-1] Filed by Trustee Jan P. Johnson (shbs) (Entered: 05/15/2012) |
| 05/14/2012 | 20 | Notice of Hearing Re: 19 Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1], 19 Motion/Application to Dismiss Case/Proceeding [JPJ-1] to be held on 6/4/2012 at 01:30 PM at Sacramento Courtroom 28, Department A. (shbs) (Entered: 05/15/2012) |
| 05/14/2012 | 21 | Certificate/Proof of Service of 19 Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1], 19 Motion/Application to Dismiss Case/Proceeding [JPJ-1], 20 Notice of Hearing (shbs) (Entered: 05/15/2012) |
| 06/04/2012 | 22 | Civil Minutes -- Opposed Hearing Held Re: 19 Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1], 19 Motion/Application to Dismiss Case/Proceeding [JPJ-1] SUSTAINED; CONDITIONALLY DENIED (jbus) (Entered: 06/07/2012) |
| 06/11/2012 | | Filing Fee Due RE: Conversion (jtis) (auto) (Entered: 06/11/2012) |
| 06/11/2012 | 23 | Notice of Payment Due in the amount of $25.00 Re: Notice of Conversion. A copy of this notice was returned to the debtor(s) by mail. (jtis) (Entered: 06/11/2012) |
| 06/11/2012 | 24 | Notice of Voluntary Conversion to Chapter 7. Trustee Jan P. Johnson removed from the case. Trustee John R. Roberts Appointed. Meeting of Creditors to be held on 07/20/2012 at 10:00 AM at Meeting Room 7-B. Last day to oppose discharge: 09/18/2012. (Fee Paid $0.00) (shbs) (Entered: 06/12/2012) |

| 06/12/2012 | 25 | Notice of Appointment of Interim Trustee (shbs) (Entered: 06/12/2012) |
| 06/12/2012 | 26 | Notice to File Documents in Converted Case. (shbs) (Entered: 06/12/2012) |
| 06/12/2012 | 27 | Notice of Requirement to Complete Course in Financial Management as Transmitted to BNC for Service. (shbs) (Entered: 06/12/2012) |
| 06/12/2012 | 28 | Notice of Conversion as Transmitted to BNC for Service (shbs) (Entered: 06/12/2012) |
| 06/12/2012 | 29 | Order Sustaining 19 Objection to Confirmation of Plan [JPJ-1] (shbs) (Entered: 06/12/2012) |
| 06/12/2012 | 29 | Conditional Order Denying 19 Motion/Application to Dismiss Case/Proceeding [JPJ-1] (shbs) (Entered: 06/12/2012) |
| 06/12/2012 | 30 | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/14/2012) |
| 06/12/2012 | 31 | Certificate of Mailing of Notice of Conversion as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/14/2012) |
| 06/19/2012 | 32 | Order to Show Cause - Failure to Pay Fees as Transmitted to BNC for Service. Hearing to be held on 7/17/2012 at 10:00 AM at Sacramento Courtroom 28, Department A. (shbs) (Entered: 06/19/2012) |
| 06/19/2012 | 33 | Certificate of Mailing of Order to Show Cause - Failure to Pay Fees as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/21/2012) |
| 06/22/2012 | | Account Receivable Fee Paid ($25.00, Receipt Number: 2-12-16810) (auto) (Entered: 06/22/2012) |
| 06/27/2012 | 34 | Trustee's Final Report and Account as transmitted to BNC for service. (Smith, Dwayne) (Entered: 06/27/2012) |
| 06/27/2012 | 35 | Certificate of Mailing of Trustee's Final Report and Account as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/29/2012) |
| 07/17/2012 | 36 | Civil Minutes -- Hearing/Motion Resolved without Oral Argument Re: 32 Order to Show Cause - Failure to Pay Fees DISCHARGED (jbus) (Entered: 07/19/2012) |
| 07/20/2012 | 37 | Civil Minute Order Discharging 32 Order to Show Cause - Failure to Pay Fees (shbs) (Entered: 07/20/2012) |
| 07/20/2012 | 38 | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 37 Civil Minute Order Discharging 32 Order to Show Cause - |

| | | Failure to Pay Fees (shbs) (Entered: 07/20/2012) |
|---|---|---|
| 07/20/2012 | [39](#) | Certificate of Mailing of Notice of [38](#) Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/22/2012) |
| 07/24/2012 | | Report of Trustee at 341 Meeting. 341 Meeting was adjourned on 07/20/2012. Debtor Did Not Appear; Counsel Did Not Appear; Continued Meeting of Creditors to be held on 8/3/2012 at 10:00 AM at Meeting Room 7-B. (Roberts, John) (Entered: 07/24/2012) |
| 08/01/2012 | [40](#) | Order Approving Final Report and Discharging Trustee (shbs) (Entered: 08/01/2012) |
| 08/07/2012 | | Report of Trustee at 341 Meeting. 341 Meeting was adjourned on 08/03/2012. Debtor Appeared; Counsel Appeared; Continued Meeting of Creditors to be held on 8/24/2012 at 10:00 AM at Meeting Room 7-B. (Roberts, John) (Entered: 08/07/2012) |
| 08/08/2012 | [41](#) | Request for Special Notice Filed by Creditor CitiMortgage, Inc. (shbs) (Entered: 08/08/2012) |
| 08/08/2012 | [42](#) (2 pgs) | Certificate/Proof of Service of [41](#) Request for Special Notice (shbs) (Entered: 08/08/2012) |
| 08/24/2012 | [43](#) | Amended Summary of Schedules Schedule B Schedule F (Filing Fee Not Paid or Not Required) (shbs) (Entered: 08/24/2012) |
| 08/24/2012 | [44](#) | Amended Statement of Financial Affairs (Filing Fee Not Paid or Not Required) (shbs) (Entered: 08/24/2012) |
| 08/27/2012 | [45](#) | Stipulation to Extend Time to File an Objection to Dischargeability of a Debt. (shbs) (Entered: 08/27/2012) |
| 08/27/2012 | | Report of Trustee at 341 Meeting. 341 Meeting was adjourned on 08/24/2012. Debtor Appeared; Counsel Appeared; Continued Meeting of Creditors to be held on 9/14/2012 at 07:45 AM at Meeting Room 7-B. (Roberts, John) (Entered: 08/27/2012) |
| 08/27/2012 | [46](#) | Order Approving [45](#) Stipulation to Extend Deadline. The last day for filing a Complaint to Object to Discharge (727) is 11/19/12 as to John R. Roberts ONLY (shbs) (Entered: 08/28/2012) |
| 08/29/2012 | | Filing Fee Due RE: AMENDMENT (shbs) (auto) (Entered: 08/29/2012) |
| 09/04/2012 | | Filing Fee Due RE: 50COPYCERTIFY (shbs) (auto) (Entered: 09/04/2012) |
| 09/05/2012 | [47](#) (2 pgs) | Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as Transmitted to BNC for Service. (Admin.) (Entered: 09/05/2012) |

| | | |
|---|---|---|
| 09/05/2012 | 48<br>(4 pgs) | Certificate of Mailing of Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/07/2012) |
| 09/06/2012 | | Account Receivable Fee Paid ($12.00, Receipt Number: 2-12-23212) (auto) (Entered: 09/06/2012) |
| 09/11/2012 | 49 | Motion/Application to Employ John R. Roberts as Attorney(s) Filed by Trustee John R. Roberts (shbs) (Entered: 09/11/2012) |
| 09/11/2012 | 50 | Declaration of John R. Roberts in support of 49 Motion/Application to Employ John R. Roberts as Attorney(s) (shbs) (Entered: 09/11/2012) |
| 09/11/2012 | 51 | Certificate/Proof of Service of Proposed Order, 49 Motion/Application to Employ John R. Roberts as Attorney(s), 50 Declaration (shbs) (Entered: 09/11/2012) |
| 09/12/2012 | 52 | Order Granting 49 Motion/Application to Employ John R. Roberts (shbs) (Entered: 09/12/2012) |
| 09/17/2012 | 53<br>(1 pg) | Order to Show Cause - Failure to Pay Fees as Transmitted to BNC for Service. Hearing to be held on 10/22/2012 at 10:00 AM at Sacramento Courtroom 28, Department A. (shbs) (Entered: 09/17/2012) |
| 09/17/2012 | 56<br>(3 pgs) | Certificate of Mailing of Order to Show Cause - Failure to Pay Fees as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/19/2012) |
| 09/18/2012 | | Trustee's Notice of Assets and 341 Meeting Concluded. The 341 Meeting was held on 09/14/2012. (Roberts, John) (Entered: 09/18/2012) |
| 09/19/2012 | 54<br>(1 pg) | Notice to Creditors to File Proof of Claim as Transmitted to BNC for Service Proofs of Claim due by 12/20/2012. (shbs) (Entered: 09/19/2012) |
| 09/19/2012 | 55 | Financial Management Course Certificate(s) as to Debtor (shbs) (Entered: 09/19/2012) |
| 09/19/2012 | 57<br>(3 pgs) | Certificate of Mailing of Notice to File Claims as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/21/2012) |
| 10/04/2012 | 58 | Objection to Debtor's Claim of Exemptions [JRR-1] Filed by Trustee John R. Roberts (shbs) (Entered: 10/04/2012) |
| 10/04/2012 | 59 | Notice of Hearing Re: 58 Objection to Debtor's Claim of Exemptions [JRR-1] to be held on 11/5/2012 at 10:00 AM at Sacramento Courtroom 28, Department A. (shbs) (Entered: 10/04/2012) |
| 10/04/2012 | 60 | Declaration of Frances A. Rothwell in support of 58 Objection to |

Filed 06/22/17     Case 15-25564     Doc 198

| | | |
|---|---|---|
| | | Debtor's Claim of Exemptions [JRR-1] (shbs) (Entered: 10/04/2012) |
| 10/04/2012 | 61 | Memorandum of Points and Authorities in support of 58 Objection to Debtor's Claim of Exemptions [JRR-1] (shbs) (Entered: 10/04/2012) |
| 10/04/2012 | 62 | Exhibit(s) to 58 Objection to Debtor's Claim of Exemptions [JRR-1] (shbs) (Entered: 10/04/2012) |
| 10/04/2012 | 63 | Certificate/Proof of Service of 58 Objection to Debtor's Claim of Exemptions [JRR-1], 59 Notice of Hearing, 60 Declaration, 61 Memorandum of Points and Authorities, 62 Exhibit(s) (shbs) (Entered: 10/04/2012) |
| 10/10/2012 | 64 | Motion/Application to Employ Jane Waggener as Realtor(s) Filed by Trustee John R. Roberts (shbs) (Entered: 10/10/2012) |
| 10/10/2012 | 65 | Declaration of Janine Waggener Re: 64 Motion/Application to Employ Jane Waggener as Realtor(s) (shbs) (Entered: 10/10/2012) |
| 10/10/2012 | 66 | Certificate/Proof of Service of Proposed Order, 64 Motion/Application to Employ Jane Waggener as Realtor(s), 65 Declaration (shbs) (Entered: 10/10/2012) |
| 10/11/2012 | 67 | Order Granting 64 Motion/Application to Employ (shbs) (Entered: 10/11/2012) |
| 10/19/2012 | | Account Receivable Fee Paid ($30.00, Receipt Number: 2-12-26734) (auto) (Entered: 10/19/2012) |
| 10/22/2012 | 68 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 53 Order to Show Cause - Failure to Pay Fees DISCHARGED (shes) (Entered: 10/23/2012) |
| 10/23/2012 | 70 | Civil Minute Order Discharging 53 Order to Show Cause - Failure to Pay Fees (shbs) (Entered: 10/23/2012) |
| 10/23/2012 | 71 (1 pg) | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 70 Civil Minute Order Discharging 53 Order to Show Cause - Failure to Pay Fees (shbs) (Entered: 10/23/2012) |
| 10/23/2012 | 72 (3 pgs) | Certificate of Mailing of Notice of 71 Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/25/2012) |
| 10/26/2012 | 73 | Motion/Application to Continue/Reschedule Hearing [JRR-1] Re: 58 Objection to Debtor's Claim of Exemptions Filed by Debtor Ursula Filice (shbs) (Entered: 10/26/2012) |
| 10/26/2012 | 73 | Motion/Application To Stay [JRR-1] 67 Order on Motion/Application to Employ Filed by Debtor Ursula Filice (shbs) (Entered: 10/26/2012) |
| 10/26/2012 | 74 | Declaration of Gerald W. Filice Re: 73 Motion/Application to |

Filed 06/22/17
Doc 198

| | | Continue/Reschedule Hearing [JRR-1], 73 Motion/Application To Stay Order [JRR-1] (shbs) (Entered: 10/26/2012) |
|---|---|---|
| 10/26/2012 | 75 | Exhibit(s) Re: 73 Motion/Application to Continue/Reschedule Hearing [JRR-1] Re:, 73 Motion/Application To Stay Order [JRR-1] (shbs) (Entered: 10/26/2012) |
| 10/29/2012 | 76 | Response/Reply Filed by Trustee John R. Roberts Re: 73 Motion/Application to Continue/Reschedule Hearing [JRR-1], 73 Motion/Application To Stay [JRR-1] (shbs) (Entered: 10/29/2012) |
| 10/29/2012 | 77 | Certificate/Proof of Service of 76 Response/Reply [JRR-1] (shbs) (Entered: 10/29/2012) |
| 11/05/2012 | 78 (1 pg) | Civil Minutes -- Hearing Re: 58 Objection to Debtor's Claim of Exemptions [JRR-1] continued; Hearing to be held on 12/3/2012 at 10:00 AM at Sacramento Courtroom 28, Department A. (shes) (Entered: 11/08/2012) |
| 11/08/2012 | 79 | Order Sustaining 58 Objection to Debtor's/Debtors' Claim of Exemptions [JRR-1] (shbs) (Entered: 11/08/2012) |
| 11/19/2012 | 80 | Opposition/Objection Filed by Debtor Ursula Filice Re: 58 Objection to Debtor's Claim of Exemptions [JRR-1] (shbs) (Entered: 11/19/2012) |
| 11/19/2012 | 81 | Declaration of Gerald W. Filice Re: 80 Opposition/Objection (shbs) (Entered: 11/19/2012) |
| 11/19/2012 | 82 | Notice of Continuance Re: 58 Objection to Debtor's Claim of Exemptions (shbs) (Entered: 11/19/2012) |
| 11/20/2012 | 83 (2 pgs) | Discharge of Debtor as Transmitted to BNC for Service (rlos) (Entered: 11/20/2012) |
| 11/20/2012 | 84 (4 pgs) | Certificate of Mailing of Discharge of Debtor as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/22/2012) |
| 11/26/2012 | 85 | Response/Reply [JRR-1] Filed by Trustee John R. Roberts Re: 80 Opposition/Objection (shbs) (Entered: 11/26/2012) |
| 11/26/2012 | 86 | Memorandum of Points and Authorities in support of 85 Response/Reply [JRR-1] (shbs) (Entered: 11/26/2012) |
| 11/26/2012 | 87 | Exhibit(s) to 85 Response/Reply [JRR-1] (shbs) (Entered: 11/26/2012) |
| 11/26/2012 | 88 | Certificate/Proof of Service of 85 Response/Reply, 86 Memorandum of Points and Authorities, 87 Exhibit(s) [JRR-1] (shbs) (Entered: 11/26/2012) |
| 12/03/2012 | 89 | Civil Minutes -- Opposed Hearing Held Re: 58 Objection to Debtor's |

| | (2 pgs) | Claim of Exemptions [JRR-1] SUSTAINED (shes) (Entered: 12/04/2012) |
|---|---|---|
| 12/04/2012 | | COPIES_PUBTERM Fee Paid ($0.30, Receipt Number: 9-12-05415) (auto) (Entered: 12/04/2012) |
| 12/05/2012 | 90 | Order Sustaining 58 Objection to Debtor's/Debtors' Claim of Exemptions [JRR-1] (shbs) (Entered: 12/05/2012) |
| 01/07/2013 | 91 | Amended Schedule C (Filing Fee Not Paid or Not Required) (shbs) (Entered: 01/07/2013) |
| 01/17/2013 | 92 | Objection to Debtor's Claim of Exemptions [JRR-2] Filed by Trustee John R. Roberts (shbs) (Entered: 01/17/2013) |
| 01/17/2013 | 93 | Notice of Hearing Re: 92 Objection to Debtor's Claim of Exemptions [JRR-2] to be held on 2/25/2013 at 10:00 AM at Sacramento Courtroom 28, Department A. (shbs) (Entered: 01/17/2013) |
| 01/17/2013 | 94 | Exhibit(s) to 92 Objection to Debtor's Claim of Exemptions [JRR-2] (shbs) (Entered: 01/17/2013) |
| 01/17/2013 | 95 | Memorandum of Points and Authorities in support of 92 Objection to Debtor's Claim of Exemptions [JRR-2] (shbs) (Entered: 01/17/2013) |
| 01/17/2013 | 96 | Certificate/Proof of Service of 92 Objection to Debtor's Claim of Exemptions [JRR-2], 93 Notice of Hearing, 94 Exhibit(s), 95 Memorandum of Points and Authorities (shbs) (Entered: 01/17/2013) |
| 01/17/2013 | 97 | Motion/Application to Compel [JRR-3] Filed by Trustee John R. Roberts (shbs) (Entered: 01/18/2013) |
| 01/17/2013 | 97 | Motion/Application to Provide Marketing Access [JRR-3] Filed by Trustee John R. Roberts (shbs) (Entered: 01/18/2013) |
| 01/17/2013 | 98 | Notice of Hearing Re: 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] to be held on 2/25/2013 at 10:00 AM at Sacramento Courtroom 28, Department A. (shbs) (Entered: 01/18/2013) |
| 01/17/2013 | 99 | Exhibit(s) to 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 01/18/2013) |
| 01/17/2013 | 100 | Memorandum of Points and Authorities in support of 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 01/18/2013) |
| 01/17/2013 | 101 | Certificate/Proof of Service of 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3], 98 |

| | | Notice of Hearing, 99 Exhibit(s), 100 Memorandum of Points and Authorities (shbs) (Entered: 01/18/2013) |
|---|---|---|
| 02/11/2013 | | Change of Address Submitted for Attorney Gerald Filice by e-Filing User Account Maintenance Utility. Address changed from: 6201 Enterprise Dr #B , Diamond Springs CA 95619 to: 1337 Howe Avenue, Ste. 250 , Sacramento CA 95825. (Entered: 02/11/2013) |
| 02/11/2013 | 102 | Opposition/Objection Filed by Debtor Ursula Filice Re: 92 Objection to Debtor's Claim of Exemptions [JRR-2] (shbs) (Entered: 02/12/2013) |
| 02/11/2013 | 103 | Opposition/Objection Filed by Debtor Ursula Filice Re: 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 02/12/2013) |
| 02/11/2013 | 105 | Email Filed by Debtor Ursula Filice (shbs) (Entered: 02/12/2013) |
| 02/11/2013 | 106 | Email Filed by Debtor Ursula Filice (shbs) (Entered: 02/12/2013) |
| 02/11/2013 | 107 | Email Filed by Debtor Ursula Filice (shbs) (Entered: 02/12/2013) |
| 02/11/2013 | 108 | Email Filed by Debtor Ursula Filice (shbs) (Entered: 02/12/2013) |
| 02/11/2013 | 109 | Email Filed by Debtor Ursula Filice (shbs) (Entered: 02/12/2013) |
| 02/11/2013 | 110 | Blank Document Filed by Debtor Ursula Filice (shbs) (Entered: 02/12/2013) |
| 02/12/2013 | 104 | Email Filed by Debtor Ursula Filice (shbs) (Entered: 02/12/2013) |
| 02/14/2013 | 111 | Response/Reply [JRR-3] Filed by Trustee John R. Roberts Re: 103 Opposition/Objection (shbs) (Entered: 02/14/2013) |
| 02/14/2013 | 112 | Declaration of Janine Waggener Re: 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 02/14/2013) |
| 02/14/2013 | 113 | Declaration of Colleen Wambolt in support of 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 02/14/2013) |
| 02/14/2013 | 114 | Certificate/Proof of Service of 111 Response/Reply, 112 Declaration, 113 Declaration [JRR-3] (shbs) (Entered: 02/14/2013) |
| 02/21/2013 | 115 | Declaration of Shawn Murrell in support of 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 02/21/2013) |
| 02/22/2013 | 116 | Opposition/Objection Filed by Debtor Ursula Filice Re: 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to |

| | | |
|---|---|---|
| | | Provide Marketing Access [JRR-3] (shbs) (Entered: 02/22/2013) |
| 02/22/2013 | [116](#) | Response/Reply Filed by Debtor Ursula Filice Re: 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 02/22/2013) |
| 02/25/2013 | [117](#) (2 pgs) | Civil Minutes -- Hearing Held/Concluded Re: 92 Objection to Debtor's Claim of Exemptions [JRR-2] SUSTAINED (shes) (Entered: 02/26/2013) |
| 02/25/2013 | [118](#) (2 pgs) | Civil Minutes -- Hearing Held/Concluded Re: 97 Motion/Application to Compel [JRR-3], 97 Motion/Application to Provide Marketing Access [JRR-3] DENIED (shes) (Entered: 02/26/2013) |
| 02/26/2013 | | Docket Entry Reserved for Internal Use/Order Processing. (Service List Attached). (shes) (Entered: 02/26/2013) |
| 02/26/2013 | [120](#) | Civil Minute Order Denying 97 Motion/Application To Compel [JRR-3] (shbs) (Entered: 02/26/2013) |
| 02/26/2013 | [120](#) | Civil Minute Order Denying 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (Entered: 02/26/2013) |
| 02/26/2013 | [121](#) (1 pg) | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 120 Civil Minute Order Denying 97 Motion/Application To Compel [JRR-3] (shbs), 120 Civil Minute Order Denying 97 Motion/Application to Provide Marketing Access [JRR-3] (shbs) (shbs) (Entered: 02/26/2013) |
| 02/26/2013 | [125](#) (3 pgs) | Certificate of Mailing of Notice of 121 Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/28/2013) |
| 02/27/2013 | [122](#) | Request for Clerk's Notice of Entry [JRR-2] (shbs) (Entered: 02/27/2013) |
| 02/28/2013 | [123](#) | Order Sustaining 92 Objection to Debtor's/Debtors' Claim of Exemptions [JRR-2] (shbs) (Entered: 02/28/2013) |
| 02/28/2013 | [124](#) (1 pg) | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 123 Order Sustaining 92 Objection to Debtor's/Debtors' Claim of Exemptions [JRR-2] (shbs) (shbs) (Entered: 02/28/2013) |
| 02/28/2013 | [127](#) (3 pgs) | Certificate of Mailing of Notice of 124 Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/03/2013) |
| 02/28/2013 | [128](#) | Adversary Case 13-2077. (21 (Validity, priority or extent of lien or other interest in property)) : Complaint 13-02077 by John R.Roberts against State of California Franchise Tax Board. Fee Amount of $293 is Deferred (jdas) (shbs) (Entered: 03/04/2013) |

| | | |
|---|---|---|
| 02/28/2013 | [129](#) | Adversary Case 13-2076. (21 (Validity, priority or extent of lien or other interest in property)) : Complaint 13-02076 by John R. Roberts against Internal Revenue Service. Fee Amount of $293 is Deferred (jdas)(shbs) (Entered: 03/04/2013) |
| 03/01/2013 | [126](#) | Notice of Fees Due and Payable. Amount Due: $586.00 (shbs) (Entered: 03/01/2013) |
| 05/13/2013 | | Adversary Proceeding 2:13-ap-2077 Closed (mgas) (Entered: 05/13/2013) |
| 05/28/2013 | | Adversary Proceeding 2:13-ap-2076 Closed (shbs) (Entered: 05/28/2013) |
| 06/11/2013 | [130](#) | Motion/Application to Compel [JRR-4] Filed by Trustee John R. Roberts (shbs) (Entered: 06/11/2013) |
| 06/11/2013 | [130](#) | Motion/Application to Provide Marketing Access [JRR-4] Filed by Trustee John R. Roberts (shbs) (Entered: 06/11/2013) |
| 06/11/2013 | [131](#) | Notice of Hearing Re: [130](#) Motion/Application to Compel [JRR-4], [130](#) Motion/Application to Provide Marketing Access [JRR-4] to be held on 7/15/2013 at 10:00 AM at Sacramento Courtroom 28, Department A. (shbs) (Entered: 06/11/2013) |
| 06/11/2013 | [132](#) | Exhibit(s) to [130](#) Motion/Application to Compel [JRR-4], [130](#) Motion/Application to Provide Marketing Access [JRR-4] (shbs) (Entered: 06/11/2013) |
| 06/11/2013 | [133](#) | Memorandum of Points and Authorities in support of [130](#) Motion/Application to Compel [JRR-4], [130](#) Motion/Application to Provide Marketing Access [JRR-4] (shbs) (Entered: 06/11/2013) |
| 06/11/2013 | [134](#) | Certificate/Proof of Service of [130](#) Motion/Application to Compel [JRR-4], [130](#) Motion/Application to Provide Marketing Access [JRR-4], [131](#) Notice of Hearing, [132](#) Exhibit(s), [133](#) Memorandum of Points and Authorities (shbs) (Entered: 06/11/2013) |
| 07/01/2013 | [135](#) | Opposition/Objection Filed by Debtor Ursula Filice Re: [130](#) Motion/Application to Compel [JRR-4], [130](#) Motion/Application to Provide Marketing Access [JRR-4] (rlos) (Entered: 07/02/2013) |
| 07/08/2013 | [136](#)<br>(2 pgs) | Response to [135](#) Opposition/Objection Filed by Trustee John R. Roberts (Roberts, John) (Entered: 07/08/2013) |
| 07/08/2013 | [137](#)<br>(2 pgs) | Certificate of Service of [136](#) Response Filed by Trustee John R. Roberts (Roberts, John) (Entered: 07/08/2013) |
| 07/15/2013 | [138](#)<br>(1 pg) | Civil Minutes -- Hearing Re: [130](#) Motion/Application to Compel [JRR-4], [130](#) Motion/Application to Provide Marketing Access [JRR-4] |

| | | continued; Hearing to be held on 8/12/2013 at 10:00 AM at Sacramento Courtroom 28, Department A. (shes) (Entered: 07/15/2013) |
|---|---|---|
| 08/12/2013 | [140](#) (3 pgs) | Civil Minutes -- Opposed Hearing Held Re: [130](#) Motion/Application to Compel [JRR-4], [130](#) Motion/Application to Provide Marketing Access [JRR-4] GRANTED IN PART (shes) (Entered: 08/13/2013) |
| 08/13/2013 | [139](#) | Order Granting [130](#) Motion/Application To Compel [JRR-4] (rlos) (Entered: 08/13/2013) |
| 08/13/2013 | [139](#) | Order Granting [130](#) Motion/Application to Provide Marketing Access [JRR-4] (rlos) (Entered: 08/13/2013) |
| 02/03/2015 | | Chapter 7 Trustee's Report of No Distribution. The Section 341 Meeting was concluded on 09/14/12. Debtor Appeared; Counsel of Record Appeared; I, John R. Roberts, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 32 months. Assets Abandoned (without deducting any secured claims): $ 444101.00, Assets Exempt: Not Available, Claims Scheduled: $ 623450.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 623450.00. (Roberts, John) (Entered: 02/03/2015) |
| 02/04/2015 | [141](#) (1 pg) | Notice of Filing Report of No Distribution as Transmitted to BNC for Service. Objections Due 03/06/2015. (Admin) (Entered: 02/04/2015) |
| 02/04/2015 | [142](#) (2 pgs) | Certificate of Mailing of Notice of Filing Report of No Distribution as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/06/2015) |
| 03/13/2015 | [143](#) (1 pg) | Bankruptcy case closed. Final Decree as transmitted to BNC for Service. (rlos) (Entered: 03/13/2015) |
| 03/13/2015 | [144](#) (2 pgs) | Certificate of Mailing of Final Decree as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/15/2015) |

**PACER Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 05/02/2017 10:02:10 | | | |
| **PACER Login:** | dlaporte:4181404:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 12-25966 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

# EXHIBIT "14"

# U.S. Bankruptcy Court
## Eastern District of California (Sacramento)
### Bankruptcy Petition #: 15-25417

| | |
|---|---|
| | *Date filed:* 07/07/2015 |
| *Assigned to:* Hon. Christopher D. Jaime | *Date terminated:* 01/21/2016 |
| Chapter 13 | *Debtor dismissed:* 12/02/2015 |
| Voluntary | *341 meeting:* 08/20/2015 |
| Asset | |

*Debtor disposition:* Dismissed for failure to make plan payments

**Debtor**
**Gerald William Filice**
2443 Fair Oaks Blvd #125
Sacramento, CA 95825
EL DORADO-CA
916-914-3847
SSN / ITIN: xxx-xx-3883

represented by **Gerald William Filice**
PRO SE

**Trustee**
**Jan P. Johnson**
PO Box 1708
Sacramento, CA 95812
916-239-6666

**U.S. Trustee**
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

| Filing Date | # | Docket Text |
|---|---|---|
| 07/07/2015 | 1<br>(6 pgs) | Chapter 13 Voluntary Petition Missing Document(s): Statement of Financial Affairs; Summary of schedules; Statistical Summary; Chapter 13 Plan;Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Form 22C-1 - Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period; Document(s) due by 7/21/2015. (fdis) (Entered: 07/07/2015) |
| 07/07/2015 | 2 | Designation of Trustee (auto) (Entered: 07/07/2015) |

| | (1 pg) | |
|---|---|---|
| 07/07/2015 | 3<br>(3 pgs) | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. A copy of this notice was returned to the pro se debtor(s) via hand delivery. (fdis) (Entered: 07/07/2015) |
| 07/07/2015 | 4<br>(2 pgs) | Master Address List (auto) (Entered: 07/07/2015) |
| 07/07/2015 | 5 | Statement of Social Security Number(s) (fdis) (Entered: 07/07/2015) |
| 07/07/2015 | 6<br>(1 pg) | Motion/Application to Pay Filing Fee in Installments (auto) (Entered: 07/07/2015) |
| 07/07/2015 | 7<br>(1 pg) | Order granting 6 Motion/Application to Pay Filing Fees in Installments Next Installment Payment in the amount of $79 due by 8/6/2015. Second Installment Payment in the amount of $77 due by 9/8/2015. Third Installment Payment in the amount of $77 due by 10/5/2015. Final Installment Payment in the amount of $77 due by 11/4/2015. (fdis) (Entered: 07/07/2015) |
| 07/07/2015 | 8<br>(1 pg) | Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices (fdis) (Entered: 07/07/2015) |
| 07/09/2015 | 9<br>(3 pgs) | Copy of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (jflf) (Entered: 07/09/2015) |
| 07/09/2015 | 10<br>(4 pgs) | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/11/2015) |
| 07/14/2015 | 11<br>(3 pgs) | Request for Special Notice Filed by Creditor Christiana Trust (tsef) (Entered: 07/14/2015) |
| 07/21/2015 | 12<br>(5 pgs) | Chapter 13 Plan (rgaf) (Entered: 07/21/2015) |
| 07/21/2015 | 13<br>(3 pgs) | Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period for 3 Years Form 22C-1. Disposable Income Is Not Determined Re: 1 Voluntary Petition (rgaf) (Entered: 07/21/2015) |
| 07/21/2015 | 14<br>(29 pgs) | Summary of Schedules Statistical Summary Schedules A - J Statement of Financial Affairs (rgaf) (Entered: 07/21/2015) |
| 07/30/2015 | 15<br>(5 pgs) | Chapter 13 Plan as transmitted to BNC for service. (Padilla, Angelina) (Entered: 07/30/2015) |
| 07/30/2015 | 16<br>(2 pgs) | Notice of Commencement of Case Under Chapter 13, Meeting of Creditors and Deadlines as transmitted to BNC for service. Meeting of Creditors to be held on 8/20/2015 at 09:00 AM at Meeting Room 7-B. |

| | | |
|---|---|---|
| | | Proofs of Claim due by 11/18/2015. (Padilla, Angelina) (Entered: 07/30/2015) |
| 07/30/2015 | 18 (3 pgs) | Certificate of Mailing of Chapter 13 Meeting Notice as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/01/2015) |
| 07/30/2015 | 19 (6 pgs) | Certificate of Mailing of Chapter 13 Plan as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/01/2015) |
| 07/31/2015 | 17 (2 pgs) | Notice of Requirement to Complete Course in Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 07/31/2015) |
| 08/01/2015 | 20 (3 pgs) | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/02/2015) |
| 08/11/2015 | 21 (1 pg) | Order to Show Cause - Failure to Pay Fees as Transmitted to BNC for Service. Hearing to be held on 8/26/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (rgaf) (Entered: 08/11/2015) |
| 08/11/2015 | | Installment Fee Paid (Fee Paid $80.00). 7 Order on Motion/Application To Pay Filing Fees in Installments (msts) (Entered: 08/11/2015) |
| 08/11/2015 | | Receipt of Chapter 13 Installment Fee Paid ($80.00, Receipt Number: 13107 by 48) (auto) (Entered: 08/11/2015) |
| 08/11/2015 | 22 (2 pgs) | Certificate of Mailing of Order to Show Cause - Failure to Pay Fees as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/13/2015) |
| 08/20/2015 | | Report of Trustee at 341 Meeting. The 341 Meeting was held on 08/20/2015. Debtor Appeared; 341 Meeting Concluded as to Debtor. Debtor(s) is/are Pro Se. (Wilson, Lisa) (Entered: 08/20/2015) |
| 08/26/2015 | 23 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 21 Order to Show Cause - Failure to Pay Fees DISCHARGED (dhes) (Entered: 08/26/2015) |
| 08/26/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (dhes) (Entered: 08/26/2015) |
| 08/26/2015 | 25 (4 pgs) | Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1] Filed by Trustee Jan P. Johnson (rgaf) (Entered: 08/26/2015) |
| 08/26/2015 | 26 (2 pgs) | Notice of Hearing Re: 25 Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1] to be held on 9/16/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (rgaf) (Entered: 08/26/2015) |
| 08/26/2015 | 27 (4 pgs) | Exhibit(s) in support of 25 Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1] (rgaf) (Entered: 08/26/2015) |

| | | |
|---|---|---|
| 08/26/2015 | [28](#)<br>(2 pgs) | Certificate/Proof of Service of [25](#) Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1], [26](#) Notice of Hearing (rgaf) (Entered: 08/26/2015) |
| 08/26/2015 | [29](#)<br>(2 pgs) | Objection to Debtor's Claim of Exemptions [JPJ-2] Filed by Trustee Jan P. Johnson (rgaf) (Entered: 08/26/2015) |
| 08/26/2015 | [30](#)<br>(2 pgs) | Notice of Hearing Re: [29](#) Objection to Debtor's Claim of Exemptions [JPJ-2] to be held on 10/14/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (rgaf) (Entered: 08/26/2015) |
| 08/26/2015 | [31](#)<br>(2 pgs) | Certificate/Proof of Service of [29](#) Objection to Debtor's Claim of Exemptions [JPJ-2], [30](#) Notice of Hearing (rgaf) (Entered: 08/26/2015) |
| 08/27/2015 | [32](#)<br>(1 pg) | Civil Minute Order Discharging [21](#) Order to Show Cause - Failure to Pay Fees ; Service by the Deputy Clerk is not required. (rgaf) (Entered: 08/27/2015) |
| 08/27/2015 | [33](#)<br>(4 pgs) | Objection to Confirmation of Plan by United States [USA-1] Filed by Creditor United States (rgaf) (Entered: 08/27/2015) |
| 08/27/2015 | [34](#)<br>(2 pgs) | Notice of Hearing Re: [33](#) Objection to Confirmation of Plan by United States [USA-1] to be held on 9/16/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (rgaf) (Entered: 08/27/2015) |
| 08/27/2015 | [35](#)<br>(2 pgs) | Certificate/Proof of Service of [33](#) Objection to Confirmation of Plan by United States [USA-1], [34](#) Notice of Hearing (rgaf) (Entered: 08/27/2015) |
| 09/08/2015 | | Installment Fee Paid (Fee Paid $76.00). [7](#) Order on Motion/Application To Pay Filing Fees in Installments (kwis) (Entered: 09/08/2015) |
| 09/08/2015 | | Receipt of Chapter 13 Installment Fee Paid ($76.00, Receipt Number: 13730 by 21) (auto) (Entered: 09/08/2015) |
| 09/16/2015 | [36](#)<br>(2 pgs) | Civil Minutes -- Hearing Held/Concluded Re: [25](#) Objection to Confirmation of Plan by Jan P. Johnson [JPJ-1] SUSTAINED (dhes) (Entered: 09/17/2015) |
| 09/16/2015 | [38](#)<br>(1 pg) | Civil Minutes -- Hearing Held/Concluded Re: [33](#) Objection to Confirmation of Plan by United States [USA-1] SUSTAINED (dhes) (Entered: 09/17/2015) |
| 09/17/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (dhes) (Entered: 09/17/2015) |
| 09/18/2015 | [39](#)<br>(1 pg) | Civil Minute Order Sustaining [25](#) Objection to Confirmation of Plan [JPJ-1] (bons) (Entered: 09/18/2015) |

| 10/05/2015 | [40](#)<br>(2 pgs) | Notice of Intent to Close Chapter 13 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 10/05/2015) |
| 10/05/2015 | [41](#)<br>(3 pgs) | Certificate of Mailing of Notice of Intent to Close Chapter 13 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/07/2015) |
| 10/07/2015 | [42](#)<br>(5 pgs) | Opposition/Objection Filed by Debtor Gerald William Filice Re: [29](#) Objection to Debtor's Claim of Exemptions [JPJ-2] (rgaf) (Entered: 10/08/2015) |
| 10/07/2015 | [42](#)<br>(5 pgs) | Motion/Application to File Opposition Late [JPJ-2] Filed by Debtor Gerald William Filice (rgaf) (Entered: 10/08/2015) |
| 10/07/2015 | [42](#)<br>(5 pgs) | Motion/Application to Continue/Reschedule Hearing [JPJ-2] Re: [29](#) Objection to Debtor's Claim of Exemptions Filed by Debtor Gerald William Filice (rgaf) (Entered: 10/08/2015) |
| 10/08/2015 | | Final Installment Payment. (Fee Paid $154.00) [7](#) Order on Motion/Application To Pay Filing Fees in Installments (smis) (Entered: 10/08/2015) |
| 10/08/2015 | | Receipt of Chapter 13 Final Installment Fee Paid ($154.00, Receipt Number: 14411 by 29) (auto) (Entered: 10/08/2015) |
| 10/14/2015 | [43](#)<br>(1 pg) | Civil Minutes -- Hearing continued Re: [29](#) Objection to Debtor's Claim of Exemptions [JPJ-2]; Hearing to be held on 10/21/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (jtis) (Entered: 10/15/2015) |
| 10/15/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (jtis) (Entered: 10/15/2015) |
| 10/15/2015 | [45](#)<br>(1 pg) | Civil Minute Order/Order to Continue Hearing Re: [29](#) Objection to Debtor's Claim of Exemptions [JPJ-2] ; Service by the Deputy Clerk is not required. Hearing to be held on 10/21/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (jbrm) (Entered: 10/15/2015) |
| 10/21/2015 | [46](#)<br>(1 pg) | Civil Minutes -- Hearing Held/Concluded Re: [29](#) Objection to Debtor's Claim of Exemptions [JPJ-2] OVERRULED (dhes) (Entered: 10/22/2015) |
| 10/22/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (dhes) (Entered: 10/22/2015) |
| 10/23/2015 | [48](#)<br>(1 pg) | Civil Minute Order Overruling [29](#) Objection to Debtor's/Debtors' Claim of Exemptions [JPJ-2] (shbs) (Entered: 10/23/2015) |

| | 49 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE Motion/Application to Dismiss Case [JPJ3] Filed by Trustee Jan P. Johnson (jtis) Modified on 11/3/2015 (jtis). (Entered: 11/03/2015) |
|---|---|---|
| 11/02/2015 | | |
| 11/02/2015 | 50 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE Notice of Hearing Re: 49 Motion/Application to Dismiss Case [JPJ3] to be held on 11/25/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (jtis) Modified on 11/3/2015 (jtis). (Entered: 11/03/2015) |
| 11/02/2015 | 51 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE Declaration of Lisa J. Wilson in support of 49 Motion/Application to Dismiss Case [JPJ3] (jtis) Modified on 11/3/2015 (jtis). (Entered: 11/03/2015) |
| 11/02/2015 | 52 | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE Exhibit(s) in support of 49 Motion/Application to Dismiss Case [JPJ3] (jtis) Modified on 11/3/2015 (jtis). (Entered: 11/03/2015) |
| 11/02/2015 | 53 (2 pgs) | Motion/Application to Dismiss Case [JPJ-3] Filed by Trustee Jan P. Johnson (jtis) (Entered: 11/03/2015) |
| 11/02/2015 | 54 (2 pgs) | Notice of Hearing Re: 53 Motion/Application to Dismiss Case [JPJ-3] to be held on 11/25/2015 at 10:00 AM at Sacramento Courtroom 32, Department B. (jtis) (Entered: 11/03/2015) |
| 11/02/2015 | 55 (2 pgs) | Declaration of Lisa J. Wilson in support of 53 Motion/Application to Dismiss Case [JPJ-3] (jtis) (Entered: 11/03/2015) |
| 11/02/2015 | 56 (2 pgs) | Exhibit(s) in support of 53 Motion/Application to Dismiss Case [JPJ-3] (jtis) (Entered: 11/03/2015) |
| 11/02/2015 | 57 (2 pgs) | Certificate/Proof of Service of 53 Motion/Application to Dismiss Case [JPJ-3], 54 Notice of Hearing, 55 Declaration, 56 Exhibit(s) (jtis) (Entered: 11/03/2015) |
| 11/10/2015 | 58 (2 pgs) | Request for Special Notice Filed by Creditor PRP II Pals Investments Trust (isaf) (Entered: 11/10/2015) |
| 11/10/2015 | 59 (2 pgs) | Certificate/Proof of Service of 58 Request for Special Notice (isaf) (Entered: 11/10/2015) |
| 11/25/2015 | 60 (1 pg) | Civil Minutes -- Hearing Held/Concluded Re: 53 Motion/Application to Dismiss Case [JPJ-3] GRANTED (dhes) (Entered: 11/30/2015) |
| 11/30/2015 | | Docket Entry Reserved for Internal Use/Order Processing. (dhes) (Entered: 11/30/2015) |
| 12/02/2015 | 62 (1 pg) | Civil Minute Order Granting 53 Motion/Application to Dismiss Case [JPJ-3] (cjim) (Entered: 12/02/2015) |

| 12/02/2015 | 63<br>(1 pg) | Notice of Entry of Order as Transmitted to BNC for Service Re: 62 Civil Minute Order Granting 53 Motion/Application to Dismiss Case [JPJ-3] (cjim) (cjim) (Entered: 12/02/2015) |
| 12/02/2015 | 64<br>(2 pgs) | Certificate of Mailing of Notice of 63 Notice of Entry of Order of Dismissal as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/04/2015) |
| 12/07/2015 | 65<br>(3 pgs) | Trustee's Final Report and Account as transmitted to BNC for service. (Smith, Dwayne) (Entered: 12/07/2015) |
| 12/07/2015 | 67<br>(4 pgs) | Certificate of Mailing of Trustee's Final Report and Account as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/09/2015) |
| 12/08/2015 | 66<br>(1 pg) | Notice of Filing Chapter 13 Trustee's Final Report and Account and of Order Fixing Deadline for Objecting Thereto as Transmitted to BNC for Service. (Admin) (Entered: 12/08/2015) |
| 12/08/2015 | 68<br>(2 pgs) | Certificate of Mailing of Notice of Filing Chapter 13 Trustee's Final Report and Account and of Order Fixing Deadline for Objecting Thereto as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/10/2015) |
| 01/20/2016 | 69 | The time for filing an Objection to the Trustees Final Report and Account in this case having expired, certifies that no objections to this Trustees report have been filed. (Smith, Dwayne) (Entered: 01/20/2016) |
| 01/20/2016 | 70<br>(1 pg) | Order Approving Final Report and Discharging Trustee. (Admin) (Entered: 01/20/2016) |
| 01/21/2016 | 71<br>(1 pg) | Order Closing Case where Case has been Dismissed (rgaf) (Entered: 01/21/2016) |

| **PACER Service Center** | | |
| **Transaction Receipt** | | |
| 05/02/2017 10:13:45 | | |
| **PACER Login:** | dlaporte:4181404:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 15-25417 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |

| Billable Pages: | 5 | Cost: | 0.50 |
|---|---|---|---|